E-FILED
Monday, 28 October, 2024  03:56:33 PM
Clerk, U.S. District Court, ILCD
15,32,APPEAL,REFER,TRANSF

SHORT RECORD
NO. 24-2947
FILED 10/29/24

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
## CIVIL DOCKET FOR CASE #: <u>1:23−cv−01184−CRL−JEH</u>

Savory v. Cannon et al
Assigned to: Judge Colleen R. Lawless
Referred to: Magistrate Judge Jonathan E. Hawley
 Case in other court:  Illinois Northern, 1:17−cv−00204
Cause: 42:1983 Civil Rights Act

Date Filed: 05/09/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Johnnie Lee Savory**                    represented by

**Brad J. Thomson**
PEOPLES LAW OFFICE
1180 N Milwaukee Ave
Chicago, IL 60642
773−235−0070
Email: brad@peopleslawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G Flint Taylor**
PEOPLES LAW OFFICE
3rd Floor
1180 N Milwaukee Avenue
Chicago, IL 60622
773−235−0070
Fax: 773−235−6699
Email: flint.taylor10@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan I Loevy**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
312−243−5900
Fax: 312−243−5902
Email: jon@loevy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur Loevy**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
312−243−5900
Email: arthur@loevy.com

*ATTORNEY TO BE NOTICED*

**Elizabeth N Mazur**
HUGHES SOCOL PIERS RESNICK &
DYM LTD
Suite 4000
70 W Madison St
Chicago, IL 60602
312–604–2636
Email: emazur@hsplegal.com
*ATTORNEY TO BE NOTICED*

**John Ladell Stainthorp**
PEOPLES LAW OFFICE
3rd Floor
1180 N Milwaukee Avenue
Chicago, IL 60622
773–235–0070
Fax: 773–235–6699
Email: stainthorp@gmail.com
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
Loevy & Loevy
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
312–243–5900
Fax: Not a member
*ATTORNEY TO BE NOTICED*

**Lindsay M Hagy**
STOWELL AND FRIEDMAN, LTD
Suite 2600
303 W. Madison St.
Chicago, IL 60606
312–431–0888
Fax: 312–431–0228
Email: lhagy@sfltd.com
*TERMINATED: 10/25/2023*
*ATTORNEY TO BE NOTICED*

**Locke E Bowman**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
312–243–5900
Fax: 312–243–5902
Email: locke@loevy.com
*ATTORNEY TO BE NOTICED*

**Megan Colleen Pierce**

LOEVY & LOEVY
3rd Floor
311 North Aberdeen Street
Chicago, IL 60607
312–243–5900
Fax: 312–243–5902
Email: megan@loevy.com
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
LOEVY & LOEVY
3rd Floor
311 N Aberdeen St
Chicago, IL 60607
312–243–5900
Fax: 312–243–5902
Email: steve@loevy.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**William Cannon, Sr.**
*as special representative of the Estate of
Deceased Defendant Charles Cannon*

represented by    **James Gus Sotos**
The Sotos Law Firm, P.C.
141 W. Jackson Blvd.
#1240A
Chicago, IL 60604
(630) 735–3300
Fax: Active
Email: jsotos@jsotoslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
THE SOTOS LAW FIRM, P.C.
#1240A
141 W Jackson Blvd
Chicago, IL 60604
630–735–3300
Fax: 630–773–0980
Email: jsotos@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
THE SOTOS LAW FIRM, P.C.
#1240A
141 W Jackson Blvd
Chicago, IL 60604
630–735–3300
Fax: 630–773–0980
*TERMINATED: 07/15/2022*

3

**John J Timbo**
THE SOTOS LAW FIRM, P.C.
#1240A
141 W. Jackson Blvd.
Chicago, IL 60604
630−735−3300
Fax: 630−773−0980
Email: jtimbo@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
CITY OF CHICAGO
Law Department
Suite 900
30 North LaSalle Street
Chicago, IL 60602
(312) 744−7684
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
THE SOTOS LAW FIRM, P.C.
#1240A
141 W Jackson Blvd
Chicago, IL 60604
630−735−3300
Email: kchristie@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
THE SOTOS LAW FIRM, P.C.
#1240A
141 W. Jackson Blvd.
Chicago, IL 60604
630−735−3300
Fax: 630−735−0980
Email: lmeador@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
THE SOTOS LAW FIRM, P.C.
#1240A
141 W Jackson Blvd
Chicago, IL 60604
773−580−4982
Email: msmolens@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
ATTORNEY AT LAW
1010 Doyle Street
Ste 200

Menlo Park, CA 94025
650–390–9500
Email: spallini@lexmachina.com
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
TAFT STETTINIUS & HOLLISTER LLP
Suite 2600
111 East Wacker Drive
Chicago, IL 60601
312–836–4152
Fax: 312–527–4011
Email: SSchroeder@taftlaw.com
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
THOMAS F DOWNING
2712 Bainbridge Blvd
West Chicago, IL 60185
630–917–6483
Email: tfdowning56@gmail.com
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
THE SOTOS LAW FIRM, P.C.
#1240A
141 W Jackson Blvd
Chicago, IL 60604
630–735–3300
Email: tsotos@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marcella Brown Teplitz**          represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Stefanie Tarr**<br>*Special Representative of Russell Buck* | represented by | **James Gus Sotos**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Fiers**                    represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Edward Bowers**                represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Stenson**                    represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**George Pinkney**                    represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**E. Haynes**                    represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

Walter Jatkowski                    represented by   **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

Glen Perkins                    represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Allen Andrews**        represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Harold Marteness**                    represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mary Ann Dunlavey**                    represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carl Tiarks**                          represented by    **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**

(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stefanie Tarr**                    represented by   **James Gus Sotos**
*Special Representative of Peter Gerontes*            (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)

*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stefanie Tarr**
*Special Representative of John Timmes*

represented by **James Gus Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James G Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Given**
(See above for address)
*TERMINATED: 07/15/2022*

**John J Timbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Polick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle T. Christie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark F. Smolens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha J Pallini**
(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*

*ATTORNEY TO BE NOTICED*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Officers of the Peoria Police
Department**

**Defendant**

**Dennis Jenkins**                    represented by    **Sara J Schroeder**
*TERMINATED: 03/31/2021*                               (See above for address)
                                                       *TERMINATED: 09/07/2023*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**City of Peoria Illinois**           represented by    **James Gus Sotos**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **James G Sotos**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jeffrey N Given**
                                                       (See above for address)
                                                       *TERMINATED: 07/15/2022*

                                                       **John J Timbo**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Joseph M Polick**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kyle T. Christie**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Lisa Marie Meador**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Mark F. Smolens**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Samantha J Pallini**

(See above for address)
*TERMINATED: 12/13/2022*

**Sara J Schroeder**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Thomas F Downing**
(See above for address)
*TERMINATED: 02/27/2020*

**Thomas James Sotos**
(See above for address)
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/11/2017 | 1 | COMPLAINT filed by Johnny Lee Savory; JURY DEMAND. Filing fee $ 400, receipt number 0752−12737806. (Attachments: # 1 Civil Cover Sheet)(Art, Steven) (Entered: 01/11/2017) |
| 01/11/2017 | 2 | ATTORNEY Appearance for Plaintiff Johnny Lee Savory by Steven Edwards Art (Art, Steven) (Entered: 01/11/2017) |
| 01/11/2017 | 3 | ATTORNEY Appearance for Plaintiff Johnny Lee Savory by Jonathan I. Loevy (Loevy, Jonathan) (Entered: 01/11/2017) |
| 01/11/2017 | | CASE ASSIGNED to the Honorable Gary Feinerman. Designated as Magistrate Judge the Honorable Mary M. Rowland. (daj, ) (Entered: 01/11/2017) |
| 01/11/2017 | 4 | ATTORNEY Appearance for Plaintiff Johnnie Lee Savory by Arthur R. Loevy (Loevy, Arthur) (Entered: 01/11/2017) |
| 01/11/2017 | 5 | ATTORNEY Appearance for Plaintiff Johnnie Lee Savory by Locke E. Bowman, III (Bowman, Locke) (Entered: 01/11/2017) |
| 01/13/2017 | 6 | MINUTE entry before the Honorable Gary Feinerman:Initial status hearing set for 3/15/2017 at 9:00 a.m. Initial Status Report shall be filed by 3/8/2017. Please see Judge Feinerman's web page (http://www.ilnd.uscourts.gov, to "District Judges," to "Judge Gary Feinerman," to "Initial Status Hearings" under Case Management Procedures) for details on the Initial Status Hearing and Initial Status Report.Mailed notice. (jlj, ) (Entered: 01/13/2017) |
| 01/17/2017 | | SUMMONS Issued as to Defendant City of Peoria, Illinois (jp, ) (Entered: 01/17/2017) |
| 01/17/2017 | 7 | ATTORNEY Appearance for Plaintiff Johnnie Lee Savory by G. Flint Taylor, Jr (Taylor, G.) (Entered: 01/17/2017) |
| 01/20/2017 | | SUMMONS Issued as to Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, Mary Ann Dunlavey, John Fiers, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, |

| | | Carl Tiarks. (kms) (Entered: 01/20/2017) |
|---|---|---|
| 01/24/2017 | 8 | SUMMONS Returned Executed by Johnnie Lee Savory as to Glen Perkins on 1/23/2017, answer due 2/13/2017. (Art, Steven) (Entered: 01/24/2017) |
| 01/24/2017 | 9 | SUMMONS Returned Executed by Johnnie Lee Savory as to Mary Ann Dunlavey on 1/23/2017, answer due 2/13/2017. (Art, Steven) (Entered: 01/24/2017) |
| 01/24/2017 | | SUMMONS Issued as to Defendant Dennis Jenkins (pg, ) (Entered: 01/24/2017) |
| 01/27/2017 | 10 | SUMMONS Returned Executed by Johnnie Lee Savory as to Charles Edward Bowers on 1/24/2017, answer due 2/14/2017. (Art, Steven) (Entered: 01/27/2017) |
| 01/27/2017 | 11 | SUMMONS Returned Executed by Johnnie Lee Savory as to John Fiers on 1/24/2017, answer due 2/14/2017. (Art, Steven) (Entered: 01/27/2017) |
| 01/27/2017 | 12 | SUMMONS Returned Executed by Johnnie Lee Savory as to Carl Tiarks on 1/24/2017, answer due 2/14/2017. (Art, Steven) (Entered: 01/27/2017) |
| 01/27/2017 | 13 | SUMMONS Returned Executed by Johnnie Lee Savory as to George Pinkney on 1/26/2017, answer due 2/16/2017. (Art, Steven) (Entered: 01/27/2017) |
| 01/27/2017 | 14 | SUMMONS Returned Executed by Johnnie Lee Savory as to City of Peoria, Illinois on 1/17/2017, answer due 2/7/2017. (Art, Steven) (Entered: 01/27/2017) |
| 02/07/2017 | 15 | ATTORNEY Appearance for Defendants Charles Edward Bowers, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, Glen Perkins, George Pinkney by James Gus Sotos (Sotos, James) (Entered: 02/07/2017) |
| 02/07/2017 | 16 | ATTORNEY Appearance for Defendants Charles Edward Bowers, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, Glen Perkins, George Pinkney by John J. Timbo (Timbo, John) (Entered: 02/07/2017) |
| 02/07/2017 | 17 | ATTORNEY Appearance for Defendants Charles Edward Bowers, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, Glen Perkins, George Pinkney by Thomas F. Downing (Downing, Thomas) (Entered: 02/07/2017) |
| 02/07/2017 | 18 | ATTORNEY Appearance for Defendant Carl Tiarks by James Gus Sotos (Sotos, James) (Entered: 02/07/2017) |
| 02/07/2017 | 19 | ATTORNEY Appearance for Defendant Carl Tiarks by John J. Timbo (Timbo, John) (Entered: 02/07/2017) |
| 02/07/2017 | 20 | ATTORNEY Appearance for Defendant Carl Tiarks by Thomas F. Downing (Downing, Thomas) (Entered: 02/07/2017) |
| 02/07/2017 | 21 | MOTION by Defendants Charles Edward Bowers, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, Glen Perkins, George Pinkney, Carl Tiarks for extension of time to file answer regarding complaint 1 *or Otherwise Plead (Agreed)* (Timbo, John) (Entered: 02/07/2017) |
| 02/07/2017 | 22 | NOTICE of Motion by John J. Timbo for presentment of motion for extension of time to file answer,, motion for relief, 21 before Honorable Gary Feinerman on 2/13/2017 at 09:00 AM. (Timbo, John) (Entered: 02/07/2017) |
| 02/08/2017 | 23 | WAIVER OF SERVICE returned executed by Johnnie Lee Savory. Marcella Brown Teplitz waiver sent on 2/7/2017, answer due 4/10/2017. (Art, Steven) (Entered: 02/08/2017) |

| 02/08/2017 | 24 | WAIVER OF SERVICE returned executed by Johnnie Lee Savory. John Stenson waiver sent on 2/7/2017, answer due 4/10/2017. (Art, Steven) (Entered: 02/08/2017) |
| 02/08/2017 | 25 | WAIVER OF SERVICE returned executed by Johnnie Lee Savory. Harold Marteness waiver sent on 2/7/2017, answer due 4/10/2017. (Art, Steven) (Entered: 02/08/2017) |
| 02/08/2017 | 26 | WAIVER OF SERVICE returned executed by Johnnie Lee Savory. Walter Jatkowski waiver sent on 2/7/2017, answer due 4/10/2017. (Art, Steven) (Entered: 02/08/2017) |
| 02/08/2017 | 27 | WAIVER OF SERVICE returned executed by Johnnie Lee Savory. Charles Cannon waiver sent on 2/7/2017, answer due 4/10/2017. (Art, Steven) (Entered: 02/08/2017) |
| 02/08/2017 | 28 | WAIVER OF SERVICE returned executed by Johnnie Lee Savory. Allen Andrews waiver sent on 2/7/2017, answer due 4/10/2017. (Art, Steven) (Entered: 02/08/2017) |
| 02/08/2017 | 29 | SUGGESTION of Death as to Russell Buck (Timbo, John) (Entered: 02/08/2017) |
| 02/08/2017 | 30 | SUGGESTION of Death as to Peter Gerontes (Timbo, John) (Entered: 02/08/2017) |
| 02/08/2017 | 31 | SUGGESTION of Death as to John Timmes (Timbo, John) (Entered: 02/08/2017) |
| 02/08/2017 | 32 | MINUTE entry before the Honorable Gary Feinerman:Defendants' agreed motion for extension of time to answer 21 is granted. The time for Defendants City of Peoria, Bowers, Dunlavey, Fiers, Perkins, Pinkney, and Tiarks to answer or otherwise plead to the complaint is extended to 4/7/2017. Motion hearing set for 2/13/2017 22 is stricken.Mailed notice. (jlj, ) (Entered: 02/08/2017) |
| 02/09/2017 | 33 | ATTORNEY Appearance for Defendants Allen Andrews, Charles Cannon, Walter Jatkowski, Harold Marteness, John Stenson, Marcella Brown Teplitz by James Gus Sotos (Sotos, James) (Entered: 02/09/2017) |
| 02/09/2017 | 34 | ATTORNEY Appearance for Defendants Allen Andrews, Charles Cannon, Walter Jatkowski, Harold Marteness, John Stenson, Marcella Brown Teplitz by John J. Timbo (Timbo, John) (Entered: 02/09/2017) |
| 02/09/2017 | 35 | ATTORNEY Appearance for Defendants Allen Andrews, Charles Cannon, Walter Jatkowski, Harold Marteness, John Stenson, Marcella Brown Teplitz by Thomas F. Downing (Downing, Thomas) (Entered: 02/09/2017) |
| 02/21/2017 | 36 | ATTORNEY Appearance for Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks by Sara J Schroeder (Schroeder, Sara) (Entered: 02/21/2017) |
| 02/22/2017 | 37 | SUGGESTION of Death as to Dennis K. Jenkins (Timbo, John) (Entered: 02/22/2017) |
| 03/08/2017 | 38 | MOTION by Plaintiff Johnnie Lee Savory to substitute party *to Appoint and Substitute a Special Representative* (Art, Steven) (Entered: 03/08/2017) |
| 03/08/2017 | 39 | NOTICE of Motion by Steven Edwards Art for presentment of motion to substitute party 38 before Honorable Gary Feinerman on 3/15/2017 at 09:00 AM. (Art, Steven) (Entered: 03/08/2017) |
| 03/08/2017 | 40 | STATUS Report *Joint* by Johnnie Lee Savory (Art, Steven) (Entered: 03/08/2017) |

| 03/09/2017 | 41 | MINUTE entry before the Honorable Gary Feinerman:Unopposed motion to appoint and substitute a special representative 38 is granted. The City Clerk of Peoria, Illinois, Beth Ball, is appointed as special representative for the purposes of defendant Plaintiff's claims against Defendants Russell Buck, Peter Gerontes, and John Timmes. Beth Bell, Special Representative of Russell Buck, is substituted as a party defendant for Russell Buck. Beth Bell, Special Representative of Peter Gerontes, is substituted as a party defendant for Peter Gerontes. Beth Bell, Special Representative of John Timmes, is substituted as a party defendant for John Timmes. Motion hearing set for 3/15/2017 39 is stricken.Mailed notice. (jlj, ) (Entered: 03/09/2017) |
| 03/10/2017 | 42 | ATTORNEY Appearance for Plaintiff Johnnie Lee Savory by Elizabeth N. Mazur (Mazur, Elizabeth) (Entered: 03/10/2017) |
| 03/13/2017 | 43 | MINUTE entry before the Honorable Gary Feinerman:The Clerk is directed to make substitutions as directed to order 41 dated 3/9/2017.Mailed notice (jlj, ) (Entered: 03/13/2017) |
| 03/15/2017 | 44 | MINUTE entry before the Honorable Gary Feinerman: Status hearing held on 3/15/2017 and continued to 4/13/2017 at 9:00 a.m. Rule 26(a)(1) disclosures shall be served by 3/24/2017. Initial written discovery requests shall be served 5/12/2017. Fact discovery shall be completed by 3/23/2018. Plaintiff's Rule 26(a)(2) disclosures shall be served by 4/13/2018; Plaintiff's expert(s) shall be deposed by 5/11/2018; Defendants' Rule 26(a)(2) disclosures shall be served by 6/8/2018; Defendants' expert(s) shall be deposed by 6/29/2018; Plaintiff's Rule 26(a)(2) rebuttal disclosures shall be served by 7/9/2018; Plaintiff's rebuttal expert(s) shall be deposed by 7/27/2018. Dispositive motions shall be filed by 8/25/2018. Motions to amend the pleadings or add new parties shall be filed by 8/24/2018. Mailed notice (lcw, ) (Entered: 03/15/2017) |
| 04/05/2017 | 45 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks for second agreed motion for extension of time to answer or otherwise plead. (Schroeder, Sara) (Docket text modified by the Clerk's Office) Modified on 4/5/2017 (mc, ). (Entered: 04/05/2017) |
| 04/05/2017 | 46 | NOTICE of Motion by Sara J Schroeder for presentment of motion for extension of time to file answer, 45 before Honorable Gary Feinerman on 4/13/2017 at 09:00 AM. (Schroeder, Sara) (Entered: 04/05/2017) |
| 04/10/2017 | 47 | MINUTE entry before the Honorable Gary Feinerman:Defendants' second agreed motion for extension of time to answer 45 is granted. The time for Defendants to answer or otherwise plead to the complaint is extended to 4/14/2017. Motion hearing set for 4/13/2017 46 is stricken. Status hearing set for 4/13/2017 44 is stricken and re−set for 4/19/2017 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 04/10/2017) |
| 04/10/2017 | 48 | MOTION by Plaintiff Johnnie Lee Savory for extension of time *to Serve Summons* (Art, Steven) (Entered: 04/10/2017) |
| 04/10/2017 | 49 | NOTICE of Motion by Steven Edwards Art for presentment of extension of time 48 before Honorable Gary Feinerman on 4/13/2017 at 09:00 AM. (Art, Steven) (Entered: 04/10/2017) |
| 04/11/2017 | 50 | |

| | | |
|---|---|---|
| | | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time 48 is granted. The time for Plaintiff to serve Defendant Edgar Haynes is extended to 5/11/2017. Motion hearing set for 4/13/2017 49 is stricken.Mailed notice. (jlj, ) (Entered: 04/11/2017) |
| 04/12/2017 | | SUMMONS Issued as to Defendant E. Haynes (pg, ) (Entered: 04/12/2017) |
| 04/14/2017 | 51 | MOTION by Defendants Glen Perkins, John Stenson, Charles Cannon, Harold Marteness, Charles Edward Bowers, Marcella Brown Teplitz, Allen Andrews, City of Peoria, Illinois, Mary Ann Dunlavey, Carl Tiarks, George Pinkney, Walter Jatkowski, John Fiers to dismiss *For Lack of Proper Venue, Or In the Alternative*, MOTION by Defendants Glen Perkins, John Stenson, Charles Cannon, Harold Marteness, Charles Edward Bowers, Marcella Brown Teplitz, Allen Andrews, City of Peoria, Illinois, Mary Ann Dunlavey, Carl Tiarks, George Pinkney, Walter Jatkowski, John Fiers to change venue *To The Central District Of Illinois, Peoria Division* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Schroeder, Sara) (Entered: 04/14/2017) |
| 04/14/2017 | 52 | NOTICE of Motion by Sara J Schroeder for presentment of motion to dismiss,,,, motion to change venue,,, 51 before Honorable Gary Feinerman on 4/19/2017 at 09:00 AM. (Schroeder, Sara) (Entered: 04/14/2017) |
| 04/17/2017 | 53 | ATTORNEY Appearance for Plaintiff Johnnie Lee Savory by John Ladell Stainthorp (Stainthorp, John) (Entered: 04/17/2017) |
| 04/19/2017 | 54 | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. Status hearing held and continued to 6/1/2017 at 9:00 a.m. City Defendants' motion to dismiss for lack of proper venue or in the alternative to transfer to the Central District of Illinois 51 is entered and continued. Plaintiff's response shall be filed by 5/3/2017; reply due by 5/17/2017.Mailed notice. (jlj, ) (Entered: 04/19/2017) |
| 04/24/2017 | 55 | WAIVER OF SERVICE returned executed by Johnnie Lee Savory. E. Haynes waiver sent on 4/21/2017, answer due 6/20/2017. (Art, Steven) (Entered: 04/24/2017) |
| 04/24/2017 | 56 | ATTORNEY Appearance for Defendant E. Haynes by James Gus Sotos (Sotos, James) (Entered: 04/24/2017) |
| 04/24/2017 | 57 | ATTORNEY Appearance for Defendant E. Haynes by John J. Timbo (Timbo, John) (Entered: 04/24/2017) |
| 04/24/2017 | 58 | ATTORNEY Appearance for Defendant E. Haynes by Sara J Schroeder (Schroeder, Sara) (Entered: 04/24/2017) |
| 04/24/2017 | 59 | ATTORNEY Appearance for Defendant E. Haynes by Thomas F. Downing (Downing, Thomas) (Entered: 04/24/2017) |
| 05/03/2017 | 60 | RESPONSE by Johnnie Lee Savoryin Opposition to MOTION by Defendants Glen Perkins, John Stenson, Charles Cannon, Harold Marteness, Charles Edward Bowers, Marcella Brown Teplitz, Allen Andrews, City of Peoria, Illinois, Mary Ann Dunlavey, Carl Tiarks, George Pinkney, Walter Jatkowski, John Fiers to diMOTION by Defendants Glen Perkins, John Stenson, Charles Cannon, Harold Marteness, Charles Edward Bowers, Marcella Brown Teplitz, Allen Andrews, City of Peoria, Illinois, Mary Ann Dunlavey, Carl Tiarks, George Pinkney, Walter Jatkowski, John Fiers to ch 51 *Plaintiff's Response to Defendants' Motion to Dismiss or to Transfer Venue* (Attachments: # 1 Exhibit A – Art Declaration)(Art, Steven) (Entered: 05/03/2017) |

| | | |
|---|---|---|
| 05/15/2017 | 61 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks for extension of time *To File Their Reply In Support Of Their Motion To Dismiss Or Transfer Venue (Agreed)* (Schroeder, Sara) (Entered: 05/15/2017) |
| 05/15/2017 | 62 | NOTICE of Motion by Sara J Schroeder for presentment of extension of time, 61 before Honorable Gary Feinerman on 5/22/2017 at 09:00 AM. (Schroeder, Sara) (Entered: 05/15/2017) |
| 05/18/2017 | 63 | MINUTE entry before the Honorable Gary Feinerman: Defendants' motion for an extension 61 is granted. The time for Defendants to file their reply brief is extended to 5/24/2017. The 5/22/2017 motion hearing 62 is stricken. Mailed notice (ma,) (Entered: 05/18/2017) |
| 05/24/2017 | 64 | REPLY by Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks to motion to dismiss,,,, motion to change venue,,, 51 (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Schroeder, Sara) (Entered: 05/24/2017) |
| 05/30/2017 | 65 | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 6/1/2017 at 9:00 a.m. 54 is re−set for 9:15 a.m. TIME CHANGE ONLY.Mailed notice. (jlj, ) (Entered: 05/30/2017) |
| 06/01/2017 | 66 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 7/25/2017 at 9:00 a.m. The court asked questions regarding the pending motion to dismiss/transfer 51 .Mailed notice. (jlj, ) (Entered: 06/01/2017) |
| 07/25/2017 | 67 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 8/28/2017 at 9:00 a.m. For the reasons stated on the record, City Defendants' motion to dismiss for lack of proper venue or in the alternative to transfer to the Central District of Illinois 51 is denied in part (as to dismissal on venue grounds) and denied without prejudice in part (as to transfer under § 1404(a)). Written discovery shall proceed; the parties agreed that oral discovery shall not proceed before 8/28/2017. Defendants shall answer or file their Rule 12(b)(6) motion to dismiss by 8/22/2017.Mailed notice. (jlj, ) (Entered: 07/26/2017) |
| 08/21/2017 | 68 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks for extension of time *To File Defendants Motion To Dismiss And Motion For Leave To File Oversized Brief (Unopposed)* (Schroeder, Sara) (Entered: 08/21/2017) |
| 08/21/2017 | 69 | NOTICE of Motion by Sara J Schroeder for presentment of extension of time, 68 before Honorable Gary Feinerman on 8/24/2017 at 09:00 AM. (Schroeder, Sara) (Entered: 08/21/2017) |
| 08/23/2017 | 70 | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time 68 is granted. The time for Defendants to file their motion to dismiss is extended to 8/25/2017. They may file an oversized brief of up to 25 pages. Motion hearing set for 8/24/2017 69 is stricken. Mailed notice. (jlj, ) (Entered: 08/23/2017) |

| | | |
|---|---|---|
| 08/25/2017 | 71 | MOTION by Defendants Glen Perkins, John Stenson, Charles Cannon, Beth Bell, Harold Marteness, Beth Bell, Charles Edward Bowers, Marcella Brown Teplitz, E. Haynes, Allen Andrews, City of Peoria, Illinois, Mary Ann Dunlavey, Carl Tiarks, George Pinkney, Beth Bell, Walter Jatkowski, John Fiers to dismiss (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B)(Schroeder, Sara) (Entered: 08/25/2017) |
| 08/25/2017 | 72 | NOTICE of Motion by Sara J Schroeder for presentment of motion to dismiss, 71 before Honorable Gary Feinerman on 8/30/2017 at 09:00 AM. (Schroeder, Sara) (Entered: 08/25/2017) |
| 08/28/2017 | 73 | MINUTE entry before the Honorable Gary Feinerman:At the request of the parties, status hearing set for 8/28/2017 67 is stricken and re−set for 9/26/2017 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 08/28/2017) |
| 08/28/2017 | 74 | ATTORNEY Appearance for Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks by Lisa Marie Meador (Meador, Lisa) (Entered: 08/28/2017) |
| 08/30/2017 | 75 | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. The 9/26/2017 status hearing 73 is stricken and re−set for 10/19/2017 at 9:00 a.m. Defendants' motion to dismiss 71 is entered and continued. Plaintiff's response due by 9/20/2017; reply due by 10/11/2017.Mailed notice. (jlj, ) (Entered: 08/30/2017) |
| 09/07/2017 | 76 | MOTION by Plaintiff Johnnie Lee Savory for extension of time to file response/reply as to motion to dismiss, 71 (Mazur, Elizabeth) (Entered: 09/07/2017) |
| 09/07/2017 | 77 | NOTICE of Motion by Elizabeth N. Mazur for presentment of motion for extension of time to file response/reply 76 before Honorable Gary Feinerman on 9/13/2017 at 09:00 AM. (Mazur, Elizabeth) (Entered: 09/07/2017) |
| 09/08/2017 | 78 | MINUTE entry before the Honorable Gary Feinerman:Plaintiff's unopposed motion for an extension of time to respond to Defendants' motion to dismiss 76 is granted. The time for Plaintiff to respond to Defendants' motion to dismiss 71 is extended to 9/27/2017; reply due by 10/18/2017. Motion hearing set for 9/13/2017 77 is stricken. Status hearing set for 10/19/2017 75 is stricken and re−set for 10/25/2017 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 09/08/2017) |
| 09/27/2017 | 79 | RESPONSE by Plaintiff Johnnie Lee Savory to motion to dismiss, 71 (Art, Steven) (Entered: 09/27/2017) |
| 10/18/2017 | 80 | REPLY by Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks to motion to dismiss, 71 *In Futher Support* (Schroeder, Sara) (Entered: 10/18/2017) |
| 10/18/2017 | 81 | MOTION by Plaintiff Johnnie Lee Savory to compel *discovery* (Mazur, Elizabeth) (Entered: 10/18/2017) |
| 10/18/2017 | 82 | NOTICE of Motion by Elizabeth N. Mazur for presentment of motion to compel 81 before Honorable Gary Feinerman on 10/25/2017 at 09:00 AM. (Mazur, Elizabeth) (Entered: 10/18/2017) |
| 10/20/2017 | 83 | |

| | | |
|---|---|---|
| | | MINUTE entry before the Honorable Gary Feinerman: Motion hearing set for 10/25/2017 at 9:00 a.m. 82 is re−set for 9:30 a.m. Status hearing set for 10/25/2017 at 9:00 a.m. 78 is re−set for 9:30 a.m. TIME CHANGE ONLY. The court will have questions regarding the pending motion to dismiss 71 .Mailed notice. (jlj, ) (Entered: 10/20/2017) |
| 10/20/2017 | 84 | ATTORNEY Appearance for Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks by Joseph M. Polick (Polick, Joseph) (Entered: 10/20/2017) |
| 10/23/2017 | 85 | MINUTE entry before the Honorable Gary Feinerman:Status and motion hearing set for 10/25/2017 at 9:30 a.m. 83 is re−set for 9:45 a.m. TIME CHANGE ONLY.Mailed notice. (jlj, ) (Entered: 10/23/2017) |
| 10/23/2017 | 86 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks to stay *Discovery and Response to Plaintiff's Motion to Compel (Combined)* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B)(Meador, Lisa) (Entered: 10/23/2017) |
| 10/23/2017 | 87 | NOTICE of Motion by Lisa Marie Meador for presentment of motion to stay, 86 before Honorable Gary Feinerman on 10/26/2017 at 09:00 AM. (Meador, Lisa) (Entered: 10/23/2017) |
| 10/24/2017 | 88 | MINUTE entry before the Honorable Gary Feinerman:Hearing on Defendants' combined motion to stay discovery and response to Plaintiff's motion to compel 86 set for 10/26/2017 87 is stricken and re−set for 10/25/2017 at 9:45 a.m.Mailed notice. (jlj, ) (Entered: 10/24/2017) |
| 10/25/2017 | 89 | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. Status hearing held and continued to 12/7/2017 at 9:15 a.m. For the reasons stated on the record, Plaintiff's motion to compel 81 is denied, and Defendants' motion to stay discovery 86 is granted. Argument held on Defendants' motion to dismiss 71 .Mailed notice. (jlj, ) (Entered: 10/25/2017) |
| 11/02/2017 | 90 | MOTION by Plaintiff Johnnie Lee Savory for leave to file *a short surreply* (Attachments: # 1 Exhibit A)(Art, Steven) (Entered: 11/02/2017) |
| 11/02/2017 | 91 | NOTICE of Motion by Steven Edwards Art for presentment of motion for leave to file 90 before Honorable Gary Feinerman on 11/8/2017 at 09:00 AM. (Art, Steven) (Entered: 11/02/2017) |
| 11/03/2017 | 92 | MINUTE entry before the Honorable Gary Feinerman:Plaintiff's motion for leave to file a surreply 90 is granted. Plaintiff shall file his surreply as a separate docket entry. Motion hearing set for 11/8/2017 91 is stricken.Mailed notice. (jlj, ) (Entered: 11/03/2017) |
| 11/03/2017 | 93 | SUR−REPLY by Plaintiff Johnnie Lee Savory *in Opposition to Defendants' Motion to Dismiss* (Art, Steven) (Entered: 11/03/2017) |
| 12/01/2017 | 94 | MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendants' motion to dismiss 71 is granted. This case is dismissed with prejudice. Enter judgment order. Status hearing |

| | | |
|---|---|---|
| | | set for 12/7/2017 89 is stricken. Civil case closed. Mailed notice. (jlj, ) (Entered: 12/01/2017) |
| 12/01/2017 | 95 | MEMORANDUM Opinion and Order written by the Honorable Gary Feinerman on 12/1/2017.Mailed notice.(jlj, ) (Entered: 12/01/2017) |
| 12/01/2017 | 96 | ENTERED JUDGMENT on 12/1/2017.Mailed notice.(jlj, ) (Entered: 12/01/2017) |
| 12/14/2017 | 97 | NOTICE of appeal by Johnnie Lee Savory regarding orders 96 , 95 Filing fee $ 505, receipt number 0752−13908048. (Art, Steven) (Entered: 12/14/2017) |
| 12/14/2017 | 98 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 97 (ek, ) (Entered: 12/14/2017) |
| 12/14/2017 | 99 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 97 . Notified counsel (ek, ) (Entered: 12/14/2017) |
| 12/14/2017 | 100 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 97 ; USCA Case No. 17−3543. (ph, ) (Entered: 12/14/2017) |
| 06/22/2018 | 101 | TRANSCRIPT OF PROCEEDINGS held on 10/25/17 before the Honorable Gary Feinerman. Court Reporter Contact Information: Charles R. Zandi, 312/435−5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/13/2018. Redacted Transcript Deadline set for 7/23/2018. Release of Transcript Restriction set for 9/20/2018. (Zandi, Charles) (Entered: 06/22/2018) |
| 01/08/2020 | 102 | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 2/18/2020 at 9:00 a.m. The parties shall file a joint status report with a proposed discovery and dispositive motion schedule by 2/11/2020. The parties shall inform the Courtroom Deputy if Defendants ask the Seventh Circuit to stay the mandate. Mailed notice. (jlj, ) (Entered: 01/08/2020) |
| 02/03/2020 | 103 | MINUTE entry before the Honorable Gary Feinerman:Because the Seventh Circuit will not issue the mandate until 2/12/2020 at the earliest, the status hearing set for 2/18/2020 102 is stricken and re−set for 3/4/2020 at 9:00 a.m. By 2/26/2020, the parties shall file a status report a proposed discovery and dispositive motion schedule. If the issuance of the mandate remains stayed, the court will adjust those dates. Mailed notice. (jlj, ) (Entered: 02/03/2020) |
| 02/26/2020 | 104 | STATUS Report *Joint* by Allen Andrews, Beth Bell(Special Representative of John Timmes), Beth Bell(Special Representative of Peter Gerontes), Beth Bell(Special Representative of Russell Buck ), Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks (Schroeder, Sara) (Entered: 02/26/2020) |
| 02/27/2020 | 105 | |

| | | |
|---|---|---|
| | | MOTION by Defendants Allen Andrews, Beth Bell, Beth Bell, Beth Bell, Charles Edward Bowers, Charles Cannon, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks to withdraw (Sotos, James) (Entered: 02/27/2020) |
| 02/27/2020 | 106 | NOTICE of Motion by James Gus Sotos for presentment of motion to withdraw, 105 before Honorable Gary Feinerman on 3/4/2020 at 09:00 AM. (Sotos, James) (Entered: 02/27/2020) |
| 02/27/2020 | 107 | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw 105 is granted. Attorney Thomas Downing is terminated as counsel for Defendants. Motion hearing set for 3/4/2020 106 is stricken.Mailed notice. (jlj, ) (Entered: 02/27/2020) |
| 02/28/2020 | 108 | MANDATE of USCA dated 2/28/2020 regarding notice of appeal 97 ;USCA No.17−3543 ; No record to be returned. (pk, ) (Entered: 02/28/2020) |
| 02/28/2020 | 109 | CERTIFIED COPY OF USCA JUDGMENT dated 1/7/2020 regarding notice of appeal 97 ; USCA No. 17−3543: The District Court's judgment is REVERSED, with costs, and the case is REMANDED for further proceedings, in accordance with the decision of this court entered on this date. (pk, ) (Entered: 02/28/2020) |
| 02/28/2020 | 110 | CERTIFIED COPY OF OPINION from the USCA for the 7th Circuit; Argued 9/24/2019; Decided 1/7/2020 in USCA case no. 17−3543 (pk, ) (Entered: 02/28/2020) |
| 02/28/2020 | 111 | BILL of Costs from the USCA, appeal no. 17−3543 (pk, ) (Entered: 02/28/2020) |
| 03/02/2020 | 112 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 3/4/2020 at 9:00 a.m. 103 is re−set for 9:15 a.m. TIME CHANGE ONLY.Mailed notice. (jlj, ) (Entered: 03/02/2020) |
| 03/03/2020 | 113 | ATTORNEY Appearance for Plaintiff Johnnie Lee Savory by Megan Colleen Pierce (Pierce, Megan) (Entered: 03/03/2020) |
| 03/04/2020 | 114 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 3/31/2020 at 9:00 a.m. For the reasons stated on the record, discovery stayed pending further order of court. Defendant's motion to dismiss shall be filed by 3/25/2020.Mailed notice. (jlj, ) (Entered: 03/05/2020) |
| 03/06/2020 | 115 | MOTION by Plaintiff Johnnie Lee Savory to substitute party *William Cannon, Sr., as special representative for Deceased Defendant Charles Cannon* (Art, Steven) (Entered: 03/06/2020) |
| 03/06/2020 | 116 | NOTICE of Motion by Steven Edwards Art for presentment of motion to substitute party 115 before Honorable Gary Feinerman on 3/31/2020 at 09:00 AM. (Art, Steven) (Entered: 03/06/2020) |
| 03/09/2020 | 117 | MINUTE entry before the Honorable Gary Feinerman:Plaintiff's motion to substitute party 115 is granted. The Clerk is directed to substitute William Cannon, Sr., as special representative of the Estate of Deceased Defendant Charles Cannon, as a party defendant for Charles Cannon. Motion hearing set for 3/31/2020 116 is stricken.Mailed notice. (jlj, ) (Entered: 03/09/2020) |
| 03/16/2020 | 118 | ORDER Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March |

| | | |
|---|---|---|
| | | 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (pj, ) (Entered: 03/17/2020) |
| 03/23/2020 | 119 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 3/31/2020 114 is stricken and re−set for 4/15/2020 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 03/23/2020) |
| 03/30/2020 | 120 | ORDER Seconded Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20−0012, entered on March 17, 2020, and General Order 20−0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket13, ) (Entered: 03/31/2020) |
| 04/07/2020 | 121 | MINUTE entry before the Honorable Gary Feinerman:Pursuant to Second Amended General Order 20−0012, the 4/15/2020 status hearing 119 is stricken and re−set for 5/12/2020 at 2:00 p.m. In the meantime, if any party wishes to present a scheduling or other issue or question to the court, that party should send an email to the Courtroom Deputy (Jackie_Deanes@ilnd.uscourts.gov) and the proposed order email box (Proposed_Order_Feinerman@ilnd.uscourts.gov), with a copy to all other counsel, and the court will respond as soon as practicable. If any party wishes to extend, shorten, or revoke in a particular case the filing extensions granted by Paragraph 2 of Second Amended General Order 20−0012, that party shall file a motion on the case docket and shall indicate in the motion whether the relief sought is agreed or opposed. Parties may file other non−emergency motions on the case docket as they see fit. Emergency relief in any case, or emergency relief from Second Amended General Order 20−0012, shall be sought in the manner set forth in Paragraphs 5−6 of Second Amended General Order 20−0012.Mailed notice. (jlj, ) (Entered: 04/07/2020) |
| 04/09/2020 | 122 | MINUTE entry before the Honorable Gary Feinerman:Pursuant to Paragraph 2.c of Second Amended General Order 20−0012, the court sets 5/4/2020 as the deadline for Defendants to file their motion to dismiss.Mailed notice. (jlj, ) (Entered: 04/09/2020) |
| 04/24/2020 | 123 | ORDER Third Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket1, ) (Entered: 04/27/2020) |
| 04/28/2020 | 124 | MINUTE entry before the Honorable Gary Feinerman:Pursuant to Paragraph 2.c of Third Amended General Order 20−0012, the deadline set forth in the 4/9/2020 order 122 shall stand.Mailed notice. (jlj, ) (Entered: 04/28/2020) |
| 05/04/2020 | 125 | MOTION by Defendants Allen Andrews, Beth Bell, Beth Bell, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Dennis Jenkins, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks for leave to file excess pages *Pursuant to Local Rule 7.1, Instanter* (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit A)(Schroeder, Sara) (Entered: 05/04/2020) |
| 05/04/2020 | 126 | NOTICE of Motion by Sara J Schroeder for presentment of motion for leave to file excess pages, 125 before Honorable Gary Feinerman on 5/11/2020 at 09:00 AM. (Schroeder, Sara) (Entered: 05/04/2020) |
| 05/05/2020 | 127 | MINUTE entry before the Honorable Gary Feinerman:Motion for leave to file excess pages 125 is granted. Defendants shall file their motion to dismiss as a separate docket entry. Motion hearing set for 5/11/2020 125 is stricken. The court brings to the parties' attention its decision in Culp v. Flores, No. 17 C 252, 2020 WL 1874075 (N.D. Ill. Apr. 15, 2020), with the understanding that the parties may take the position that the rulings therein are inapposite, distinguishable, and/or incorrectly decided. The status hearing set for 5/12/2020 121 is stricken and re−set for 6/8/2020 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 05/05/2020) |
| 05/06/2020 | 128 | MOTION by Defendants Glen Perkins, John Stenson, William Cannon, Sr, Beth Bell, Harold Marteness, Beth Bell, Charles Edward Bowers, Marcella Brown Teplitz, E. Haynes, Allen Andrews, City of Peoria, Illinois, Mary Ann Dunlavey, Carl Tiarks, George Pinkney, Beth Bell, Walter Jatkowski, Dennis Jenkins, John Fiers to dismiss *Plaintiff's Complaint (Renewed and Supplemental)* (Schroeder, Sara) (Entered: 05/06/2020) |
| 05/08/2020 | 129 | MOTION by Defendants Allen Andrews, Beth Bell, Beth Bell, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Dennis Jenkins, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks to supplement *Their Motion to Dismiss to Address Culp v. Flores* (Attachments: # 1 Exhibit A − Supplemental Brief)(Schroeder, Sara) (Entered: 05/08/2020) |
| 05/08/2020 | 130 | NOTICE of Motion by Sara J Schroeder for presentment of motion to supplement, 129 before Honorable Gary Feinerman on 5/14/2020 at 09:00 AM. (Schroeder, Sara) (Entered: 05/08/2020) |
| 05/08/2020 | 131 | MINUTE entry before the Honorable Gary Feinerman:Motion to supplement 129 is granted. Defendants shall file their supplemental brief as a separate docket entry. Motion hearing set for 5/14/2020 130 is stricken. Plaintiff shall respond to Defendants' motion to dismiss 128 by 6/3/2020; Defendants shall reply by 6/17/2020. The status hearing set for 6/8/2020 127 is stricken and re−set for 6/22/2020 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 05/08/2020) |
| 05/08/2020 | 132 | SUPPLEMENT to motion to dismiss, 128 *Addressing Culp v. Flores* (Schroeder, Sara) (Entered: 05/08/2020) |
| 05/26/2020 | 133 | ORDER ORDER Fourth Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non−emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket1, ) (Entered: 05/26/2020) |
| 06/03/2020 | 134 | MOTION by Plaintiff Johnnie Lee Savory for leave to file excess pages (Attachments: # 1 Exhibit A. Proposed Brief)(Art, Steven) (Entered: 06/03/2020) |
| 06/03/2020 | 135 | |

| | | |
|---|---|---|
| | | NOTICE of Motion by Steven Edwards Art for presentment of motion for leave to file excess pages 134 before Honorable Gary Feinerman on 7/16/2020 at 09:00 AM. (Art, Steven) (Entered: 06/03/2020) |
| 06/04/2020 | 136 | MINUTE entry before the Honorable Gary Feinerman:Motion for leave to file excess pages 134 is granted. Plaintiff shall file his oversized brief as a separate docket entry. Motion hearing set for 7/16/2020 135 is stricken. Mailed notice. (jlj, ) (Entered: 06/04/2020) |
| 06/04/2020 | 137 | RESPONSE by Johnnie Lee Savoryin Opposition to MOTION by Defendants Glen Perkins, John Stenson, William Cannon, Sr, Beth Bell, Harold Marteness, Beth Bell, Charles Edward Bowers, Marcella Brown Teplitz, E. Haynes, Allen Andrews, City of Peoria, Illinois, Mary Ann Dunlavey, Carl Tiarks, George Pinkne 128 (Art, Steven) (Entered: 06/04/2020) |
| 06/04/2020 | 138 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 6/22/2020 at 9:00 a.m. 131 is re−set for 10:45 a.m. TIME CHANGE ONLY. The court will have questions on the pending motion to dismiss. Mailed notice. (jlj, ) (Entered: 06/04/2020) |
| 06/17/2020 | 139 | ATTORNEY Appearance for Defendants Allen Andrews, Beth Bell, Beth Bell, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks by Jeffrey Neil Given (Given, Jeffrey) (Entered: 06/17/2020) |
| 06/17/2020 | 140 | ATTORNEY Appearance for Defendants Allen Andrews, Beth Bell, Beth Bell, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks by Samantha J. Pallini (Pallini, Samantha) (Entered: 06/17/2020) |
| 06/17/2020 | 141 | ATTORNEY Appearance for Defendants Beth Bell, Beth Bell, Beth Bell by James Gus Sotos (Sotos, James) (Entered: 06/17/2020) |
| 06/17/2020 | 142 | ATTORNEY Appearance for Defendants Beth Bell, Beth Bell, Beth Bell by John J. Timbo (Timbo, John) (Entered: 06/17/2020) |
| 06/17/2020 | 143 | ATTORNEY Appearance for Defendants Beth Bell, Beth Bell, Beth Bell by Joseph M. Polick (Polick, Joseph) (Entered: 06/17/2020) |
| 06/17/2020 | 144 | ATTORNEY Appearance for Defendants Beth Bell, Beth Bell, Beth Bell by Lisa Marie Meador (Meador, Lisa) (Entered: 06/17/2020) |
| 06/17/2020 | 145 | MOTION by Defendants Allen Andrews, Beth Bell, Beth Bell, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks for extension of time to file response/reply (Schroeder, Sara) (Entered: 06/17/2020) |
| 06/17/2020 | 146 | NOTICE of Motion by Sara J Schroeder for presentment of motion for extension of time to file response/reply, 145 before Honorable Gary Feinerman on 6/22/2020 at 09:00 AM. (Schroeder, Sara) (Entered: 06/17/2020) |
| 06/18/2020 | 147 | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time 145 is granted. The deadline for Defendants to reply in support of their motion to |

| | | |
|---|---|---|
| | | dismiss 128 is extended to 6/22/2020. The motion hearing set for 6/22/2020 146 is stricken. The telephonic motion hearing set for 6/22/2020 138 is stricken and re−set for 6/25/2020 at 2:30 p.m. The court will have questions on the pending motion to dismiss. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 877−336−1828 and the access code is 4082461. Counsel of record will receive an email prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 06/18/2020) |
| 06/22/2020 | 148 | MINUTE entry before the Honorable Gary Feinerman:Telephonic hearing scheduled for 6/25/2020 at 2:30 p.m. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 877−336−1828 and the access code is 4082461. Counsel of record will receive an email prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 06/22/2020) |
| 06/22/2020 | 149 | REPLY by Defendants Allen Andrews, Beth Bell, Beth Bell, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks to motion to dismiss, 128 *(Renewed and Supplemental) In Support of* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B)(Schroeder, Sara) (Entered: 06/22/2020) |
| 06/24/2020 | 150 | ATTORNEY Appearance for Plaintiff Johnnie Lee Savory by Julia Therese Rickert (Rickert, Julia) (Entered: 06/24/2020) |
| 06/25/2020 | 151 | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. Defendants' motion to dismiss 128 is entered and continued. The stay of discovery 114 is lifted. The parties shall file a joint status report by 7/8/2020. Telephonic status hearing set for 7/14/2020 at 9:30 a.m. Attorneys should appear for this hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 06/26/2020) |
| 07/08/2020 | 152 | STATUS Report by Johnnie Lee Savory (Pierce, Megan) (Entered: 07/08/2020) |
| 07/09/2020 | 153 | MINUTE entry before the Honorable Gary Feinerman:By agreement 152 , the following schedule is entered. The parties shall serve their written discovery responses by 8/7/2020. Motions to amend the pleadings or add new parties shall be filed by 10/15/2021. Fact discovery shall close 1/7/2022. Rule 26(a)(1) disclosures |

|  |  |  |
|---|---|---|
|  |  | shall be served by 2/4/2022. Rebuttal Rule 26(a)(2) disclosures shall be served by 3/4/2022. Experts shall be deposed by 4/8/2022. The status hearing set for 7/14/2020 151 is stricken and re−set for 10/20/2020 at 9:00 a.m. By 10/16/2020, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in this order; and (4) whether there is a need for the 10/20/2020 status hearing. Attorneys/Parties should appear by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 07/09/2020) |
| 07/10/2020 | 154 | ORDER Fifth Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in−person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in−court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk3, Docket) (Entered: 07/10/2020) |
| 10/16/2020 | 155 | STATUS Report by Johnnie Lee Savory (Pierce, Megan) (Entered: 10/16/2020) |
| 10/19/2020 | 156 | MINUTE entry before the Honorable Gary Feinerman:By agreement 155 , the status hearing set for 10/20/2020 153 is stricken and re−set for 12/15/2020 at 9:30 a.m. By 12/8/2020, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) whether there are any foreseeable obstacles to meeting the deadlines set forth in the 7/9/2020 order 153 ; (4) whether there is a need for the 12/15/2020 status hearing; and (5) whether they would like a settlement conference with the Magistrate Judge. The 7/9/2020 order 153 is amended to provide that the 2/4/2022 deadline is for Rule 26(a)(2) (not Rule 26(a)(1)) disclosures. A ruling on Defendants' motion to dismiss 128 will issue shortly, and the parties shall proceed on the assumption that the motion will be denied in its entirety or in large part. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 10/19/2020) |
| 12/08/2020 | 157 | STATUS Report *Joint Status Report* by Johnnie Lee Savory (Art, Steven) (Entered: 12/08/2020) |
| 12/09/2020 | 158 | MINUTE entry before the Honorable Gary Feinerman:By agreement 157 , the status hearing set for 12/15/2020 156 is stricken and re−set for 3/17/2021 at 9:00 a.m. By 3/10/2021, the parties shall file a joint status report addressing: (1) the discovery they |

| | | |
|---|---|---|
| | | have completed; (2) the discovery that remains to be taken; (3) whether there are any foreseeable obstacles to meeting the deadlines set forth in the 7/9/2020 order <u>153</u> ; (4) whether there is a need for the 3/17/2021 status hearing; and (5) whether they would like a settlement conference with the Magistrate Judge. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 12/09/2020) |
| 01/29/2021 | <u>159</u> | MOTION by Defendants Allen Andrews, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks for protective order *for HIPAA and Mental Health and to Challenge Plaintiff's Psychotherapist−Patient Privilege Assertion* (Attachments: # <u>1</u> Exhibit List, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F)(Pallini, Samantha) (Entered: 01/29/2021) |
| 01/29/2021 | <u>160</u> | NOTICE of Motion by Samantha J. Pallini for presentment of motion for protective order,, <u>159</u> before Honorable Gary Feinerman on 2/3/2021 at 09:00 AM. (Pallini, Samantha) (Entered: 01/29/2021) |
| 01/29/2021 | <u>161</u> | AMENDED motion for protective order,, <u>159</u> *Corrected Exhibit B (Dkt. 159−3)* (Pallini, Samantha) (Entered: 01/29/2021) |
| 01/29/2021 | <u>162</u> | MINUTE entry before the Honorable Gary Feinerman:Motion for protective order <u>159</u> is entered and continued. Plaintiff shall respond to the motion by 2/12/2021; Defendants shall reply by 2/19/2021. Motion hearing set for 2/26/2021 at 9:15 a.m. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 01/29/2021) |
| 02/01/2021 | <u>163</u> | MINUTE entry before the Honorable Gary Feinerman:Motion hearing set for 2/3/2021 <u>160</u> is stricken.Mailed notice. (jlj, ) (Entered: 02/01/2021) |
| 02/12/2021 | <u>164</u> | RESPONSE by Johnnie Lee Savoryin Opposition to MOTION by Defendants Allen Andrews, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown <u>159</u> *Plaintiff Johnnie Lee Savory's Response in Opposition to Defendants' Motion Challenging Plaintiff's Pyschotherapist−Patient Privilege Assertion And For Entry of HIPAA and Mental Health Protective Order* (Attachments: # <u>1</u> Exhibit A − Proposed HIPAA and Mental Health Protective Order, # <u>2</u> Exhibit B − Dkt. 92 − Order on Motion to Quash, # <u>3</u> Exhibit C − Dkt. 104 − HIPAA And Mental Health |

| | | |
|---|---|---|
| | | Confidentiality Protective Order, # 4 Exhibit D − Dkt. 89 − Qualified HIPAA And MHDDCA Protective Order, # 5 Exhibit E − Dkt. 92 − Order on Motion to Quash, # 6 Exhibit F − Dkt. 158 − Notification of Docket Entry)(Rickert, Julia) (Entered: 02/12/2021) |
| 02/19/2021 | 165 | REPLY by Defendants Allen Andrews, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks (Attachments: # 1 Exhibit A)(Pallini, Samantha) (Entered: 02/19/2021) |
| 02/26/2021 | 166 | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. For the reasons stated on the record, Defendants' motion for a protective order 159 is granted in part and denied in part. The parties shall submit a protective order implementing the court's ruling to Judge Feinerman's proposed order email. The 3/17/2021 status hearing 158 shall stand. Attorneys/Parties should appear for the 3/17/2021 status hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 03/03/2021) |
| 03/08/2021 | 167 | PROTECTIVE Order Signed by the Honorable Gary Feinerman on 3/8/2021.Mailed notice.(jlj, ) (Entered: 03/08/2021) |
| 03/10/2021 | 168 | STATUS Report *Joint* by Allen Andrews, Beth Bell(Special Representative of John Timmes), Beth Bell(Special Representative of Peter Gerontes), Beth Bell(Special Representative of Russell Buck ), Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks (Schroeder, Sara) (Entered: 03/10/2021) |
| 03/11/2021 | 169 | MINUTE entry before the Honorable Gary Feinerman:Given the status report 168 , the status heating set for 3/17/2021 18 is stricken and re−set for 5/21/2021 at 9:00 a.m. By 5/14/2021, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in the 7/9/2020 order 153 ; (4) whether both sides would like a settlement conference with the Magistrate Judge; and (5) whether there is a need for the 5/21/2021 status hearing. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 03/11/2021) |
| 03/31/2021 | 170 | |

| | | |
|---|---|---|
| | | MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendants' motion to dismiss 128 is granted in part and denied in part. The Fourteenth Amendment malicious prosecution claim, the Thirteenth Amendment claim, and the respondeat superior claim are dismissed with prejudice. The portions of the failure to intervene and indemnification claims that rest on the dismissed federal claims also are dismissed with prejudice. The motion to dismiss is denied in all other respects. Defendants shall answer the surviving portions of the complaint by 4/21/2021. Plaintiff's claims against Defendant Dennis Jenkins are voluntarily dismissed with prejudice (Dkt. 137 at 9 n.3), so the Clerk is directed to terminate him as a party defendant. Mailed notice. (jlj, ) (Entered: 03/31/2021) |
| 03/31/2021 | 171 | MEMORANDUM Opinion and Order Signed by the Honorable Gary Feinerman on 3/31/2021.Mailed notice.(jlj, ) (Entered: 03/31/2021) |
| 04/21/2021 | 172 | ANSWER to Complaint with Jury Demand by Allen Andrews, Beth Bell(Special Representative of John Timmes), Beth Bell(Special Representative of Peter Gerontes), Beth Bell(Special Representative of Russell Buck ), Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks(Sotos, James) (Entered: 04/21/2021) |
| 05/11/2021 | 173 | MOTION by Defendants Allen Andrews, Beth Bell, Beth Bell, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks for protective order *(Agreed)* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schroeder, Sara) (Entered: 05/11/2021) |
| 05/12/2021 | 174 | MOTION by Defendants Allen Andrews, Beth Bell, Beth Bell, Beth Bell, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks Unopposed to Substitute in Stefanie Tarr, City Clerk of the City of Peoria, as Special Representative for the Estates of John Timmes, Russell Buck, and Peter Gerontes (Timbo, John) (Entered: 05/12/2021) |
| 05/12/2021 | 175 | NOTICE of Motion by John J. Timbo for presentment of motion for miscellaneous relief, 174 before Honorable Gary Feinerman on 5/18/2021 at 09:00 AM. (Timbo, John) (Entered: 05/12/2021) |
| 05/12/2021 | 176 | MINUTE entry before the Honorable Gary Feinerman:Motion for protective order 173 is granted. Enter agreed confidentiality order. Entry of the confidentiality order is without prejudice to any party or non−party moving to unseal any sealed document on the docket.Mailed notice. (jlj, ) (Entered: 05/12/2021) |
| 05/12/2021 | 177 | PROTECTIVE Order Signed by the Honorable Gary Feinerman on 5/12/2021.Mailed notice.(jlj, ) (Entered: 05/12/2021) |
| 05/13/2021 | 178 | MINUTE entry before the Honorable Gary Feinerman:Motion to substitute 174 is granted. The Clerk is directed to substitute Stefanie Tarr for Beth Ball as a party defendant, in particular, as the Special Representative of Russell Buck, Peter Gerontes, and John Timmes. Motion hearing set for 5/18/2021 175 is stricken.Mailed notice. (jlj, ) (Entered: 05/13/2021) |

| 05/14/2021 | 179 | STATUS Report *(Joint)* by Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks (Schroeder, Sara) (Entered: 05/14/2021) |
|---|---|---|
| 05/17/2021 | 180 | MINUTE entry before the Honorable Gary Feinerman: By agreement 179 , the status hearing set for 5/21/2021 169 is stricken and re−set for 7/27/2021 at 9:15 a.m. By 7/20/2021, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in the 7/9/2020 order 153 ; (4) whether both sides would like a settlement conference with the Magistrate Judge; and (5) whether there is a need for the 7/27/2021 status hearing. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 05/17/2021) |
| 06/29/2021 | 181 | ATTORNEY Appearance for Plaintiff Johnnie Lee Savory by Lindsay Hagy (Hagy, Lindsay) (Entered: 06/29/2021) |
| 07/01/2021 | 182 | ATTORNEY Appearance for Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks by Kyle Taylor Christie (Christie, Kyle) (Entered: 07/01/2021) |
| 07/20/2021 | 183 | STATUS Report by Johnnie Lee Savory (Pierce, Megan) (Entered: 07/20/2021) |
| 07/22/2021 | 184 | MINUTE entry before the Honorable Gary Feinerman:By agreement 183 , the status hearing set for 7/27/2021 180 is stricken and re−set for 10/8/2021 at 9:15 a.m. By 10/1/2021, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in the 7/9/2020 order 153 ; (4) whether both sides would like a settlement conference with the Magistrate Judge; and (5) whether there is a need for the 10/8/2021 status hearing. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 07/22/2021) |
| 08/06/2021 | 185 | ATTORNEY Appearance for Plaintiff Johnnie Lee Savory by Brad Thomson (Thomson, Brad) (Entered: 08/06/2021) |

| 08/10/2021 | 186 | MOTION by Defendant City of Peoria, Illinois to bifurcate *and*, MOTION by Defendant City of Peoria, Illinois to stay *Discovery of Plaintiff's Monell Claims* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Christie, Kyle) (Entered: 08/10/2021) |
|---|---|---|
| 08/11/2021 | 187 | MINUTE entry before the Honorable Gary Feinerman:Motion to bifurcate 186 is entered and continued. Plaintiff shall respond to the motion by 8/24/2021; Defendants shall reply by 8/31/2021. The parties should hold off on discovery that indisputably is exclusively Monell discovery pending resolution of the motion. Motion hearing set for 9/9/2021 at 9:00 a.m. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 08/11/2021) |
| 08/25/2021 | 188 | RESPONSE by Johnnie Lee Savoryin Opposition to MOTION by Defendant City of Peoria, Illinois to bifurcate *and*MOTION by Defendant City of Peoria, Illinois to stay *Discovery of Plaintiff's Monell Claims* 186 (Attachments: # 1 Exhibit Exhibit 1)(Hagy, Lindsay) (Entered: 08/25/2021) |
| 08/27/2021 | 189 | MINUTE entry before the Honorable Gary Feinerman:The motion hearing set for 9/9/2021 187 is stricken and re–set for 9/2/2021 at 9:30 a.m. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 08/27/2021) |
| 08/31/2021 | 190 | REPLY by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Dennis Jenkins, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks to motion to bifurcate,, motion to stay, 186 (Christie, Kyle) (Entered: 08/31/2021) |
| 09/02/2021 | 191 | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. Motion to bifurcate 186 is taken under advisement. The 10/8/2021 status hearing 184 shall stand. Attorneys/Parties should appear for the 10/8/2021 hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media |

| | | |
|---|---|---|
| | | credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 09/02/2021) |
| 10/01/2021 | 192 | STATUS Report *Joint* by Johnnie Lee Savory (Hagy, Lindsay) (Entered: 10/01/2021) |
| 10/04/2021 | 193 | MINUTE entry before the Honorable Gary Feinerman: By agreement 192 , the status hearing set for 10/8/2021 184 is stricken and re−set for 12/20/2021 at 9:00 a.m. By 12/13/2021, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in the 7/9/2020 order 153 ; (4) whether both sides would like a settlement conference with the Magistrate Judge; and (5) whether there is a need for the 12/20/2021 status hearing. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 10/04/2021) |
| 11/01/2021 | 194 | MOTION by Plaintiff Johnnie Lee Savory *for entry of the proposed ESI protocol, unopposed* (Attachments: # 1 Exhibit A)(Pierce, Megan) (Entered: 11/01/2021) |
| 11/02/2021 | 195 | ATTORNEY Appearance for Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks by Mark F. Smolens (Smolens, Mark) (Entered: 11/02/2021) |
| 11/04/2021 | 196 | MINUTE entry before the Honorable Gary Feinerman:Plaintiff's unopposed motion for entry of the proposed ESI protocol 194 is granted. Enter Discovery Plan for Electronically Stored Information.Mailed notice. (jlj, ) (Entered: 11/04/2021) |
| 11/04/2021 | 197 | ORDER Signed by the Honorable Gary Feinerman on 11/4/2021.Mailed notice.(jlj, ) (Entered: 11/04/2021) |
| 12/10/2021 | 198 | STATUS Report *Joint* by Johnnie Lee Savory (Pierce, Megan) (Entered: 12/10/2021) |
| 12/13/2021 | 199 | MINUTE entry before the Honorable Gary Feinerman:By agreement 198 , the schedule is amended as follows. Fact discovery shall close 5/27/2022. Rule 26(a)(2) disclosures shall be served by 6/24/2022. Rebuttal Rule 26(a)(2) disclosures shall be served by 7/22/2022. Experts shall be deposed by 8/26/2022. By agreement 198 , the status hearing set for 12/20/2021 193 is stricken and re−set for 2/28/2022 at 9:15 a.m. By 2/25/2022, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in this order; (4) whether both sides would like a settlement conference with the Magistrate Judge; and (5) whether there is a need for the 2/28/2022 status hearing. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the |

| | | general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 12/13/2021) |
|---|---|---|
| 02/23/2022 | 200 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 2/28/2022 199 is stricken and re−set for 3/2/2022 at 9:15 a.m. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 02/23/2022) |
| 02/25/2022 | 201 | STATUS Report *Joint* by Johnnie Lee Savory (Hagy, Lindsay) (Entered: 02/25/2022) |
| 02/28/2022 | 202 | MINUTE entry before the Honorable Gary Feinerman:By agreement 201 , the status hearing set for 3/2/2022 200 is stricken and re−set for 5/6/2022 at 9:15 a.m. By 4/29/2022, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in the 12/13/2021 order 199 ; (4) whether both sides would like a settlement conference with the Magistrate Judge; and (5) whether there is a need for the 5/6/2022 status hearing. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 02/28/2022) |
| 03/14/2022 | 203 | MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant City of Peoria's motion to bifurcate and stay 186 is granted. Trial of Plaintiff's Monell claim against Defendant City is bifurcated from trial of Plaintiff's claims against the defendant officers, and discovery that pertains exclusively to the Monell claim is stayed absent further court order. Mailed notice. (jlj, ) (Entered: 03/14/2022) |
| 03/14/2022 | 204 | MEMORANDUM Opinion and Order written by the Honorable Gary Feinerman on 3/14/2022.Mailed notice.(jlj, ) (Entered: 03/14/2022) |
| 04/19/2022 | 205 | MOTION by Plaintiff Johnnie Lee Savory to stay *Defendants' Subpoenas for the Depositions of Frank and Ella Ivy* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Thomson, Brad) (Entered: 04/19/2022) |
| 04/20/2022 | 206 | RESPONSE by Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie |

| | | |
|---|---|---|
| | | Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarksin Opposition to MOTION by Plaintiff Johnnie Lee Savory to stay *Defendants' Subpoenas for the Depositions of Frank and Ella Ivy* 205 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Pallini, Samantha) (Entered: 04/20/2022) |
| 04/20/2022 | 207 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held. As stated on the record (recorded at the deposition by counsel reporter), Plaintiff's motion to stay Defendants' subpoenas for the depositions of Frank and Ella Ivy 205 is granted in part and denied in part. The depositions shall not take place on 4/20/2022 or 4/21/2022, and Defendants shall have the opportunity to question the deponents first. To be clear, the court's resolution of this motion does not arise from a desire to effectuate rough justice or to split the baby, but rather results from an independent evaluation of each issue. Given the recently emerged scheduling issues with Plaintiff's counsel, a postponement of the depositions was appropriate. And given the circumstances stated on the record, it is appropriate for Defendants to question the deponents first.Mailed notice. (jlj, ) Modified on 4/21/2022 (jlj, ). (Entered: 04/21/2022) |
| 04/29/2022 | 208 | STATUS Report by Johnnie Lee Savory (Thomson, Brad) (Entered: 04/29/2022) |
| 05/02/2022 | 209 | MINUTE entry before the Honorable Gary Feinerman:By agreement 208 , the schedule is amended as follows. Fact discovery shall close 8/25/2022. Rule 26(a)(2) disclosures shall be served by 9/22/2022. Rebuttal Rule 26(a)(2) disclosures shall be served by 10/20/2022. Experts shall be deposed by 11/17/2022. By agreement 208 , the status hearing set for 5/6/2022 202 is stricken and re–set for 6/29/2022 at 9:15 a.m. By 6/28/2022, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in this order; (4) whether both sides would like a settlement conference with the Magistrate Judge; and (5) whether there is a need for the 6/29/2022 status hearing. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 05/02/2022) |
| 05/05/2022 | 210 | NOTICE by Locke E. Bowman, III of Change of Address (Bowman, Locke) (Entered: 05/05/2022) |
| 06/23/2022 | 211 | MINUTE entry before the Honorable Gary Feinerman:The 5/2/2022 order 209 is amended to provide that the joint status report shall be filed by 6/27/2022 (not 6/28/2022).Mailed notice. (jlj, ) (Entered: 06/23/2022) |
| 06/27/2022 | 212 | STATUS Report *Joint* by Johnnie Lee Savory (Hagy, Lindsay) (Entered: 06/27/2022) |
| 06/28/2022 | 213 | MINUTE entry before the Honorable Gary Feinerman: By agreement 212 , the status hearing st for 6/29/2022 209 is stricken and re–set for 8/12/2022 at 9:15 a.m. By 8/5/2022, the parties shall file a joint status report addressing: (1) the discovery they |

| | | |
|---|---|---|
| | | have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in the 5/2/2022 order 209 ; (4) whether both sides would like a settlement conference with the Magistrate Judge; and (5) whether there is a need for the 8/12/2022 status hearing. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 06/28/2022) |
| 07/12/2022 | 214 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks to withdraw *Appearance of Jeffrey N. Given* (Sotos, James) (Entered: 07/12/2022) |
| 07/15/2022 | 215 | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw as counsel 214 is granted. Attorney Jeffrey Given is terminated as counsel for Defendants. Mailed notice. (jlj, ) (Entered: 07/15/2022) |
| 08/03/2022 | 216 | MOTION by Plaintiff Johnnie Lee Savory for extension of time to complete discovery *Unopposed* (Pierce, Megan) (Entered: 08/03/2022) |
| 08/04/2022 | 217 | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time to complete discovery 216 is granted. By agreement, the schedule is amended as follows. Fact discovery shall close 11/23/2022. Rule 26(a)(2) disclosures shall be served by 12/21/2022. Rebuttal Rule 26(a)(2) disclosures shall be served by 1/18/2023. Experts shall be deposed by 2/15/2023. Given the amended schedule, the status hearing set for 8/12/2022 213 is stricken and re–set for 9/14/2022 at 9:00 a.m. By 9/7/2022, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in this order; (4) whether both sides would like a settlement conference with the Magistrate Judge; (5) whether and, if so, approximately when Defendants might renew their motion to transfer to the Central District of Illinois; and (6) whether there is a need for the 9/14/2022 status hearing. Attorneys/Parties should appear for the hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 08/04/2022) |
| 09/02/2022 | 218 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks for Additional |

| | | |
|---|---|---|
| | | Time to Depose Plaintiff (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Christie, Kyle) (Entered: 09/02/2022) |
| 09/06/2022 | 219 | MINUTE entry before the Honorable Gary Feinerman:Defendants' motion for additional time to depose Plaintiff 218 is entered and continued. Plaintiff shall respond to the motion by 9/9/2022; Defendants shall reply by 9/13/2022 at 2:00 CT. Motion hearing set for 9/14/2022 at 9:00 a.m. Attorneys/Parties should appear for the 9/14/2022 hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 09/06/2022) |
| 09/07/2022 | 220 | STATUS Report *JOINT* by Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks (Christie, Kyle) (Entered: 09/07/2022) |
| 09/09/2022 | 221 | RESPONSE by Johnnie Lee Savoryin Opposition to MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Ta 218 (Attachments: # 1 Exhibit 1 Pinkney Deposition, # 2 Exhibit 2 Defendants' July 11, 2022, letter, # 3 Exhibit 3. Plaintiff's July 27, 2022, letter, # 4 Exhibit 4. Parties' emails following Rule 37 call, # 5 Exhibit 5. Plaintiff's August 3, 2022, email with counter–proposal, # 6 Exhibit 6. August 10, 2022, letter, # 7 Exhibit 7. Edgar Haynes Deposition, # 8 Exhibit 8. Fiers 10/14/2021 Deposition, # 9 Exhibit 9. Dunlavey June 10, 2022 Deposition)(Hagy, Lindsay) (Entered: 09/09/2022) |
| 09/13/2022 | 222 | REPLY by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks to motion for miscellaneous relief, 218 *in Support of Their Motion For Additional Time to Depose Plaintiff* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Schroeder, Sara) (Entered: 09/13/2022) |
| 09/14/2022 | 223 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 11/17/2022 at 9:15 a.m. Motion hearing held. Defendants'' motion for additional time to depose Plaintiff 218 is taken under advisement. By 11/10/2022, the parties shall file a joint status report addressing: (1) the discovery they have completed thus far; (2) the discovery that remains to be taken; (3) whether there are any foreseeable obstacles to meeting the deadlines set forth in the 8/4/2022 order 217 ; (4) whether they would like a settlement conference with the Magistrate Judge; and (5) whether there is a need for the 11/17/2022 status hearing. Attorneys/Parties should appear for the 11/17/2022 hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to |

| | | |
|---|---|---|
| | | call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 09/14/2022) |
| 09/30/2022 | 224 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks for Leave to File Motion In Limine for a Pretrial Determination of the Inadmissibility of Plaintiff's General Pardon (Attachments: # 1 Exhibit A)(Sotos, James) (Entered: 09/30/2022) |
| 09/30/2022 | 225 | RESPONSE by Johnnie Lee Savory to MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Ta 224 (Art, Steven) (Entered: 09/30/2022) |
| 10/03/2022 | 226 | MINUTE entry before the Honorable Gary Feinerman:Defendants' motion for leave to file motion in limine for a pretrial determination of the inadmissibility of Plaintiff's general pardon 224 is granted. Defendants shall file their motion in limine as a separate docket entry. Plaintiff shall respond to the motion in limine by 10/21/2022; Defendants shall reply by 11/1/2022. Motion hearing set for 11/4/2022 at 9:30 a.m. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 10/03/2022) |
| 10/03/2022 | 227 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarksin limine *for a Pre−Trial Determination of the Inadmissibility of Plaintiff's General Pardon* (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Sotos, James) (Entered: 10/03/2022) |
| 10/17/2022 | 228 | MOTION by Defendant Marcella Brown Teplitz for protective order *to Preclude Plaintiff from Seeking Additional Time to Depose Defendant Marcella Brown Teplitz* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Schroeder, Sara) (Entered: 10/17/2022) |
| 10/18/2022 | 229 | MINUTE entry before the Honorable Gary Feinerman:Defendant Teplitz's motion for protective order 228 is denied without prejudice as premature. If Plaintiff wishes additional time to depose Defendant Marcella Brown Teplitz, he should file a motion under Civil Rule 30(d)(1) that, in addition to raising any other matters he wishes to |

| | | |
|---|---|---|
| | | address, responds to the arguments presented by Defendant Teplitz in her filing <u>228</u> . Mailed notice. (jlj, ) (Entered: 10/18/2022) |
| 10/21/2022 | <u>230</u> | RESPONSE by Johnnie Lee Savoryin Opposition to MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Ta <u>227</u> (Attachments: # <u>1</u> Exhibit A − Pardon, # <u>2</u> Exhibit B − City Discovery Responses)(Pierce, Megan) (Entered: 10/21/2022) |
| 10/25/2022 | <u>231</u> | MINUTE entry before the Honorable Gary Feinerman: The motion hearing set for 11/4/2022 <u>226</u> is stricken and re−set for 11/7/2022 at 10:15 a.m. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 10/25/2022) |
| 10/27/2022 | <u>232</u> | STATUS Report *to Inform Court of Lost ESI* by Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Marcella Brown Teplitz, Carl Tiarks (Schroeder, Sara) (Entered: 10/27/2022) |
| 11/01/2022 | <u>233</u> | REPLY by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks to motion in limine,, <u>227</u> *for a Pre−Trial Determination of the Inadmissibility of Plaintiff's General Pardon (In Support Of)* (Sotos, James) (Entered: 11/01/2022) |
| 11/07/2022 | <u>234</u> | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. For the reasons stated on the record, Defendants' motion in limine for a pretrial determination of the inadmissibility of Plaintiff's general pardon <u>227</u> is granted in part and denied in part. The general pardon is admissible as to the favorable termination of Plaintiff's criminal case, but not as evidence, one way or the other, that Plaintiff was guilty or innocent of the charged crimes. The deadline for filing the joint status report is extended to 11/14/2022. Mailed notice. (jlj, ) (Entered: 11/08/2022) |
| 11/08/2022 | <u>235</u> | MOTION by Plaintiff Johnnie Lee Savory for Additional Time to Depose Defendant Marcella Brown Teplitz (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C)(Art, Steven) (Entered: 11/08/2022) |
| 11/09/2022 | <u>236</u> | MINUTE entry before the Honorable Gary Feinerman:Motion for additional time to depose defendant Marcella Brown Teplitz <u>235</u> is entered and continued to 11/29/2022 at 9:15 a.m. Defendants shall respond to the motion by 11/15/2022; Plaintiff shall reply by 11/22/2022. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not |

| | | |
|---|---|---|
| | | speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 11/09/2022) |
| 11/15/2022 | 237 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 11/17/2022 223 is stricken and re−set for 11/22/2022 at 9:15 a.m. Attorneys/Parties should appear for the 11/22/2022 hearing by calling the Toll−Free Number: (877) 336−1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 11/15/2022) |
| 11/15/2022 | 238 | STATUS Report *JOINT* by Johnnie Lee Savory (Art, Steven) (Entered: 11/15/2022) |
| 11/15/2022 | 239 | RESPONSE by Defendant Marcella Brown Teplitz to motion for miscellaneous relief 235 *Plaintiff's Motion For Additional Time to Depose Defendant Marcella Brown Teplitz* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Schroeder, Sara) (Entered: 11/15/2022) |
| 11/17/2022 | 240 | MOTION by Plaintiff Johnnie Lee Savory to compel *DEFENDANT CITY OF PEORIA'S PRODUCTION OF DOCUMENTS RELATED TO THE TOPICS IN PLAINTIFF'S RULE 30(b)(6) NOTICE* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P)(Pierce, Megan) (Entered: 11/17/2022) |
| 11/18/2022 | 241 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks for extension of time to complete discovery *Defendants' Motion for Additional Time to Respond to Plaintiff's Second and Third Requests for Admission* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Schroeder, Sara) (Entered: 11/18/2022) |
| 11/21/2022 | 242 | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time to complete discovery 241 is granted. The deadline for Defendants to respond to Plaintiff's second and third set of requests for admission is extended to 11/23/2022. Mailed notice. (jlj, ) (Entered: 11/21/2022) |
| 11/21/2022 | 243 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 11/22/2022 237 is stricken. The 11/29/2022 motion hearing 236 shall stand.Mailed notice. (jlj, ) (Entered: 11/21/2022) |
| 11/22/2022 | 244 | MOTION by Plaintiff Johnnie Lee Savory for extension of time to complete discovery *JOINT* (Pierce, Megan) (Entered: 11/22/2022) |
| 11/22/2022 | 245 | |

| | | |
|---|---|---|
| | | REPLY by Johnnie Lee Savory to Response, <u>239</u> , MOTION by Plaintiff Johnnie Lee Savory for Additional Time to Depose Defendant Marcella Brown Teplitz <u>235</u> (Attachments: # <u>1</u> Exhibit A (Judge Seeger Standing Order re Depositions), # <u>2</u> Exhibit B (Judge Castillo's Deposition Rules), # <u>3</u> Exhibit C (Handwritten Notes), # <u>4</u> Exhibit D (Handwritten Notes))(Bowman, Locke) (Entered: 11/22/2022) |
| 11/28/2022 | <u>246</u> | ORDER written by the Honorable Gary Feinerman on 11/28/2022: For the reasons and to the extent set forth below, Defendants' motion for additional time to depose Plaintiff <u>218</u> is granted in part and denied in part.Mailed notice.(jlj, ) (Entered: 11/28/2022) |
| 11/29/2022 | <u>247</u> | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. Plaintiff's motion to compel <u>240</u> is entered and continued to 12/19/2022 at 9:00 a.m. By 12/14/2022, the parties shall file a status report as to the motion to compel. For the reasons and to the extent stated on the record, Plaintiff's motion for additional time to depose Defendant Marcella Brown Teplitz <u>235</u> is granted in part and denied in part. Motion for extension of time <u>244</u> is granted. By agreement, the schedule is amended as follows. Fact discovery shall close 2/6/2023. Rule 26(a)(2) disclosures shall be served by 3/23/2023. Rebuttal Rule 26(a)(2) disclosures shall be served by 4/22/2023. Experts shall be deposed by 5/20/2023. Status hearing set for 1/25/2023 at 9:00 a.m. By 1/18/2023, the parties shall file a joint status report addressing: (1) the discovery they have completed; (2) the discovery that remains to be taken; (3) any foreseeable obstacles to meeting the deadlines set forth in this order; (4) whether both sides would like a settlement conference with the Magistrate Judge; (5) when Defendants might renew their motion to transfer to the Central District of Illinois; and (6) whether there is a need for the 1/25/2023 status hearing. Attorneys/Parties should appear for the 1/25/2023 hearing by calling the Toll–Free Number: (877) 336–1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 11/30/2022) |
| 12/02/2022 | <u>248</u> | STATUS Report *to Inform Court of Lost ESI, Supplemental,* by Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Marcella Brown Teplitz, Carl Tiarks (Pallini, Samantha) (Entered: 12/02/2022) |
| 12/12/2022 | <u>249</u> | MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks to withdraw *Appearance of Samantha J. Pallini* (Sotos, James) (Entered: 12/12/2022) |
| 12/13/2022 | <u>250</u> | MINUTE entry before the Honorable Gary Feinerman:Motion to withdraw <u>249</u> is granted. Attorney Samantha Pallini is terminated as counsel for Defendants. Mailed notice. (jlj, ) (Entered: 12/13/2022) |
| 12/14/2022 | <u>251</u> | |

| | | |
|---|---|---|
| | | STATUS Report *(Joint)* by Johnnie Lee Savory (Pierce, Megan) (Entered: 12/14/2022) |
| 12/15/2022 | <u>252</u> | MINUTE entry before the Honorable Gary Feinerman:By agreement, motion to compel <u>240</u> is denied as moot. The motion hearing set for 12/19/2022 <u>247</u> is stricken. The 1/25/2023 status hearing <u>247</u> shall stand. Mailed notice. (jlj, ) (Entered: 12/15/2022) |
| 12/28/2022 | <u>253</u> | ORDER OF THE EXECUTIVE COMMITTEE. The Honorable Gary S. Feinerman will resign his Commission as a United States District Judge effective December 31, 2022. IT IS HEREBY ORDERED That the civil cases on the attached list are to be reassigned to the other judges of this Court as indicated, pursuant to Local Rule 40.1(f). IT IS ALSO ORDERED That any civil case that was assigned to the Honorable Gary S. Feinerman and may require further judicial action in the future, shall be reassigned by lot to a judge of this Court. Case reassigned to the Honorable Sara L. Ellis for all further proceedings. Honorable Gary Feinerman no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 12/28/2022. (exr, ) (Entered: 12/28/2022) |
| 12/29/2022 | <u>254</u> | ANNUAL REMINDER: Pursuant to <u>Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this</u> <u>LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022)</u> |
| 01/01/2023 | <u>255</u> | MINUTE entry before the Honorable Sara L. Ellis: Telephone Conference set for 1/25/2023 at 9:30 AM. This case has been re−assigned to the calendar of Judge Sara L. Ellis. All previously set status dates are stricken. All previously set discovery schedules remain intact. All previously set briefing schedules remain intact. Parties will not be required to file proposed orders along with their motions. All noticed motion dates are vacated. The Court will set new dates for filed but un−noticed motions at the reassignment joint status conference. The parties are directed not to notice any motions, with the exception of emergency motions, prior to appearing at the reassignment joint status conference. For all emergency motions arising prior to the date scheduled for the reassignment joint status conference, the parties are directed to contact chambers. To help the Court learn about the case, it is hereby ordered that by 1/18/2023, counsel are to confer, prepare, and file a joint status report, not to exceed five pages. If the defendant's counsel has not yet filed an appearance, the status report should be prepared by the plaintiff's counsel. The report shall contain the information requested in the attached Initial Status Report For Reassigned Case in the format provided. Mailed notice (Attachments: # <u>1</u> Initial Status Report for Reassigned Case) (rj, ) (Entered: 01/01/2023) |
| 01/18/2023 | <u>256</u> | STATUS Report *JOINT* by Johnnie Lee Savory (Pierce, Megan) (Entered: |

| | | |
|---|---|---|
| | | 01/18/2023) |
| 01/20/2023 | 257 | MOTION by Plaintiff Johnnie Lee Savory for leave to file excess pages *for Plaintiff's Motion to Compel* (Attachments: # 1 Exhibit Joint Motion Regarding Plaintiff's Request for a Second Deposition of Defendant Jatkowski, # 2 Exhibit Exhibit List, # 3 Exhibit Exhibit A, # 4 Exhibit Exhibit B, # 5 Exhibit Exhibit C, # 6 Exhibit Exhibit D, # 7 Exhibit Exhibit E, # 8 Exhibit Exhibit F, # 9 Exhibit Exhibit G, # 10 Exhibit Exhibit H, # 11 Exhibit Exhibit I, # 12 Exhibit Exhibit J, # 13 Exhibit Exhibit K, # 14 Exhibit Exhibit L, # 15 Exhibit Exhibit M, # 16 Exhibit Exhibit N, # 17 Exhibit Exhibit O, # 18 Exhibit Exhibit P)(Pierce, Megan) (Entered: 01/20/2023) |
| 01/23/2023 | 258 | MINUTE entry before the Honorable Sara L. Ellis: Telephone conference set for 1/25/2023 at 9:30 a.m. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (866) 434−5269, Access Code: 8087837. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call−in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (rj, ) (Entered: 01/23/2023) |
| 01/25/2023 | 259 | MINUTE entry before the Honorable Sara L. Ellis: Telephone conference held on 1/25/2023. Motion to compel 257 is entered and continued to 2/1/2023 at 9:45 AM. Fact discovery is extended through 2/20/23. Expert discovery schedule: expert disclosures are due by 4/22/23; rebuttal disclosures 5/22/23; expert discovery closes 6/20/23. Referral entered to magistrate judge for settlement conference. Next status date set for 6/28/23 at 9:30 a.m. to report on settlement and set summary judgment briefing schedule. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (866) 434−5269, Access Code: 8087837. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call−in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (rj, ) (Entered: 01/25/2023) |
| 01/25/2023 | 260 | TRANSCRIPT OF PROCEEDINGS held on 11/29/22 before the Honorable Gary Feinerman. Court Reporter Contact Information: Charles R. Zandi, 312/435−5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |
| | | Redaction Request due 2/15/2023. Redacted Transcript Deadline set for 2/27/2023. Release of Transcript Restriction set for 4/25/2023. (Zandi, Charles) (Entered: 01/25/2023) |
| 01/26/2023 | 261 | EXECUTIVE COMMITTEE ORDER:Case referred to the Honorable Sheila M. Finnegan for Settlement Conference.. Signed by Executive Committee on 1/26/2023.(jh, ) (Entered: 01/26/2023) |
| 01/27/2023 | 262 | MINUTE entry before the Honorable Sheila M. Finnegan: This case has been referred for a settlement conference should the parties request one. Magistrate Judge telephone status is set on 2/9/2023 at 9:15 a.m. The toll−free number for the next hearing is 877−336−1831, access code 5995354. Persons granted remote access to proceedings are reminded of the prohibition against recording and rebroadcasting of court proceedings. Mailed notice (sxw) (Entered: 01/27/2023) |
| 02/01/2023 | 263 | MINUTE entry before the Honorable Sara L. Ellis: Telephone motion hearing held on 2/1/2023. Parties' joint motion to exceed the page limit for Plaintiff's motion to compel 257 is granted. The Parties' joint motion regarding Plaintiff's request for a second deposition of Defendant Jatkowski [257−1] is granted as stated on the record. The parties are reminded to file motions separately on the docket. Deposition of Defendant Jatkowski shall take place by Zoom for a total of 1.5 hours. If necessary, the Court allows the deposition of Defendant Jatkowski to be taken outside of the closure of fact discovery. Mailed notice (rj, ) (Entered: 02/01/2023) |
| 02/01/2023 | 264 | MOTION by Plaintiff Johnnie Lee Savory to take deposition of Walter Jatkowski (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit List)(Pierce, Megan) (Entered: 02/01/2023) |
| 02/09/2023 | 265 | MINUTE entry before the Honorable Sheila M. Finnegan: The case was called at 9:15 a.m. for status hearing per order dated 1/27/2023 262 . Defense counsel failed to dial in even after the start of the hearing was delayed so efforts could be made to reach defense counsel. The telephone status is reset to 2/10/2023 at 9:15 a.m. The toll−free number for the next hearing is 877−336−1831, access code 5995354. Persons granted remote access to proceedings are reminded of the prohibition against recording and rebroadcasting of court proceedings. Mailed notice (sxw) (Entered: 02/09/2023) |
| 02/10/2023 | 266 | MINUTE entry before the Honorable Sheila M. Finnegan: Magistrate Judge telephone status hearing held on 2/10/2023. The parties report they are agreeable to engage in a settlement conference. Settlement conference (by videoconference) is set for 4/12/2023 at 2:00 p.m. All participants must be available at 1:30 p.m. that day to receive and open a link to Microsoft Teams and be instructed by the courtroom deputy on how to enable the video, unmute the sound, and navigate between a joint virtual room and separate virtual rooms. Plaintiff's counsel is to provide a settlement letter by his suggested date of 2/17/2023. Defense counsel expects to be able to provide a responsive letter by 3/3/2023 but, if necessary, may have until 3/22/2023 to do so. The letters are to be sent by e−mail to Chambers_Finnegan@ilnd.uscourts.gov on the due dates. The parties are directed to review and comply with Magistrate |

| | | |
|---|---|---|
| | | Judge Finnegan's Standing Order for Settlement Conferences (available on the court's website at www.ilnd.uscourts.gov by selecting the link for Magistrate Judge Finnegan and then the link for "Settlement Conferences"). Mailed notice (sxw) (Entered: 02/13/2023) |
| 02/14/2023 | 267 | TRANSCRIPT OF PROCEEDINGS held on 20/01/23 before the Honorable Sara L. Ellis. Order Number: 45124. Court Reporter Contact Information: Patrick Mullen, (312) 435–5565, patrick_mullen@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 3/7/2023. Redacted Transcript Deadline set for 3/17/2023. Release of Transcript Restriction set for 5/15/2023. (Mullen, Patrick) (Entered: 02/14/2023) |
| 02/21/2023 | 268 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks to Transfer Venue to the Central District of Illinois, Peoria Division (Renewed) (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y)(Christie, Kyle) (Entered: 02/21/2023) |
| 02/21/2023 | 269 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks for Leave to File Exhibit Under Seal, Instanter (Christie, Kyle) (Entered: 02/21/2023) |
| 02/21/2023 | 270 | SEALED EXHIBIT by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks regarding MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Ta 269 , MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Ta 268 (Attachments: # 1 Exhibit L, # 2 Exhibit M, # 3 Exhibit S, # 4 Exhibit X)(Christie, Kyle) (Entered: 02/21/2023) |
| 02/21/2023 | 271 | NOTICE of Motion by Kyle Taylor Christie for presentment of motion for |

| | | |
|---|---|---|
| | | miscellaneous relief, 269 , motion for miscellaneous relief,,, 268 before Honorable Sara L. Ellis on 2/28/2023 at 09:45 AM. (Christie, Kyle) (Entered: 02/21/2023) |
| 02/22/2023 | 272 | MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks for Leave to Depose Fact Witnesses After the Fact Discovery Cutoff (Attachments: # 1 Exhibit A)(Christie, Kyle) (Entered: 02/22/2023) |
| 02/22/2023 | 273 | NOTICE of Motion by Kyle Taylor Christie for presentment of motion for miscellaneous relief, 272 before Honorable Sara L. Ellis on 2/28/2023 at 09:45 AM. (Christie, Kyle) (Entered: 02/22/2023) |
| 02/28/2023 | 274 | MINUTE entry before the Honorable Sara L. Ellis: Telephone conference set for 2/28/2023 at 9:45 a.m. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (866) 434−5269, Access Code: 8087837. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call−in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice (rj, ) (Entered: 02/28/2023) |
| 02/28/2023 | 275 | MINUTE entry before the Honorable Sara L. Ellis: Telephone conference held on 2/28/2023. Defendants' motion for leave to file exhibits under seal, instanter 269 is granted. Defendants' motion for leave to depose fact witnesses after the fact discovery cutoff 272 is granted. Briefing schedule on motion to transfer 268 : Plaintiff's response is due by 3/14/2023; Defendants' reply is due by 3/28/2023. Telephone Conference set for 5/10/2023 at 9:30 AM for ruling on motion to transfer. Attorneys/Parties should appear for the hearing by calling the Toll−Free Number: (866) 434−5269, Access Code: 8087837. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call−in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (rj, ) (Entered: 03/01/2023) |
| 03/14/2023 | 276 | RESPONSE by Johnnie Lee Savory to MOTION by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Ta 268 (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Hagy, Lindsay) (Entered: 03/14/2023) |
| 03/28/2023 | 277 | REPLY by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria, Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks to motion for miscellaneous relief,,, 268 *In Support of Their Renewed Motion to Transfer Venue to the Central District of Illinois, Peoria Division* (Attachments: # 1 Exhibit List, # 2 Exhibit Z, # 3 Exhibit AA, # 4 Exhibit BB, # 5 Exhibit CC, # 6 Exhibit DD, # 7 Exhibit EE (Group), # 8 Exhibit FF)(Christie, Kyle) (Entered: 03/28/2023) |
| 04/07/2023 | 278 | MOTION by Plaintiff Johnnie Lee Savory for extension of time *for Expert Discovery Deadlines (Agreed)* (Pierce, Megan) (Entered: 04/07/2023) |
| 04/10/2023 | 279 | NOTICE of Motion by Megan Colleen Pierce for presentment of extension of time 278 before Honorable Sara L. Ellis on 4/18/2023 at 09:45 AM. (Pierce, Megan) (Entered: 04/10/2023) |
| 04/12/2023 | 280 | MINUTE entry before the Honorable Sheila M. Finnegan: Settlement conference held on 4/12/2023. The parties were unable to reach a settlement agreement. Mailed notice (sxw) (Entered: 04/13/2023) |
| 04/17/2023 | 281 | MINUTE entry before the Honorable Sara L. Ellis: The Court grants the parties' motion for extension of time 278 . The Court revises the expert discovery schedule as follows: disclosure of Plaintiff's experts is due by 5/26/2023; Plaintiff's expert depositions completed by 7/12/2023; disclosure of Defendants' experts is due by 8/11/2023; and expert discovery closes on 9/27/2023. Mailed notice (rj, ) (Entered: 04/17/2023) |
| 05/09/2023 | 282 | OPINION AND ORDER Signed by the Honorable Sara L. Ellis on 5/9/2023. For the foregoing reasons, the Court grants Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) 268 . The Court transfers this case to the U.S. District Court for the Central District of Illinois forthwith. Telephone conference set for 5/10/2023 is stricken. Emailed notice. (cdh, ) (Entered: 05/09/2023) |
| 05/09/2023 | 283 | TRANSFERRED to the U.S. District Court for the Central District of Illinois the electronic record. (jh, ) (Entered: 05/09/2023) |
| 05/10/2023 | 284 | Case transferred in from District of Illinois Northern; Case Number 1:17−cv−00204. . (Entered: 05/10/2023) |
| 05/12/2023 | | TEXT ORDER: As this matter has recently been transferred from NDIL, see 283 , a Status Conference is set for 6/7/2023 at 10:00 AM via telephone before Magistrate Judge Jonathan E. Hawley. Counsel are to phone into conference by calling (551) 285−1373 and enter the Meeting ID: 16009516536 when prompted to do so. Entered by Magistrate Judge Jonathan E. Hawley on 5/12/23. (WG) (Entered: 05/12/2023) |
| 05/15/2023 | 285 | NOTICE of Change of Address by Brad J. Thomson (Thomson, Brad) (Entered: 05/15/2023) |
| 05/22/2023 | 286 | Joint MOTION for Extension of Time to Complete Discovery *for Experts* by Plaintiff Johnnie Lee Savory. Responses due by 6/5/2023 (Pierce, Megan) (Entered: 05/22/2023) |
| 05/23/2023 | | |

| | | |
|---|---|---|
| | | TEXT ORDER granting 286 Joint Motion to Extend Expert Discovery deadlines. Plaintiffs expert disclosures due 6/9/23; depositions of Plaintiffs experts completed by 7/26/23; Defendants rebuttal expert disclosures due 8/25/23; and close of expert discovery on 10/11/23. Entered by Magistrate Judge Jonathan E. Hawley on 5/23/23. (WG) (Entered: 05/23/2023) |
| 06/07/2023 | | Minute Entry for proceedings held before Magistrate Judge Jonathan E. Hawley: Parties present via telephone by Attys Brad Thomson and Megan Pierce for Plaintiff and Attys James Sotos and Kyle Christie for Defendants for Status Conference held on 6/7/2023. Parties indicate District Judge Michael Mihm is a witness in this case and case should be reassigned to a different District Judge. Dispositive motions due by 12/31/2023. Final Pretrial Conference and Jury Trial dates to be set once a new District Judge has been assigned to this case. (Tape #PRC: 10:01 a.m.) (FDS) (Entered: 06/07/2023) |
| 06/07/2023 | | TEXT ORDER OF RECUSAL entered by Judge Michael M. Mihm as to Johnny Lee Savory. Judge Mihm disqualifies and recuses himself from participation in this matter pursuant to 28 U.S.C. 455(a). This matter is referred to Chief Judge Sara Darrow for reassignment. (AH) (Entered: 06/07/2023) |
| 06/07/2023 | | TEXT ORDER OF REASSIGNMENT entered by Chief Judge Sara Darrow on 6/7/2023. This case and the corresponding hearings are reassigned to Chief Judge Sara Darrow pending reassignment. Entered by Chief Judge Sara Darrow on 6/7/2023. (AH) (Entered: 06/07/2023) |
| 06/07/2023 | 287 | PDF with attached Audio File. Court Date & Time [06/07/2023 10:01:08 AM]. File Size [ 2313 KB ]. Run Time [ 00:04:47 ]. (admin). (Entered: 06/07/2023) |
| 06/08/2023 | | Case Reassigned to Judge Colleen R. Lawless. Chief Judge Sara Darrow no longer assigned to the case. (AH) (Entered: 06/09/2023) |
| 07/18/2023 | 288 | Joint MOTION for Extension of Time to Complete Discovery *(Expert Discovery)* by Plaintiff Johnnie Lee Savory. (Pierce, Megan) (Entered: 07/18/2023) |
| 07/19/2023 | | TEXT ORDER granting 288 Joint Motion to Extend Expert Discovery deadline. Depositions of Plaintiffs experts to completed by 8/30/23; Defendants rebuttal expert disclosures are due by 9/29/23; and close of expert discovery is set for 11/15/23. Entered by Magistrate Judge Jonathan E. Hawley on 7/19/23. (WG) (Entered: 07/19/2023) |
| 09/06/2023 | 289 | MOTION to Withdraw *Appearance of Sara J. Schroeder* by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. Responses due by 9/20/2023 (Sotos, James) (Entered: 09/06/2023) |
| 09/07/2023 | | TEXT ORDER granting 289 Motion to Withdraw. Attorney Sara J Schroeder terminated as counsel of record in this case. Entered by Magistrate Judge Jonathan E. Hawley on 9/7/23. (WG) (Entered: 09/07/2023) |
| 09/15/2023 | 290 | MOTION for Extension of Time to Complete Discovery *for Experts (Unopposed)* by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, |

| | | |
|---|---|---|
| | | Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz. Responses due by 9/29/2023 (Christie, Kyle) (Entered: 09/15/2023) |
| 09/19/2023 | | TEXT ORDER granting 290 Defendant's Unopposed Motion to Extend the Expert Discovery Schedule. Discovery deadline is extended to 12/13/2023 so that the Plaintiff may deposed Defendant's experts by that deadline. Entered by Magistrate Judge Jonathan E. Hawley on 9/19/23. (WG) (Entered: 09/19/2023) |
| 10/19/2023 | 291 | MOTION to Withdraw as Attorney by Plaintiff Johnnie Lee Savory. Responses due by 11/2/2023 (Pierce, Megan) (Entered: 10/19/2023) |
| 10/25/2023 | | TEXT ORDER granting 291 Motion to Withdraw. Attorney Lindsay M Hagy terminated as counsel of record in this case. Entered by Magistrate Judge Jonathan E. Hawley on 10/25/23. (WG) (Entered: 10/25/2023) |
| 10/26/2023 | 292 | MOTION for Extension of Time to Complete Discovery *Defendants Unopposed Motion to Extend the Expert Discovery Schedule* by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. Responses due by 11/9/2023 (Christie, Kyle) (Entered: 10/26/2023) |
| 10/27/2023 | | TEXT ORDER granting 292 Defendant's unopposed Motion to Extend discovery schedule. Expert report deadlines are extended as follows: Rick Brown deadline is now 10/31/2023 and Dr. Michael Welner deadline is now 11/10/2023. All expert discovery to be completed by 12/27/2023. Entered by Magistrate Judge Jonathan E. Hawley on 10/27/23. (WG) (Entered: 10/27/2023) |
| 12/29/2023 | 293 | MOTION for Leave to File Excess Pages *of Summary Judgment Motion* by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Dennis Jenkins, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. Responses due by 2/2/2024 (Christie, Kyle) (Entered: 12/29/2023) |
| 01/02/2024 | 294 | MOTION for Summary Judgment by Defendants Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. Responses due by 1/23/2024 (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 295 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 17 to 22* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 17, # 2 Exhibit 18, # 3 Exhibit 19, # 4 Exhibit 20, # 5 Exhibit 21, # 6 Exhibit 22)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 296 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 23 to 33* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John |

| | | |
|---|---|---|
| | | Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 23, # 2 Exhibit 24, # 3 Exhibit 25, # 4 Exhibit 26, # 5 Exhibit 27, # 6 Exhibit 28, # 7 Exhibit 29, # 8 Exhibit 30, # 9 Exhibit 31, # 10 Exhibit 32, # 11 Exhibit 33)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 297 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 34 to 40* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 34, # 2 Exhibit 35, # 3 Exhibit 36, # 4 Exhibit 37, # 5 Exhibit 38, # 6 Exhibit 39, # 7 Exhibit 40)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 298 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 41 to 51* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 41, # 2 Exhibit 42, # 3 Exhibit 43, # 4 Exhibit 44, # 5 Exhibit 45, # 6 Exhibit 46, # 7 Exhibit 47, # 8 Exhibit 48, # 9 Exhibit 49, # 10 Exhibit 50, # 11 Exhibit 51)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 299 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 52 to 66* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 52, # 2 Exhibit 53, # 3 Exhibit 54, # 4 Exhibit 55, # 5 Exhibit 56, # 6 Exhibit 57, # 7 Exhibit 58, # 8 Exhibit 59, # 9 Exhibit 60, # 10 Exhibit 61, # 11 Exhibit 62, # 12 Exhibit 63, # 13 Exhibit 64, # 14 Exhibit 65, # 15 Exhibit 66)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 300 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 67 to 78* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 67, # 2 Exhibit 68, # 3 Exhibit 69, # 4 Exhibit 70, # 5 Exhibit 71, # 6 Exhibit 72, # 7 Exhibit 73, # 8 Exhibit 74, # 9 Exhibit 75, # 10 Exhibit 76, # 11 Exhibit 77, # 12 Exhibit 78)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 301 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 79 to 81* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special |

| | | |
|---|---|---|
| | | Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 79, # 2 Exhibit 80, # 3 Exhibit 81)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 302 | Exhibit re 294 MOTION for Summary Judgment *Exhibit 82* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 82)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 303 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 83 to 84* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 83, # 2 Exhibit 84)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 304 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 85 to 91* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 85, # 2 Exhibit 86, # 3 Exhibit 87, # 4 Exhibit 88, # 5 Exhibit 89, # 6 Exhibit 90, # 7 Exhibit 91)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 305 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 92 to 106* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 92, # 2 Exhibit 93, # 3 Exhibit 94, # 4 Exhibit 95, # 5 Exhibit 96, # 6 Exhibit 97, # 7 Exhibit 98, # 8 Exhibit 99, # 9 Exhibit 100, # 10 Exhibit 101, # 11 Exhibit 102, # 12 Exhibit 103, # 13 Exhibit 104, # 14 Exhibit 105, # 15 Exhibit 106)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 306 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 107 to 125* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 107, # 2 Exhibit 108, # 3 Exhibit 109, # 4 Exhibit 110, # 5 Exhibit 111, # 6 Exhibit 112, # 7 Exhibit 113, # 8 Exhibit 114, # 9 Exhibit 115, # 10 Exhibit 116, # 11 Exhibit 117, # 12 Exhibit 118, # 13 Exhibit 119, # 14 Exhibit 120, # 15 Exhibit 121, # 16 Exhibit 122, # 17 Exhibit 123, # 18 Exhibit 124, # 19 Exhibit 125)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 307 | Exhibit re 294 MOTION for Summary Judgment *Exhibits 126 to 127* by Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John |

| | | |
|---|---|---|
| | | Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit 126, # 2 Exhibit 127)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 308 | MOTION for Leave to File Document Under Seal *Pursuant to Local Rule 5.10, Instanter (Unopposed)* by Defendants Allen Andrews, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. Responses due by 1/16/2024 (Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 309 | **+++ SEALED DOCUMENT.. (Attachments: # 1 Exhibit 18, # 2 Exhibit 24, # 3 Exhibit 25, # 4 Exhibit 57, # 5 Exhibit 58, # 6 Exhibit 59, # 7 Exhibit 60, # 8 Exhibit 61, # 9 Exhibit 62, # 10 Exhibit 63)(Sotos, James) (Entered: 01/02/2024)** |
| 01/02/2024 | 310 | MOTION for Summary Judgment by Defendant Charles Edward Bowers. Responses due by 1/23/2024 (Attachments: # 1 Exhibit List)(Sotos, James) (Entered: 01/02/2024) |
| 01/02/2024 | 311 | CERTIFICATE *of Compliance Pursuant to Local Rule 7.1 (B)(4) for Defendant Bowers' Motion for Summary Judgment*. (Sotos, James) (Entered: 01/02/2024) |
| 01/03/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 1/3/2024: Before this Court is Defendants' Unopposed Motion for Leave to File Under Seal Pursuant to Local Rule 5.10, instanter 308 . For the reasons stated therein, the Defendants' Motion 308 is GRANTED. (BMG) (Entered: 01/03/2024) |
| 01/11/2024 | 312 | MOTION for Extension of Time to File Response/Reply by Plaintiff Johnnie Lee Savory. Responses due by 1/25/2024 (Bowman, Locke) (Entered: 01/11/2024) |
| 01/12/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 1/11/2024: Before the Court is Plaintiff's Motion to Extend Time for the Submission of His Response Brief 312 , to which the Defendants do not object. For the reasons stated therein, Plaintiff's Motion 312 is GRANTED. Plaintiff must file his responses to the pending Motions for Summary Judgment by 3/8/2024. Defendants must file their replies by 4/7/2024. (BMG) (Entered: 01/12/2024) |
| 02/01/2024 | 313 | MOTION Defendant Officers Haynes, Pinkney, Teplitz, Fiers, and Cannons Opposed Motion for Leave to File Supplemental Argument in Support of Summary Judgment by Defendants William Cannon, Sr, John Fiers, E. Haynes, George Pinkney, Marcella Brown Teplitz. Responses due by 2/15/2024 (Attachments: # 1 Exhibit A)(Sotos, James) (Entered: 02/01/2024) |
| 02/07/2024 | 314 | RESPONSE to Motion re 313 MOTION Defendant Officers Haynes, Pinkney, Teplitz, Fiers, and Cannons Opposed Motion for Leave to File Supplemental Argument in Support of Summary Judgment filed by Plaintiff Johnnie Lee Savory. (Bowman, Locke) (Entered: 02/07/2024) |
| 02/08/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 2/8/2024: Before the Court is Defendants' Motion for Leave to File a Motion for Summary Judgment with Argument in Excess of Fifteen Pages 293 . In this case, there are numerous constitutional issues raised in the Plaintiff's complaint, and the analysis of those issues requires an in−depth discussion of the procedural history, which includes two |

| | | |
|---|---|---|
| | | jury trials and several appeals and collateral attacks. Therefore, Defendants' request is reasonable based on the substantial complexity of the case. For the reasons stated therein, Defendant's Motion 293 is GRANTED. (BMG) (Entered: 02/08/2024) |
| 02/26/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 2/26/2024: Before the Court is Defendants' Motion for Leave to File Supplemental Argument in Support of Summary Judgment 313 requesting leave to include an argument that the Defendants are entitled to summary judgment under the doctrine of absolute witness immunity. Defendants argue that they failed to include the argument based on counsel's mistake. Plaintiff argues that the Motion should be denied because the claim's inclusion would prejudice him and potentially delay proceedings. Rule 6(b) permits the Court to extend the time for "[w]hen an act may or must be done" after the time has expired if the party failing to act shows "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In finding "excusable neglect," courts "consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non−movant, length of delay, and reason for delay." Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020). A finding of excusable neglect "extends to some cases in which the delay is caused by inadvertence, mistake, or carelessness." Lewis v. School Dist. # 70, 523 F.3d 730, 740 (7th Cir. 2008) (internal quotations omitted). Here, Defendants failure to include the claim stems from a mistake made by defense counsel, and Plaintiff does not allege that Defendants filed this motion in bad faith. Defendants filed the instant motion one month after the filing of their Motion for Summary Judgment 294 , however Plaintiff was granted an extension to file a response on or before March 8, 2024. Defendant will not object to any further extension that Plaintiff requests as a result of that motion. Plaintiff also acknowledges that Defendants may be able to raise the claim in a later Motion in Limine. Therefore, even though the inclusion of this argument may result in slight prejudice to Plaintiff, the overall circumstances demonstrate that Defendants' neglect is excusable. Defendants' Motion for Leave to File Supplemental Argument in Support of Summary Judgment 313 is GRANTED. The Clerk is directed to file the exhibit attached to the Defendants Motion. (BMG) (Entered: 02/26/2024) |
| 02/26/2024 | 315 | Supplemental Argument in Support of Motion for Summary Judgment by defendants William Cannon, Sr, John Fiers, E. Haynes, George Pinkney, Marcella Brown Teplitz. (BMG) (Entered: 02/26/2024) |
| 02/27/2024 | 316 | Second MOTION for Extension of Time to File Response/Reply *UNOPPOSED* by Plaintiff Johnnie Lee Savory. Responses due by 3/12/2024 (Bowman, Locke) (Entered: 02/27/2024) |
| 02/27/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 2/27/2024: Before the Court is Plaintiff's Motion to Extend Time for the Submission of His Response Brief 316 , to which the Defendants do not object. For the reasons stated therein, Plaintiff's Motion 316 is GRANTED. Plaintiff must file his responses to the pending Motions for Summary Judgment by 4/7/2024. Defendants must file their replies by 5/7/2024.(BMG) (Entered: 02/27/2024) |
| 04/01/2024 | 317 | Third MOTION for Extension of Time to File Response/Reply *to Defendants' Motion for Summary Judgment* by Plaintiff Johnnie Lee Savory. (Bowman, Locke) (Entered: 04/01/2024) |
| 04/04/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 4/4/2024: Before the Court is Plaintiff's Third Motion to Extend Time for the Submission of His Response Brief 317 , to which the Defendants do not object. For the reasons stated therein, Plaintiffs |

| | | |
|---|---|---|
| | | Motion <u>317</u> is GRANTED. Plaintiff must file his responses to the pending Motions for Summary Judgment by 4/22/2024. Defendants must file their replies by 5/22/2024.(BMG) (Entered: 04/04/2024) |
| 04/22/2024 | <u>318</u> | Exhibit *1–30 Plaintiff's Response to Defendants' Summary Judgment Motions* by Johnnie Lee Savory. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Exhibit 20, # <u>21</u> Exhibit 21, # <u>22</u> Exhibit 22, # <u>23</u> Exhibit 23, # <u>24</u> Exhibit 24, # <u>25</u> Exhibit 25, # <u>26</u> Exhibit 26, # <u>27</u> Exhibit 27, # <u>28</u> Exhibit 28, # <u>29</u> Exhibit 29, # <u>30</u> Exhibit 30)(Art, Steven) (Entered: 04/22/2024) |
| 04/22/2024 | <u>319</u> | Exhibit *31–70 Plaintiff's Response to Defendants' Summary Judgment Motions* by Johnnie Lee Savory. (Attachments: # <u>1</u> Exhibit 31, # <u>2</u> Exhibit 32, # <u>3</u> Exhibit 33, # <u>4</u> Exhibit 34, # <u>5</u> Exhibit 35, # <u>6</u> Exhibit 36, # <u>7</u> Exhibit 37, # <u>8</u> Exhibit 38, # <u>9</u> Exhibit 39, # <u>10</u> Exhibit 40, # <u>11</u> Exhibit 41, # <u>12</u> Exhibit 42, # <u>13</u> Exhibit 43, # <u>14</u> Exhibit 44, # <u>15</u> Exhibit 45, # <u>16</u> Exhibit 46, # <u>17</u> Exhibit 47, # <u>18</u> Exhibit 48, # <u>19</u> Exhibit 49, # <u>20</u> Exhibit 50, # <u>21</u> Exhibit 51, # <u>22</u> Exhibit 52, # <u>23</u> Exhibit 53, # <u>24</u> Exhibit 54, # <u>25</u> Exhibit 55, # <u>26</u> Exhibit 56, # <u>27</u> Exhibit 57, # <u>28</u> Exhibit 58, # <u>29</u> Exhibit 59, # <u>30</u> Exhibit 60, # <u>31</u> Exhibit 61 Part 1, # <u>32</u> Exhibit 61 Part 2, # <u>33</u> Exhibit 61 Part 3, # <u>34</u> Exhibit 61 Part 4, # <u>35</u> Exhibit 61 Part 5, # <u>36</u> Exhibit 61 Part 6, # <u>37</u> Exhibit 61 Part 7, # <u>38</u> Exhibit 61 Part 8, # <u>39</u> Exhibit 61 Part 9, # <u>40</u> Exhibit 62, # <u>41</u> Exhibit 63, # <u>42</u> Exhibit 64, # <u>43</u> Exhibit 65, # <u>44</u> Exhibit 66, # <u>45</u> Exhibit 67, # <u>46</u> Exhibit 68, # <u>47</u> Exhibit 69, # <u>48</u> Exhibit 70)(Art, Steven) (Entered: 04/22/2024) |
| 04/22/2024 | <u>320</u> | Exhibit *71–110 Plaintiff's Response to Defendants' Summary Judgment Motions* by Johnnie Lee Savory. (Attachments: # <u>1</u> Exhibit 71, # <u>2</u> Exhibit 72, # <u>3</u> Exhibit 73, # <u>4</u> Exhibit 74, # <u>5</u> Exhibit 75, # <u>6</u> Exhibit 76, # <u>7</u> Exhibit 77, # <u>8</u> Exhibit 78, # <u>9</u> Exhibit 79, # <u>10</u> Exhibit 80, # <u>11</u> Exhibit 81, # <u>12</u> Exhibit 82, # <u>13</u> Exhibit 83, # <u>14</u> Exhibit 84, # <u>15</u> Exhibit 85, # <u>16</u> Exhibit 86, # <u>17</u> Exhibit 87, # <u>18</u> Exhibit 88, # <u>19</u> Exhibit 89, # <u>20</u> Exhibit 90, # <u>21</u> Exhibit 91, # <u>22</u> Exhibit 92, # <u>23</u> Exhibit 93, # <u>24</u> Exhibit 94 Part 1, # <u>25</u> Exhibit 94 Part 2, # <u>26</u> Exhibit 95, # <u>27</u> Exhibit 96, # <u>28</u> Exhibit 97, # <u>29</u> Exhibit 98, # <u>30</u> Exhibit 99, # <u>31</u> Exhibit 100, # <u>32</u> Exhibit 101, # <u>33</u> Exhibit 102, # <u>34</u> Exhibit 103, # <u>35</u> Exhibit 104, # <u>36</u> Exhibit 105, # <u>37</u> Exhibit 106, # <u>38</u> Exhibit 107, # <u>39</u> Exhibit 108, # <u>40</u> Exhibit 109, # <u>41</u> Exhibit 110)(Art, Steven) (Entered: 04/22/2024) |
| 04/22/2024 | <u>321</u> | Exhibit *111–148 Plaintiff's Response to Defendants' Summary Judgment Motions* by Johnnie Lee Savory. (Attachments: # <u>1</u> Exhibit 111, # <u>2</u> Exhibit 112, # <u>3</u> Exhibit 113, # <u>4</u> Exhibit 114, # <u>5</u> Exhibit 115, # <u>6</u> Exhibit 116, # <u>7</u> Exhibit 117, # <u>8</u> Exhibit 118, # <u>9</u> Exhibit 119, # <u>10</u> Exhibit 120, # <u>11</u> Exhibit 121, # <u>12</u> Exhibit 122, # <u>13</u> Exhibit 123, # <u>14</u> Exhibit 124, # <u>15</u> Exhibit 125, # <u>16</u> Exhibit 126, # <u>17</u> Exhibit 127, # <u>18</u> Exhibit 128, # <u>19</u> Exhibit 129, # <u>20</u> Exhibit 130, # <u>21</u> Exhibit 131, # <u>22</u> Exhibit 132, # <u>23</u> Exhibit 133, # <u>24</u> Exhibit 134, # <u>25</u> Exhibit 135 Part 1, # <u>26</u> Exhibit 135 Part 2, # <u>27</u> Exhibit 136, # <u>28</u> Exhibit 137, # <u>29</u> Exhibit 138, # <u>30</u> Exhibit 139, # <u>31</u> Exhibit 140, # <u>32</u> Exhibit 141, # <u>33</u> Exhibit 142, # <u>34</u> Exhibit 143, # <u>35</u> Exhibit 144, # <u>36</u> Exhibit 145, # <u>37</u> Exhibit 146, # <u>38</u> Exhibit 147, # <u>39</u> Exhibit 148)(Art, Steven) (Entered: 04/22/2024) |
| 04/22/2024 | <u>322</u> | RESPONSE to Motion re <u>310</u> MOTION for Summary Judgment *Memorandum in Opposition* filed by Plaintiff Johnnie Lee Savory. (Thomson, Brad) (Entered: 04/22/2024) |

| | | |
|---|---|---|
| 04/22/2024 | 323 | Exhibit *149–151 (Supplemental) Plaintiff's Response to Defendants' Summary Judgment Motions* by Johnnie Lee Savory. (Attachments: # 1 Exhibit 149, # 2 Exhibit 150, # 3 Exhibit 151)(Art, Steven) (Entered: 04/22/2024) |
| 04/22/2024 | 324 | MOTION for Leave to File Document Under Seal –*Unopposed*– by Plaintiff Johnnie Lee Savory. Responses due by 5/6/2024 (Art, Steven) (Entered: 04/22/2024) |
| 04/22/2024 | 325 | RESPONSE to Motion re 294 MOTION for Summary Judgment filed by Plaintiff Johnnie Lee Savory. (Art, Steven) (Entered: 04/22/2024) |
| 04/22/2024 | 326 | +++ **SEALED DOCUMENT.. (Attachments: # 1 Exhibit Ex. 62 –1, # 2 Exhibit Ex. 62 –2, # 3 Exhibit Ex. 62 –3, # 4 Exhibit Ex. 62 –4, # 5 Exhibit Ex. 62 –5, # 6 Exhibit Ex. 62 –6, # 7 Exhibit Ex. 62 –7, # 8 Exhibit Ex. 62 –8, # 9 Exhibit Ex. 62 –9, # 10 Exhibit Ex. 62 –10, # 11 Exhibit Ex. 62 –11, # 12 Exhibit Ex. 62 –12, # 13 Exhibit Ex. 62 –13, # 14 Exhibit Ex. 62 –14, # 15 Exhibit Ex. 66, # 16 Exhibit Ex. 67, # 17 Exhibit Ex. 92 –1, # 18 Exhibit Ex. 92 –2, # 19 Exhibit Ex. 92 –3, # 20 Exhibit Ex. 92 –4, # 21 Exhibit Ex. 92 –5, # 22 Exhibit Ex. 92 –6)(Art, Steven) (Entered: 04/22/2024)** |
| 05/10/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 5/10/2024: Before the Court is Plaintiff's Motion for Leave to File Under Seal Pursuant to Local Rule 5.10 324 , which Defendants do not oppose. For the reasons stated therein, Plaintiff's Motion 324 is GRANTED. (BMG) (Entered: 05/10/2024) |
| 05/15/2024 | 327 | MOTION for Extension of Time to File Response/Reply *in Support of Summary Judgment (Unopposed)* by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. Responses due by 5/29/2024 (Smolens, Mark) (Entered: 05/15/2024) |
| 05/15/2024 | 328 | NOTICE of Appearance of Attorney by Thomas James Sotos on behalf of Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr(Special Representative of John Timmes), Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of Russell Buck ), Marcella Brown Teplitz, Carl Tiarks (Sotos, Thomas) (Entered: 05/15/2024) |
| 05/15/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 5/15/2024: Before the Court is Defendants' Motion for Extension of Time to File Their Replies in Support of Summary Judgment 327 , to which Plaintiff does not object. For the reasons stated therein, Defendants' Motion 327 is GRANTED. Defendants must file their replies by 7/8/2024. (RES) Modified on 5/15/2024 to Correct typographical error (RES). (Entered: 05/15/2024) |
| 06/06/2024 | 329 | MOTION to Strike *Plaintiff's Response to Their Motion for Summary Judgment* by Defendants Allen Andrews, William Cannon, Sr, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. Responses due by 6/20/2024 (Sotos, James) (Entered: 06/06/2024) |
| 06/06/2024 | 330 | MEMORANDUM in Support re 329 MOTION to Strike *Plaintiff's Response to Their Motion for Summary Judgment* filed by Defendants Allen Andrews, William Cannon, Sr, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, |

| | | |
|---|---|---|
| | | Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Sotos, James) (Entered: 06/06/2024) |
| 06/18/2024 | 331 | Emergency MOTION to Stay *or a Continuance Pending Adjudication of Defendants Motion to Strike Plaintiffs Response to Defendants Motion for Summary Judgment* by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. Responses due by 7/2/2024 (Attachments: # 1 Exhibit A)(Sotos, James) (Entered: 06/18/2024) |
| 06/20/2024 | 332 | RESPONSE to Motion re 329 MOTION to Strike *Plaintiff's Response to Their Motion for Summary Judgment* and Plaintiff's Motion for Leave to Exceed the Page Limit filed by Plaintiff Johnnie Lee Savory. (Bowman, Locke) Modified on 6/20/2024 to correct motion that response was linked to. (JS). (Entered: 06/20/2024) |
| 06/24/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 6/24/2024: Before the Court is Defendants' Motion to Strike Plaintiffs Response to Defendants' Motion for Summary Judgment 329 and Defendants' Emergency Motion to Stay or a Continuance Pending Adjudication of Defendants' Motion to Strike 331 , to which Plaintiff has responded. Defendants argue that because Plaintiff's Response to their Motions for Summary Judgment exceeded the page limits set forth in the Local Rules, Plaintiff's Response should be stricken and Defendants' Motions for Summary Judgment should be granted. In response, Plaintiff acknowledges that he should have filed a motion for leave to file excess pages. Plaintiff also requests Leave to File its Response with Excess Pages due to the complexity of the case. Although this Court requires parties to follow all local rules, Defendants' requests are disproportionate. As this Court noted when granting Defendants' Motion for Leave to file their Motion for Summary Judgment with Excess Pages, this case includes several constitutional issues that requires an in–depth discussion of a lengthy procedural history. (Text Order 2/8/2024). Given the length of Defendants' two Motions for Summary Judgment and the complexity of the issues, Plaintiff's Response is an appropriate length. Therefore, Defendants' Motion to Strike 329 is DENIED. Defendants' Emergency Motion to Stay 331 is DENIED, but their request for an extension of time to file their Replies is GRANTED. Defendants must file their Replies by August 30, 2024. Finally, Plaintiff's Motion for Leave to File Response with Excess Pages is GRANTED.(BMG) (Entered: 06/24/2024) |
| 08/30/2024 | 333 | MOTION for Leave to File Excess Pages *(Opposed)* by Defendants Allen Andrews, William Cannon, Sr, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks. Responses due by 9/13/2024 (Smolens, Mark) (Entered: 08/30/2024) |
| 08/30/2024 | 334 | ****STRICKEN**** REPLY to Response to Motion re 294 MOTION for Summary Judgment *(Defendant Officers' Reply in Support of Motion for Summary Judgment)* filed by Defendants Allen Andrews, William Cannon, Sr, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Sotos, James) Modified on 9/4/2024 to show STRICKEN(BMG). (Entered: 08/30/2024) |

| 08/30/2024 | 335 | REPLY to Response to Motion re 310 MOTION for Summary Judgment *(Defendant Bowers' Reply in Support of his Motion for Summary Judgment)* filed by Defendant Charles Edward Bowers. (Sotos, James) (Entered: 08/30/2024) |
|---|---|---|
| 09/03/2024 | 336 | RESPONSE to Motion re 333 MOTION for Leave to File Excess Pages *(Opposed)* filed by Plaintiff Johnnie Lee Savory. (Attachments: # 1 Exhibit A – Email Correspondence)(Art, Steven) (Entered: 09/03/2024) |
| 09/04/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 9/4/2024: Before the Court is Defendants' Motion for Leave to File Excess Pages 333 , to which Plaintiff objects. Defendants request an additional 93 pages of argument, for a total of 98 pages of argument. Although this case is complex, Defendants' request is unreasonable in light of the briefs already filed. For that reason, Defendants' Motion 333 is DENIED. The Clerk is directed to strike Defendants' Reply 334 . Defendants are directed to file their Reply brief, with an argument not to exceed a total of 25 pages, by 9/11/2024.(BMG) (Entered: 09/04/2024) |
| 09/05/2024 | 337 | MOTION for Reconsideration *of the Court's Order Denying Defendant Officers' Motion for Excess Pages and to Grant Leave to File a Reply with 50 Pages of Argument* by Defendants Allen Andrews, William Cannon, Sr, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. Responses due by 9/19/2024 (Sotos, James) (Entered: 09/05/2024) |
| 09/05/2024 | 338 | RESPONSE to Motion re 337 MOTION for Reconsideration *of the Court's Order Denying Defendant Officers' Motion for Excess Pages and to Grant Leave to File a Reply with 50 Pages of Argument* filed by Plaintiff Johnnie Lee Savory. (Art, Steven) (Entered: 09/05/2024) |
| 09/10/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 9/10/2024: Before the Court is Defendants' Motion to Reconsider 337 , to which Plaintiff objects. For the reasons stated therein, Defendants' Motion 337 is GRANTED in part and DENIED in part. Defendants are directed to file their Reply brief, with an argument not to exceed a total of 35 pages, by 9/11/2024.(BMG) (Entered: 09/10/2024) |
| 09/11/2024 | 339 | REPLY to Response to Motion re 294 MOTION for Summary Judgment filed by Defendants Allen Andrews, Charles Edward Bowers, William Cannon, Sr, City of Peoria Illinois, Mary Ann Dunlavey, John Fiers, E. Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Stefanie Tarr, Stefanie Tarr, Stefanie Tarr, Marcella Brown Teplitz, Carl Tiarks. (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Sotos, James) (Entered: 09/11/2024) |
| 09/30/2024 | | TEXT ORDER entered by Judge Colleen R. Lawless on 9/30/2024: Before the Court is Defendant Bower's Motion for Summary Judgment 310 and Defendant Officers' Motion for Summary Judgment 294 . Defendant Bower's Motion for Summary Judgment 310 is DENIED. Defendant Officers' Motion for Summary Judgment 294 is GRANTED in part and DENIED in part. Written Order to follow. (BMG) (Entered: 09/30/2024) |
| 10/03/2024 | 340 | OPINION entered by Judge Colleen R. Lawless on 10/3/2024. See written Order.(BMG) (Entered: 10/03/2024) |

| 10/04/2024 | | TEXT ORDER: Pursuant to the filing of the 340 Order by District Judge Lawless, the Court orders the parties to file a Status Report by 10/18/2024. Entered by Magistrate Judge Jonathan E. Hawley on 10/4/24. (WG) (Entered: 10/04/2024) |
|---|---|---|
| 10/18/2024 | 341 | STATUS REPORT *JOINT STATUS REPORT* by Johnnie Lee Savory. (Pierce, Megan) (Entered: 10/18/2024) |
| 10/28/2024 | 342 | NOTICE OF APPEAL by Walter Jatkowski, Glen Perkins, Allen Andrews, Harold Marteness, Mary Ann Dunlavey, Carl Tiarks, Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of John Timmes), William Cannon, Sr, Marcella Brown Teplitz, Stefanie Tarr(Special Representative of Russell Buck ), John Fiers, Charles Edward Bowers, John Stenson, George Pinkney, E. Haynes. Filing fee $ 605, receipt number AILCDC−4593899. (Sotos, James) (Entered: 10/28/2024) |
| 10/28/2024 | 343 | DOCKETING STATEMENT by Walter Jatkowski, Glen Perkins, Allen Andrews, Harold Marteness, Mary Ann Dunlavey, Carl Tiarks, Stefanie Tarr(Special Representative of Peter Gerontes), Stefanie Tarr(Special Representative of John Timmes), William Cannon, Sr, Marcella Brown Teplitz, Stefanie Tarr(Special Representative of Russell Buck ), John Fiers, Charles Edward Bowers, John Stenson, George Pinkney, E. Haynes re 342 Notice of Appeal, (Sotos, James) (Entered: 10/28/2024) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| JOHNNIE LEE SAVORY, | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No. 23-cv-1184 |
| | ) | |
| WILLIAM CANNON, SR., as Special | ) | |
| Representative for the Estate of | ) | |
| CHARLES CANNON, et al., | ) | |
|     Defendants. | ) | |

<u>OPINION</u>

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court are Defendants'[1] Motions for Summary Judgment (Doc. 294; Doc. 310).

## I.    PROCEDURAL BACKGROUND

In January 1977, Johnnie Lee Savory was arrested for the murder of Connie Cooper and James Robinson. (Doc. 294 at ¶3). In 2006, after spending approximately 30 years in prison, Savory was released on parole. (*Id.* at ¶199). On January 12, 2015, Illinois Governor Pat Quinn pardoned Savory. (*Id.* at ¶214).

On January 11, 2017, Savory filed an eleven-count Complaint against the defendants. (Doc. 1). Savory's claims pursuant to 42 U.S.C. § 1983 ("Section 1983") are: Fifth and Fourteenth Amendment coerced and false confession claims; Fourth

---

[1] The Defendants in this matter include Allen Andrews, Charles Cannon, Russell Buck, Mary Ann Dunlavey, Walter Jatkowski, Harold Marteness, Glen Perkins, John Fiers, George Pinkney, John Stenson, John Timmes, Edgar Haynes, Marcella Teplitz, Carl Tiarks, Peter Gerontes, Charles Bowers, and City of Peoria. With the exception of Defendant Bowers, the Defendants are collectively referred to as "Defendant Officers."

Amendment unlawful detention and malicious prosecution claims; a Thirteenth and Fourteenth Amendment wrongful conviction claim; and a failure to intervene claim. (*Id.* at 18-23). Savory also alleged a *Monell* claim and several claims under Illinois law against the City. (*Id.* at 27-29).

After the Northern District[2] initially dismissed all of Savory's claims as untimely, he appealed the case to the Seventh Circuit. *Savory v. Cannon*, 947 F.3d 409, 411 (7th Cir. 2020). The *en banc* Seventh Circuit held that the federal claims were timely filed and remanded the case for further proceedings. *Id.* at 431. On March 31, 2021, the District Court dismissed Savory's Fourteenth Amendment malicious prosecution claim, Thirteenth Amendment claim, and the *respondeat superior* claim. (Doc. 171). On March 14, 2022, the District Court granted Defendants' Motion to Bifurcate and Stay Discovery of Plaintiff's *Monell* claim. (Doc. 204).

On January 2, 2024, Defendant Officers and Defendant Bowers filed their Motions for Summary Judgment, arguing that the remaining claims should be dismissed. (Docs. 294, 310). After receiving leave of court, Defendant Officers filed a supplemental argument to their Motion for Summary Judgment on February 26, 2024. (Doc. 315). On April 22, 2024, Plaintiff filed his responses. (Doc. 322; Doc. 325). Defendant Bowers filed his reply on August 30, 2024, and Defendant Officers filed their reply on September 11, 2024. (Docs. 335, 339).

---

[2] This case was transferred to the Central District of Illinois on May 9, 2023. (Doc. 282).

## II.    UNDISPUTED FACTS[3] [4]

On January 18, 1977, siblings James Robinson, age 14, and Connie Cooper, age 19, were murdered in their home. (Doc. 294 at ¶¶ 3, 21). Both victims sustained numerous knife wounds. (*Id.* at ¶28). Officers Perkins, Cannon, and Fiers responded to the scene and collected evidence. (*Id.* at ¶¶23-26). Officer Hopkins collected statements from Noyalee Robinson, the victims' mother, and William Douglas, the victims' stepfather. (*Id.* at ¶29). Crime Scene Unit ("CSU") Officers Jatkowski and Bennett photographed the scene and collected evidence, including hairs from the victims' hands, while being supervised by Sgt. Gerontes. (*Id.* at ¶30). Lt. Stenson, Det. Buck, and Sgt. Tiarks also responded to the scene. (*Id.* at ¶32). Coroner Buzbee and Officer Jatkowski delivered the evidence collected from the crime scene and subsequent autopsy to the Illinois Bureau of Identification and placed it in the Peoria Police Department's ("PPD") evidence locker. (*Id.* at ¶37).

On January 25, 1977, Officers Haynes and Pinkney learned that Savory, age 14, was with James on the night before the murders. (*Id.* at ¶44). Savory was friends with the victims. (*Id.* at ¶¶4, 42). Officers Haynes and Pinkney went to Savory's school to ask him

---

[3] Unless otherwise noted, the factual background of this case is drawn from the undisputed facts as conceded to in Defendants' statement of material facts; Plaintiff's response to Defendants' statement of material facts and additional material facts; Defendants' reply to Plaintiff's additional material facts; and exhibits to the filings. Exhibit citations are used for facts that the Court finds are undisputed from the summary judgment record.

[4] Defendants object to most of Plaintiff's Statement of Facts for a variety of reasons and argues Plaintiff's statement of facts should be stricken. (*See* Doc. 339 at 11). The Court DENIES this request, however the argumentative portions of Plaintiff's statement of facts will be disregarded by the Court.

questions about the murders. (*Id.* at ¶45). Savory did not want to talk to the officers initially, but ultimately agreed to answer questions at the PPD. (*Id.* at ¶¶46, 48).

Savory was placed into an interrogation room at about 4:00 p.m. on January 25 and was questioned by Officers Haynes and Pinkney. (Doc. 325 at ¶50). Later, Officers Cannon and Fiers questioned him. (*Id.*). Throughout the questioning, the officers accused Savory of lying. (*Id.*). At some point in the evening, the officers gave Savory a candy bar and a soda. (*Id.* at ¶52). Savory asked the officers if he could go home, but the officers did not answer his question. (*Id.* at ¶53). As the questioning continued, the officers showed him photographs of the crime scene. (*Id.*).

At approximately 9:30 p.m., Savory briefly spoke to his probation officer, Percy Baker, for the first time, and the officers asked him to take a polygraph test. (*Id.* at ¶54). Before agreeing to the polygraph, Savory asked an unknown officer whether he could go home, and that officer told him that he could go home after the polygraph test. (*Id.*; Doc. 294 at ¶59[5]). At 10:00 p.m., Savory was transported by the officers to polygraph examiner Dennis Jenkins. (Doc. 325 at ¶55; Doc. 294 at ¶58). Sgt. Tiarks instructed Officer Cannon to stop any further testing beyond 11:30 p.m. (Doc. 294 at ¶62). At approximately 11:30 p.m., Savory was given the *Miranda* warnings for the first time and told officers that he no longer wanted to talk to them. (Doc. 325 at ¶60).

Savory was held overnight at a detention center. (*Id.* at ¶61). At midnight, his father, Y.T. Savory ("Y.T."), was notified that Savory was in police custody and had been

---

[5] Citations to both documents are provided where the parties included substantially similar facts in their own Statements of Fact, but disputed those same facts when they were included by the other party.

interrogated. (*Id.* at ¶62). Savory could not fall asleep until approximately 1:30 a.m. (*Id.* at ¶63). At 8:00 a.m., before he was able to eat breakfast, Savory was taken back to the PPD. (*Id.* at ¶64). The officers again interrogated Savory in groups of two or three and asked him "rapid-fire, confusing questions." (*Id.* at ¶66). At some point in the morning, Savory met with Y.T. (*Id.* at ¶67). Y.T. left the PPD abruptly, and neither Y.T. nor Baker were present during any portion of the interrogations. (*Id.*).

At some point between noon and 5:00 p.m., Officers Jatkowski and Fiers escorted Savory to a bathroom. (*Id.* at ¶¶69-71; Doc. 294 at ¶71). At that point, they instructed Savory to remove all of his clothing and they plucked hairs from his hair and body. (Doc. 325 at ¶69). The officers took his clothes and provided him with new ones. (*Id.*). Savory was also given a hamburger to eat. (*Id.* at ¶71).

The questioning continued throughout the afternoon. (*Id.* at ¶72). At approximately 6:00 p.m., Savory took a second polygraph with examiner Ed Bowers. (*Id.* at ¶73). Bowers was licensed by the State of Illinois as a polygraph examiner. (Doc. 310 at ¶12). The licensure is maintained by the State of Illinois. (*Id.* at ¶¶12-13). Bowers was a Peoria police officer from 1966 to 1976. (Doc. 322 at ¶1). For his last four years with the Department, Bowers was the only polygrapher. (*Id.* at ¶2). In July 1976, Bowers joined Dennis Jenkins & Associates. (*Id.* at ¶3). From that point, the City of Peoria and the PPD contracted Dennis Jenkins & Associates to conduct polygraphs during their criminal investigations. (*Id.*). Throughout the investigation into these murders, the polygraphers reported to Officers Tiarks and Marteness. (*Id.* at ¶4). Before conducting the polygraph,

Bowers was briefed by Officer Teplitz, who told him that Savory had changed his story. (*Id.* at ¶8).

During the test, Bowers was alone with Savory. (Doc. 310 at ¶36). Bowers accused Savory of being a murderer, while raising his voice and getting close to Savory. (Doc. 325 at ¶77). After the test, Savory stood by a window and began to cry. (*Id.* at ¶80). At approximately 7:35 p.m., Savory told Officer Teplitz that he committed the murders. (Doc. 325 at ¶82; Doc. 294 at ¶77). During the confession, Officer Teplitz allegedly guided Savory to correct answers when he answered incorrectly. (*See* Doc. 294 at ¶ 78; Doc. 325 at ¶82). When Savory was returned to the PPD, he denied involvement in the murders. (Doc. 325 at ¶80).

As officers continued their investigation, they collected a knife from Y.T. (Doc. 294 at ¶85; Doc. 325 ¶¶101-02). Officers also collected a pair of pants from Y.T. but observed that they likely would not be worn by Savory due to the "considerable size difference." (Doc. 325 at ¶130). BOI Scientist Gonsowski reported that testing revealed the presence of Type A blood on the pants. (*Id.* at ¶133). Officer Jatkowski also learned that a vaginal swab conducted during Cooper's autopsy indicated the presence of either sperm or seminal fluid. (*Id.* at ¶121). Savory's confession made no mention of a sexual assault. (*Id.* at ¶86(e)).

On January 21, Officer Pinkney reported that he interviewed James' acquaintance Earl Mabry, who said that, on January 17, he saw James carrying a black nightstick with Savory at Marva Jones' home. (Doc. 294 at ¶40). On January 28, 1977, Officers Teplitz, Fiers, and Cannon reviewed news footage at a local television studio that depicted Savory

at the scene of the murders. (*Id.* at ¶89). Savory's presence at the crime scene between 5:00 and 6:00 p.m. was also documented by Patrol Officer Perkins. (*Id.* at ¶91).

On February 7, 1977, Officers Teplitz and Haynes interviewed members of the Ivy family, including Tina, Ella, Ruby, and James Ivy. (Doc. 294 at ¶92). Tina told the officers that, on the day of the murders, Savory came to their house at approximately 1:00 p.m. and the two of them boarded a bus to school at approximately 3:00 p.m. (Doc. 325 at ¶153). She further stated Savory arrived back at the Ivy house at 5:15 or 5:20 p.m. (*Id.*). The two of them watched the 5:30 p.m. news with her family and learned of the murders. (*Id.*). Frank and James told officers that Savory told them that he had been at the victim's home after the murder. (*Id.* at ¶154). Ella said that she saw Savory had a black-handled knife in his pocket. (*Id.*). Tina told officers Savory told her on the day after the murders that Cooper was "cut and her stomach was split open" and that she "had struggled and whoever killed her had a terrible time doing it." (*Id.*).

On February 15, 1977, Savory was indicted on both first-degree murder charges. (Doc. 294 at ¶103). On April 15, 1977, Savory moved to suppress his confessions, but the motion was denied. (*Id.* at ¶¶128-29). In June 1977, Savory was tried as an adult and was found guilty by a jury. (*Id.* at ¶¶99, 138-53). None of the members of the Ivy family testified at this trial because their statements were unreliable, and their memories were unclear. (Doc. 325 at ¶146, 156).

Savory appealed his criminal conviction, arguing that the trial court erred when it denied his motion to suppress. (Doc. 294 at ¶154). On April 4, 1980, the appellate court

reversed and remanded for a new trial after finding Savory's confession was not voluntary and should be suppressed. (*Id.* at ¶155).

In January 1981, Officers Teplitz, Buck, and Cannon reinitiated contact with the Ivy children. (Doc. 325 at ¶157). Tina did not repeat her 1977 statements to the officers. (*Id.* at ¶158). Ella told Officer Cannon that she was not sure what she remembered. (*Id.* at ¶159).

On April 7, 1981, Tina told Officers Buck and Cannon that Savory said he had cut Robinson accidentally. (Doc. *Id.* at ¶161(a)). The next day, Ella told Officers Cannon and Buck that Savory said he had cut Robinson accidentally, but that Robinson was alright when Savory left. (*Id.* at ¶161(b)). That same day, Frank told the officers the same statement as Tina and Ella. (*Id.* at ¶161(c)).

On February 10, 1981, Savory was rearraigned and pled not guilty. (Doc. 294 at ¶156). At his second criminal trial, the Ivy children testified consistently with the statements they gave to the officers in 1981. (Doc. 325 at ¶164). Additionally, Officers Pinkney and Cannon testified about Savory's January 25 incriminating statements. (*Id.* at ¶171). Savory was found guilty and sentenced to 40 to 80 years in prison. (*Id.* at ¶172). Savory appealed his criminal conviction, and it was affirmed. (*Id.* at ¶179; Doc. 325 at ¶173).

In 1983, Tina signed an affidavit recanting her testimony, claiming that Savory's only statement to her was that "he didn't know who could do something like that to her friends." (Doc. 294 at ¶180). Frank also signed an affidavit recanting his testimony. (*Id.* at ¶181). Thereafter, Savory filed a post-conviction petition arguing that he was entitled to

a new trial. (*Id.* at ¶182). The court denied the petition, which was later affirmed on appeal. (*Id.* at ¶188). In 2003, Frank signed a second affidavit, stating that his 1983 testimony was incorrect and that he felt pressured by Officer Cannon to make false statements. (*Id.* at ¶190).

In 1984, Savory filed a petition for a writ of habeas corpus arguing that his due process rights were violated. (*Id.* at ¶189). The district court denied the petition, finding that the strength of the Ivy children's testimony outweighed the claimed error. (*Id.*). The Seventh Circuit affirmed. (*Id.*).

In 2006, Savory was released on parole. (*Id.* at ¶199). In 2012, Savory filed a motion for post-conviction DNA testing pursuant to 725 ILCS 5/116-3. (*Id.* at ¶200). The petition requested DNA testing on the knife, the hairs collected from the victims' hands, the fingernail scrapings, the vaginal swabs, the blue pants, and other evidentiary items. (*Id.* at ¶201). The petition was granted in August 2013. (*Id.* at ¶205). The cutting from the pants that was initially tested by Gonsowski was not preserved, so it could not be re-tested. (Doc. 325 at ¶136). The remainder of the pants did not indicate the presence of blood. (*Id.* at ¶135). Illinois State Police lab scientist Ann Yeagle was not able to locate the hairs and their disposition is unknown. (Doc. 294 at ¶210).

On December 22, 2014, Savory filed a Motion for a New Trial, contending that the DNA evidence would impact the jury's verdict. (*Id.* at ¶212). While the motion was pending, Illinois Governor Pat Quinn pardoned Savory. (*Id.* at ¶214). On May 4, 2016, Savory's Motion for a New Trial was denied. (*Id.* at ¶215).

## III.   DISCUSSION

In their Motions for Summary Judgment, Defendants argue they are entitled to summary judgment on Savory's remaining claims. In response, Savory confirmed he is withdrawing his Fourteenth Amendment coerced confession claim and all claims against Stenson, Timmes, and Marteness. (Doc. 325 at 2). Therefore, Defendants' Motion for Summary Judgment is GRANTED as to those Defendants and Count II.

### A. Standard

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A factual dispute is only material if its resolution might change the suit's outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court must construe facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Woodruff v. Mason*, 542 F.3d 545, 550 (7th Cir. 2008). Summary judgment is not appropriate if a reasonable jury could just as easily return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. "At summary judgment, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006) (internal quotations omitted).

### B. Analysis

Section 1983 holds government defendants liable where defendants "subject[ ] or cause[ ] to be subjected, any citizen ... or other person ... to the deprivation of any rights" guaranteed by federal law. 42 U.S.C. § 1983. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Qualified immunity balances two important interests: the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson*, 555 U.S. at 231. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.*, *citing Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting).

Because qualified immunity is an immunity from suit, rather than a mere defense, the court should resolve immunity questions "at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 231-32. To determine whether qualified immunity applies, courts consider two questions: (1) whether the defendants' actions violate the plaintiff's constitutional rights, and (2) whether the complained-of constitutional violation was "clearly established," such that a reasonable officer would have known his conduct was unlawful. *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was

unlawful in the situation." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). If a reasonable officer would not have been aware of the clearly unlawful nature of their actions, qualified immunity applies, and summary judgment is appropriate. *Saucier*, 533 U.S. at 202.

### C. Count I—Coerced and False Confession Claim

In Count I, Savory claimed his Fifth and Fourteenth Amendment Rights were violated when Defendants coerced his confession. To bring a successful Fifth Amendment coerced confession claim, Savory must show: (1) that his confession was improperly coerced, and (2) that his confession was used against him in a criminal case. *Chavez v. Martinez*, 538 U.S. 760, 770 (2003). The Fifth Amendment prohibits the use of coerced confessions at pre-trial hearings and trials. *Jackson v. Curry*, 888 F.3d 259, 265 (7th Cir. 2018).

For the purposes of summary judgment, Defendants concede there is evidence in the summary judgment record on which a reasonably jury could decide that Defendants violated Savory's Fifth Amendment rights when they extracted an involuntary confession from him. Instead, Defendant Officers and Bowers both argue they are entitled to qualified immunity because the law was not clearly established at the time of the violation. Separately, Defendant Bowers argues that he is entitled to summary judgment because Savory cannot demonstrate that he acted under color of state law.

#### 1. Qualified Immunity for Defendant Officers

Defendants argue there was no clearly established law at the time of the interview that would have given them notice that their tactics violated Savory's Fifth Amendment rights. Both parties agree that over the course of two days, Savory was questioned

Page 12 of 39

repeatedly by several officers, and he was told he could go home after he submitted to the polygraph test. He did not have his probation officer or father in the room with him during the questioning. He was given soda and a candy bar on the first day of questioning, and a hamburger on the second day. He was told to remove his clothes so that hair samples could be collected. The 31-hour interrogation occurred while Savory was 14 years old.

To assess whether a confession was coerced, courts consider the totality of circumstances and ask whether the criminal defendant's "will was overborne in such a way as to render his confession the product of coercion." *Arizona v. Fulminante*, 499 U.S. 279, 288 (1991). In 1967, a decade before Savory's interrogation, the Supreme Court "emphasized that admissions and confessions of juveniles require special caution" because certain tactics may overwhelm a juvenile, even if they might not have the same effect on an adult. *In re Gault*, 387 U.S. 1, 45 (1967). In qualified-immunity cases, the Supreme Court has repeatedly emphasized the importance of drawing inferences in favor of the nonmovant and to view the evidence at summary judgment in the light most favorable to Savory with respect to the central facts of the case. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014)

By 1977, the Supreme Court clearly established that prolonged interrogations may render a confession involuntary. *Blackburn v. Alabama*, 361 U.S. 199 (1960) ("A prolonged interrogation of an accused who is ignorant of his rights and who has been cut off from the moral support of friends and relatives is not infrequently an effective technique of terror."); *Payne v. Arkansas*, 356 U.S. 560, 563 (1958) (rejecting a confession that resulted

from approximately 36 hours of incommunicado detention without charging, from 11 a.m. on October 5 until the afternoon of October 7). Likewise, the deprivation of food for long stretches of time can be coercive. *Payne*, 356 U.S. at 563. The absence of a friendly adult in the room with Savory also added to the coercive conditions. *Gallegos v. Colorado*, 370 U.S. 49, 53-55 (1962); *Haley v. Ohio*, 332 U.S. 596, 601 (1948) (plurality opinion).

The state of the law in 1977 provided more than a "fair warning" to the Defendants that the tactics used to interrogate Savory were unlawful. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (explaining "[T]he salient question ... is whether the state of the law" at the time of an incident provided "fair warning" to the defendants "that their alleged [conduct] was unconstitutional.") The agreed facts alone provide a basis for this issue to be determined by a jury, so it is unnecessary to go through the disputed material facts surrounding the coercive nature of the confession. Therefore, Defendant Officers are not entitled to qualified immunity on this claim and their Motion is denied as to Count I.

## 2. Defendant Bowers

Defendant Bowers argues that Savory failed to establish that he acted under the color of state law. Bowers alternatively argues that he is entitled to qualified immunity because the tactics were not unconstitutional under clearly established law. "To state a claim for relief in an action brought under § 1983, [the plaintiff] must establish ... that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). In other words, Section 1983 does not permit suits based on private conduct, "no matter how discriminatory or wrongful." *Id.* at 50 (citation omitted). But a private citizen can act under color of law if there is "evidence of a

concerted effort between a state actor and that individual." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019), *citing Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).

The Seventh Circuit has set forth several tests to employ in evaluating whether an action taken by a private individual can be considered state action. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009). Those tests are: (1) the "symbiotic relationship" test, which is satisfied when private and public actors carry out a public function; (2) the state "command and encouragement" test, which is satisfied when the State requires the actions of the private actor; (3) the "joint participation" doctrine, which is satisfied when the private action is the same as the State action; and (4) the "public function" test, which is satisfied when private activity is fairly attributable to the State. *Id.* at 824. "All of the tests, despite their different names, operate in the same fashion: 'Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance.'" *Tarpley v. Keistler*, 188 F.3d 788, 791 (7th Cir. 1999).

The essential inquiry here is whether Savory has created a triable issue of fact concerning whether there is a close nexus between Bowers' actions and the State. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1517 (7th Cir. 1990). Viewing all the facts and drawing all inferences in favor of Savory, the Court finds a reasonable juror could find Bowers was acting under the color of state law. Bowers was previously employed by the PPD and he and Jenkins were considered the PPD's exclusive polygraph providers. Bowers and Jenkins were ordered by PPD to test and re-test Savory. Therefore, there is a

question of fact as to whether Bowers was acting under the color of state law. This question precludes summary judgment on this issue.

Further, Bowers is not entitled to qualified immunity. Assuming Bowers was acting under the color of state law, his tactics were clearly established as unconstitutional. Voluntariness is undermined by the use of coercion or intimidation of any kind. *See People v. Price*, 24 Ill.2d 46, 54 (1962). When a suspect confesses after his will has been overborne by either physical or mental compulsion, the confession is considered involuntary. *Id.*

Here, Bowers accused Savory of being a murderer, while raising his voice and getting close to Savory. After the test, Savory stood by a window and began to cry. Although he confessed after the polygraph examination, it is significant that he recanted the statements upon returning to the police station. These circumstances could lead a reasonable jury to find Savory's confession was coerced, and his will was overborne. Because these tactics were clearly established as unconstitutional, qualified immunity does not shield Bowers. Therefore, Bowers' Motion for Summary Judgment is denied.

### D. Count III—Unlawful Detention[6]

Defendants argue Savory's unlawful detention claim should be dismissed because probable cause existed to detain and prosecute him. The Fourth Amendment prohibits unreasonable searches and seizures and is effective against the states through the Fourteenth Amendment. U.S. Const. Amd. IV, XIV. A seizure, including pretrial detention, is reasonable only if based on probable cause to believe the detainee has

---

[6] Defendants also argue that Savory's malicious prosecution claim should be dismissed. However, this claim was already dismissed in the district court's ruling on their Second Motion to Dismiss. (Doc. 171 at 11). Therefore, Defendants' arguments will not be discussed.

committed a crime. *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 368 (2017). "[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity." *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010) (citations omitted). "Probable cause is assessed objectively" based on the information known to officers and the conclusions that might reasonably be drawn from that information. *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). Probable cause is evaluated based on what was known to officers on the date that the charges were filed against Savory. *Manuel*, 580 U.S. at 372.

On February 15, 1977, Savory was charged with first-degree murder under 720 ILCS 5/9-1(a)(2), which states, "[a] person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death: he or she knows that such acts create a strong probability of death or great bodily harm to that individual or another." The parties agree on several facts relevant to probable cause. The officers found a black nightstick and a metal pole at the crime scene. Earl Mabry told officers that they saw Robinson carrying the black nightstick the night before the murders while he was with Savory. Officers reviewed local news footage, which depicted Savory at the scene of the murders. This fact was also documented by Officer Perkins.

The overwhelming majority of the facts surrounding the arrest are disputed. For example, Defendants rely on several disputed facts, which include incriminating statements purportedly made by Savory., Defendants point to Ray Mason's statement that Savory told him that he was sad because some of his friends were killed. This statement was purportedly made before the bodies were discovered. Defendants also rely

on the statements made by the Ivy children on February 7, 1977, which Savory contends were fabricated. (*See* Doc. 325 at ¶155). In deciding whether Defendant Officers had probable cause, "we must give the non-moving party the benefit of conflicts in the evidence about what the officers actually knew at the time." *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013).

Geographic proximity does not rise to a reasonable belief that Savory committed the murders. *See United States v. Bohman*, 683 F.3d 861, 864 (7th Cir. 2012) ("A mere suspicion of illegal activity at a particular place is not enough to transfer that suspicion to anyone who leaves that property."); *United States v. Ingrao*, 897 F.2d 860, 866 (7th 1990) (finding no probable cause when defendant was arrested "principally because he carried a bag down a gangway previously used in a suspicious transaction and furtively looked around"). Additionally, simply because a witness saw Robinson carrying a black nightstick while he was with Savory does not indicate that the black nightstick was Savory's or that he had possession of it at any point on the day of the murders. The question of probable cause is a fact-intensive inquiry that courts cannot decide "if there is room for a difference of opinion concerning the facts or the reasonable inferences drawn from them." Therefore, based on the undisputed facts as well as the material disputed facts, a jury could easily conclude that the officers did not have probable cause to detain Savory.

Defendants alternatively argue that they are entitled to qualified immunity. Qualified immunity protects officers who reasonably, but mistakenly, conclude that probable cause exists. *Williams*, 733 F.3d at 758. This is often called "arguable probable

cause." *Id.* However, in cases involving probable cause, the Seventh Circuit has recognized that there is a "substantial, if not complete, overlap of the issue of immunity and the principal issue on the merits." *Maxwell v. City of Indianapolis*, 998 F.2d 431, 435 (7th Cir. 1993). Here, as previously addressed, the issue of whether there was arguable probable cause to arrest Savory is a question for the jury to decide based on the disputed material facts in the summary judgment record. Defendant's Motion for Summary Judgment is denied as to Count III.

### E. Count IV—Due Process

Defendants also move for summary judgment on limited portions of Savory's claim regarding his due process right to a fair trial. The Seventh Circuit has recognized that Section 1983 due process claims may be brought against police officers who withhold evidence that causes wrongful convictions. *Whitlock v. Brueggemann*, 682 F.3d 567, 572 (7th Cir. 2012). "[F]abricating, withholding, and suppressing material exculpatory and impeaching evidence is unconstitutional." *Id.* at 575. A conviction premised on fabricated evidence will be set aside if the evidence was material—that is, if there is a reasonable likelihood the evidence affected the judgment of the jury. *Patrick v. City of Chicago*, 974 F.3d 824, 834-35 (7th Cir. 2020). The critical difference between fabricated and suppressed evidence is that fabrication requires "a reasonable likelihood the evidence affected the judgment of the jury." *Id.* In contrast, suppressed evidence is absent during the trial, undermining the confidence of the verdict. *Strickler v. Greene*, 527 U.S. 263, 289-90 (1999).

When a plaintiff raises numerous viable due process claims, the materiality of the fabricated and suppressed evidence is considered together in the aggregate. *Goudy v.*

*Cummings*, 922 F.3d 834, 842-43 (7th Cir. 2019). Courts assess the cumulative effect of that evidence "in the context of the entire record." *Id.* at 842. Additionally, all defendants who have committed illegal acts are held liable for the aggregate impact on the outcome of the plaintiff's case. *Id.* at 843.

Savory argues Defendant Officers fabricated the following evidence against him: (1) his confession; (2) statements from the Ivys implicating Savory; and (3) forensic evidence connecting him to the crime. Savory also argues Defendants destroyed several pieces of exculpatory evidence including a piece of blue pants that had tested positive for blood and the hairs found in the victims' hands.

### 1. Waiver

Perfunctory and underdeveloped arguments, and arguments which are not supported by pertinent authority are deemed to be waived, even when those arguments raise constitutional issues. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). The Seventh Circuit has held that "a party may neither amend its pleadings by argument in opposition to summary judgment nor introduce new theories of liability in opposition to summary judgment." *Colbert v. City of Chicago*, 851 F.3d 649, 656 (7th Cir. 2017). Additionally, a party opposing summary judgment waives any argument not raised in his responding brief and arguments raised for the first time in a reply brief are deemed waived. *Laborers Int'l Union v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 2003); *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019).

Savory argues Defendants have waived or forfeited several arguments in response to the following theories: (1) Defendants suppressed evidence surrounding their

interrogation and Savory's confession; (2) Defendants fabricated the murder weapon; (3) Defendants suppressed evidence that alternate suspect William Douglas had threatened to kill Cooper and Robinson's mother and was considered the sole suspect in the murders; and (4) Defendants suppressed evidence of statements made by the Ivy children implicating Savory, including information which could have been used to impeach the Ivys. In response, Defendants contend that Savory raised new *Brady* claims. Defendants also argue that Savory improperly recast his *Brady* claims as fabrication claims, and *vice versa*. Therefore, Defendants argue that it was Savory who waived those recast claims.

In reviewing the Complaint and his responses to Defendants' interrogatories, Savory properly put Defendants on notice of most of his *Brady* claims. Savory pled facts alleging Defendants produced a series of fraudulent police reports relating to his confession. (Doc. 1 at ¶¶68-69). Savory specifically alerted Defendants to his claim of fabrication of the murder weapon in one of his interrogatory responses. (Def. Ex. 113 at 3). Savory clearly pled his theory that Defendants suppressed evidence of the circumstances surrounding the statements. (Doc. 1 at ¶¶59-61). These claims, therefore, are not waived by Savory.

In his Complaint, Savory specifically notes that the officers investigated Douglas. (Doc. 1 at ¶¶24-25). He also alleged that Defendants withheld evidence suggesting other suspects were involved in the crime, such as tips, leads, and information pointing to other suspects. (*Id.* at ¶67). Therefore, this claim was properly pled. Additionally, Defendants waived this issue by failing to address it in their Motion. *Berkowitz*, 927 F.2d at 1384. Further, this allegation does raise a viable due process claim, as information implicating

Page 21 of 39

an alternative suspect is material under *Brady*. *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 441–42 (1995) (undisclosed contradictory statements by a key witness that pointed to alternative suspect were material); *Goudy v. Cummings*, 922 F.3d 834, 842-43 (7th Cir. 2019) (videotape of lineup in which witnesses identified alternative suspect "alone [was] enough" for jury to find materiality).

Finally, as to Defendants' contention that Savory improperly recasts his *Brady* claims as fabrication claims, and *vice versa*, the Court agrees that such recasting is impermissible. *See Saunders-El v. Rohde*, 778 F.3d 556, 562 (7th Cir. 2015). Of the five claims cited to by Defendants, three are improperly recast. Specifically, Savory argues that Defendant Officers fabricated evidence of blood on the knife and sperm on the vaginal swabs. But because these pieces of evidence were not introduced at trial, they form the basis for a *Brady* suppression claim and cannot be recast as a fabrication claim. *See Id.* Savory also argued that Defendant Officers suppressed the coercive nature of his confession. However, because the confession was introduced at the 1977 trial, this claim is more appropriately categorized as fabrication claims. *Id.* Therefore, to the extent Savory improperly recategorizes these claims in order to assert waiver, this Court will limit its consideration of Savory's waiver arguments.

### 2. Statements Made by the Ivys

Savory argues that he was denied a fair trial in 1981 because Officers Teplitz, Cannon, and Buck did not disclose exculpatory and impeaching evidence surrounding the testimony of Ella, Tina, and Frank Ivy. Savory also argues that the statements were fabricated.

The use of perjured testimony "to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation." *Avery*, 847 F.3d at 439, *citing Mooney v. Holohan*, 294 U.S. 103, 112 (1935). To that end, the Seventh Circuit has distinguished between testimony that is coerced and testimony that is fabricated. *Petty v. City of Chicago*, 754 F.3d 416 (7th Cir. 2014). Coerced testimony is testimony that the witness is forced by improper means to give, and this testimony may be either true or false. *Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014). In contrast, fabricated testimony is made up, and it is invariably false. *Id.*

A claim that an officer coerced a witness to give incriminating evidence does not, standing alone, violate a plaintiff's due process rights because the statement may turn out to be true. *Avery*, 847 F.3d at 439. However, in the context of coerced statements, the Seventh Circuit has acknowledged there may be a due process violation if the government failed to disclose the coercive circumstances surrounding the witness's statements to officers. *Id.* at 443-44. Thus, the government is required under *Brady* to disclose any pressure tactics and inducements used to obtain the statements. *Id.*

The parties disagree as to several facts. The disputed facts involved allegations that the Ivys were not called during the first trial because their memories were unreliable. Additionally, the parties dispute whether officers threatened or induced the Ivys to make their statements. The disputed facts are material because if there were coercive circumstances surrounding the Ivys' statements to the officers, then the Government would be required under *Brady* to disclose those conditions. *Avery*, 847 F.3d at 443-44. Thus, Defendant's Moton for Summary Judgment is denied as to this claim.

Page 23 of 39

Savory also argues that the statements are fabricated. To succeed on this type of fabrication claim, Savory must show that the disputed testimony was (1) false, (2) knowingly manufactured by Defendants; and (3) material. *Coleman v. City of Peoria*, 925 F.3d 336, 344 (7th Cir. 2019). To prove the second element, Savory must demonstrate that Defendants caused the witnesses to provide them with statements that Defendants knew, with certainty, were false. *Id.* That is a "high bar to clear." *Id.* For example, in *Coleman*, the Seventh Circuit held that the plaintiff did not meet his burden of showing that defendants knowingly manufactured statements. *Id.* In that case, the plaintiff "highlighted a variety of arguments attacking the credibility of [the witness's] incriminating statement." *Id.* However, the plaintiff only relied on "speculation that defendants were knowingly fabricating evidence." *Id.* The Seventh Circuit found summary judgment in favor of the defendants was appropriate because the plaintiff "cannot save a claim based on coercive interrogation techniques" by relying on such speculation. *Id.*

Here, Savory points to facts that would undermine the reliability of the statements—such as the number of times the officers visited the Ivys and the incentives offered to the Ivys to convince them to make statements. However, these facts demonstrate that the statements were coerced, not fabricated. Savory only speculates that Defendants knowingly manufactured false statements. Savory cannot rely on the coercive techniques to establish that Defendants knowingly fabricated the statements. That evidence is not enough to meet the "high bar" required at this stage. Therefore, Defendant's Motion for Summary Judgment is granted as to this claim.

3. **Suppression of Lab Notes**

Page 24 of 39

Savory's last due process theory is that Defendants withheld or destroyed exculpatory or impeaching evidence. First, Savory contends that he could have used Jatkowski's and Ganda's notes to undermine Gonsowski's report and testimony as to the knife and the vaginal swabs.

Police officers must provide exculpatory and/or impeachment evidence to prosecuting attorneys for disclosure under *Brady*. *Coleman v. City of Peoria*, 925 F.3d 336, 349 (7th Cir. 2019). To succeed on a civil claim against a police officer for an alleged failure to disclose evidence, a plaintiff must prove: (1) the evidence at issue is favorable to his defense; (2) the officer concealed the evidence; and (3) the concealment prejudiced him. *Id.* Prejudice is demonstrated by proving the "materiality" of the withheld evidence by showing that there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." *Id.*

Savory argues that the lab notes would have undermined the finding that the knife tested positive for blood. At trial, Gonsowski testified that the testing of the knife indicated the presence of blood, but that he could not test it further due to insufficient sample quantity. He testified that he could not definitively say that blood was present. Jatkowski's notes state that the knife was "Neg. for blood" and, in different, unidentified handwriting, that there were "two spots slight reaction if blood was present." Ganda's notes indicate "knife… something… slight little… possible-general reaction."

Savory also argues that the notes would have demonstrated that Cooper was sexually assaulted. This would have undermined Savory's confession, which did not

mention sexual assault. At trial, Gonsowski did not testify about his results. His notes indicate that "[c]hemical testing of the swabs indicated the presence of seminal material," but a microscopic examination "did not reveal the presence of spermatozoa." Jatkowski's notes state, "Sperm—slight positive (poss false pos) 1st time neg 2nd pos (no sperm but pos seminal)." Ganda's notes state, "vaginal swabs—slight pos—her blood type only A… not a quick reaction feeling that it was there before attack."

Neither set of notes contradicts or undermines Gonsowski's findings. Both Jatkowski and Ganda's notes are consistent with Gonsowski's findings that (1) he could not definitively say that blood was present on the knife, and (2) that the vaginal swabs tested positive for seminal material, but did not indicate the presence of sperm. Therefore, it cannot be said that these notes are impeachment material because Plaintiff has not demonstrated that the result of the proceeding would have been different if they had been disclosed. Therefore, Defendant's Motion for Summary Judgment is granted as to this claim.

### 4.  Destruction of Lab Samples

The Government may violate the Fourteenth Amendment when it fails to preserve exculpatory evidence, if the plaintiff can show: (1) the missing evidence "possess[ed] an exculpatory value that was apparent before the evidence was destroyed," and (2) the plaintiff was "unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984). However, if the exculpatory value was not apparent when the government destroyed the evidence, the government's conduct violates the plaintiff's due process rights only if: (1) the evidence was potentially

useful for the defense, and (2) the government acted in bad faith when destroying it. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *Jones v. McCaughtry*, 965 F.2d 473, 477 (7th Cir. 1992).

Exculpatory evidence includes evidence which would be sufficient to create a reasonable probability that the criminal defendant did not commit the crime. *See, e.g., People v. Hobley*, 182 Ill. 2d 404, 435 (Ill. 1998) (holding that the report showing the absence of the defendant's fingerprints on the gasoline can introduced at his arson trial was exculpatory evidence). The Seventh Circuit has acknowledged that the "[d]eliberate destruction of evidence with potential or apparent exculpatory value can make it impossible for the accused to receive due process of law." *Armstrong v. Daily*, 786 F.3d 529, 552 (2015), *citing Trombetta*, 467 U.S. at 482-83. When potentially exculpatory evidence is destroyed, "the prejudice to the defense is permanent. Whatever unfairness results from the destruction will infect all future proceedings because the exculpatory evidence will continue to be unavailable." *Id.*

Savory argues that Fiers, Pinkney, and Jatkowski destroyed hair samples that were collected from the victims' hands. During post-conviction testing, Yeagle was not able to locate the hairs and their disposition is unknown. Savory argues that the hair sample would have been critical to proving that Savory did not commit the murders and they would have been useful in identifying the perpetrator.

Additionally, he argues that Cannon and Jatkowski improperly preserved a sample of the blue pants. During criminal proceedings, Gonsowski reported that the blue pants tested positive for blood. During post-conviction testing, the pair of pants did not

indicate the presence of blood and the cutting that was tested by Gonsowski was not preserved. Savory argues that if the sample from the pants had not been destroyed, he may have been able to show that Defendants fabricated the evidence against him.

The exculpatory value of the evidence was apparent before it was destroyed. As Gonsowski concluded, the hairs did not belong to Savory. The hairs could have pointed to another suspect--even before advances in modern technology could have been predicted by the officers. Therefore, the evidence had apparent exculpatory value before it was destroyed. *See Hobley*, 182 Ill.2d at 435. As for the blood sample, the potentially exculpatory value of DNA evidence is apparent, as it was used as a comparison to the victims' blood types. Therefore, law enforcement officials were on notice that their duty to preserve encompassed that evidence. *See Armstrong*, 786 F.3d at 549 (recognizing, "law enforcement officials were on notice long before 1980 that the duty to preserve was not limited to obviously exculpatory evidence"). Based on the nature of this evidence, a reasonable jury could find that Savory's due process rights were violated, so summary judgment is not proper.

### 5. Suppression of Detectives' Case File and Notes

Savory argues the Defendants suppressed a Detective's Unit File containing notes from their investigation. This file allegedly included Teplitz's notes from the interrogation that would have identified how often he backtracked from his confession and his statement that he should "jump out" the window. However, "a denial of Due Process cannot be premised on the defendant's mere conjecture that there might have been favorable evidence which was undisclosed. The existence of the evidence must be

established." *United States v. McPartlin*, 595 F.2d 1321, 1346 n.32 (7th Cir. 1979). Additionally, there is no evidence that Teplitz's notes would have been exculpatory or material to Savory, as he was present during the interrogation and knew about those facts. *Avery v. City of Milwaukee*, 847 F.3d 433, 443 (7th Cir. 2017). Therefore, Defendants are entitled to summary judgment on this claim, as it is based on speculation and immaterial.

### 6. False Confession

Defendants argue they are entitled to absolute immunity for their use of Savory's confession in the 1977 trial and that the claim is barred by collateral estoppel as it relates to the 1981 trial.

#### a. Absolute Immunity

Defendants argue they are entitled to absolute immunity because the statements the officers attributed to Savory were only introduced to the jury through the testimony of Officers Fiers, Pinkney, and Teplitz. Defendants further argue that fabricated evidence claims are only viable when the disputed evidence was admitted against a plaintiff, and because the evidence was only introduced through the Officers' testimony, the claim is not viable.

Defendants are correct in that witnesses enjoy absolute immunity from damages liability for their testimony at trial. *Jones v. York*, 34 F.4th 550, 563 (7th Cir. 2022), citing *Briscoe v. LaHue*, 460 U.S. 325 (1983). Savory does not dispute this principle. Instead, he argues that the Seventh Circuit in *Avery*, made clear that testimonial immunity does not

cloak pre-trial acts of evidence fabrication in immunity simply because those fabrications were later presented by way of oral testimony at trial.

In *Avery*, the Seventh Circuit rejected the detectives' claim that absolute immunity shields them from liability. *Avery*, 847 F.3d at 441. In that case, the detectives prepared reports falsely stating that Avery confessed to the murder. *Id.* at 436. During trial, the detectives testified about the plaintiff's "confession" and authenticated their false reports, which were later introduced into the trial record. *Id.* at 441. The Seventh Circuit noted that the due process violation was not complete until evidence of the false confession was introduced at the plaintiff's trial, resulting in his conviction and imprisonment for a murder he did not commit. *Id.* at 442. The Seventh Circuit held that the detectives could not purify fabricated evidence by invoking *Briscoe*'s absolute immunity rule. *Id.* at 443.

In its analysis, the Seventh Circuit acknowledged that falsified confessions and coerced confessions are treated differently when analyzing whether there has been a due process violation. *Id.* at 439. Falsified evidence "will always violate the defendant's right to due process." *Id.* However, coerced evidence "does not, at least standing alone, violate the wrongly convicted person's due process rights." *Id.*

Savory argues that Defendants are still liable because they "regurgitated the fabricated statements contained in their reports" through their testimony. However, unlike *Avery*, the statements contained in the reports were not wholly falsified—they were coerced. Although a coerced confession does not always give rise to a due process violation, when considering the record as a whole in this case, a jury could reasonably find that there was a due process violation in this case. *See Goudy v. Cummings*, 922 F.3d

Page 30 of 39

834, 843 (7th Cir. 2019) (instructing courts to look at the impact of due process claims "in the aggregate, rather than seriatim"). As discussed, Savory has several viable due process claims, which could each undermine the fairness of his trial. When considering this coerced confession claim along with the other viable due process claims, a jury could reasonably find Savory's due process rights were violated when his testimony was introduced during his 1977 trial. Therefore, this Court cannot find on the current summary judgment record that absolute immunity shields Defendant Officers from liability.

### b. Collateral Estoppel

On appeal, the Illinois Court of Appeals ruled that the admission of Savory's January 25 statements during the 1981 trial was an error. *People v. Savory* ("*Savory II*"), 105 Ill.App.3d 1023, 1030 (2d Dist. 1982). However, it held that the error was harmless beyond a reasonable doubt based on the strength of the Ivys' testimony. *Id.* Based on this ruling, Defendants now argue that Savory is precluded from arguing that the use of his fabricated confession during the 1981 trial violated his Fourteenth Amendment due process rights.

Illinois law determines the preclusive effect, if any, of a judgment rendered by an Illinois court. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1020 n.9 (7th Cir. 2006). The doctrine of collateral estoppel generally bars the relitigation of issues that were litigated fully and decided with finality in a previous proceeding. *Id.* at 1020. In Illinois, collateral estoppel is unavailable when "additional evidence" is discovered after the prior decision, or the party against whom preclusion is sought was unable to appeal the judgment in the

initial action. *Id.* However, "[e]ven if these threshold requirements are met, the doctrine of collateral estoppel should not be applied unless it is clear that no unfairness will result to the party that would be estopped from re-litigating the issue. *Goodwin v. Board of Tr. of Univ. of Ill.*, 442 F.3d 611, 621 (7th Cir. 2006).

As a threshold matter, Defendants argue that, for the purposes of collateral estoppel, Savory's 1981 conviction was not overturned when Savory was pardoned. It is well-established in Illinois that when a judgment is vacated, it ceases to have any preclusive effect. *Korczak v. Sedeman*, 427 F.3d 419, 422 (7th Cir. 2005). For example, in *Evans v. Katalinic*, 445 F.3d 953, 956 (7th Cir. 2006), the Seventh Circuit held that when the plaintiff "received a full innocence-based pardon from the governor of Illinois and… had his criminal record expunged," there was "little upon which preclusion could be based."

Unlike the plaintiff in *Katalinic*, Savory was issued a general pardon, not an innocence-based pardon. Nevertheless, Savory argues that the Seventh Circuit's ruling in *Savory v. Cannon* ("*Savory III*"), 947 F.3d 409 (7th Cir. 2020), indicates that the 1981 conviction is no longer intact for the purposes of collateral estoppel. In *Savory III*, the Seventh Circuit held that Savory's general pardon was a "favorable resolution of the criminal conviction… that would necessarily imply the invalidity of a conviction or sentence" for the purposes of *Heck. Savory III*, 947 F.3d at 418-20. The Seventh Circuit also noted that Defendants conceded that the pardon set aside Savory's conviction. *Id.* at 430. The Seventh Circuit found this significant, as it noted that "a blatant attempt to contradict what has already been admitted in formal briefing will not be allowed." *Id., citing Milwaukee Ctr. for Indep., Inc. v. Miwaukee Health Care, LLC*, 929 F.3d 489, 493-94 (7th Cir.

2019). The Court also instructed that Defendants waived the claim that the pardon was not indicative of Savory's innocence, and they would not be permitted to re-litigate that position on remand. *Id.* at 430. Based on the Seventh Circuit's ruling, Savory's claim is not precluded by the appellate court's decision in *Savory II*.

Moreover, even if collateral estoppel did apply, the application of the collateral estoppel doctrine under the facts of this case is fundamentally unfair. The appellate court's decision in *Savory II* was based on the strength of the Ivy children's testimony. If the jury finds that the statements made by them were fabricated, then the appellate court's holding would be undermined. Therefore, collateral estoppel does not prevent Savory from challenging the introduction of his statements in his 1981 trial. Defendant's Motion for Summary Judgment is denied as to this claim.

### F.  Count V—Failure to Intervene

In Count V, Savory claims that Supervisor Defendants Andrews, Dunlavey, Tiarks, Stenson, and Gerontes are liable based on their failure to intervene. To succeed on a failure to intervene claim, plaintiff must demonstrate that the defendants: (1) knew that a constitutional violation was committed, and (2) had a reasonable opportunity to prevent it. *Gill v. Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). To succeed on a claim for supervisor liability, the plaintiff must show that the supervisor was personally involved in the constitutional violation. *Id.* at 344. Supervisors are only liable under Section 1983 if there is evidence that they "facilitate[d] it, approve[d] it, condone[d] it, or turned a blind eye for fear of what they might see." *Backes v. Peoria Heights*, 662 F.3d 866, 870 (7th Cir. 2011).

Importantly, the Seventh Circuit has cautioned that because of the fact-intensive and context-specific nature, failure-to-intervene claims are rarely susceptible to resolution on summary judgment. *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) ("[T]his Court has made clear that the prongs of this analysis almost always implicate questions of fact for the jury."). "Whether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 478 (7th Cir. 1997).

For example, in *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012), the Seventh Circuit held that a claim for supervisor liability failed where the supervisor had "minimal involvement." In that case, the supervisor did "nothing more than reporting to the location and telling [the officer] to do his job." *Id.* The supervisor was also aware of the complaints that another defendant signed against the plaintiffs. The Seventh Circuit concluded that, under these facts, the supervisor had "little, if any, personal involvement." *Id.*

Savory did not respond to Defendants' argument that Officer Perkins is entitled to summary judgment, therefore that argument is waived. *Laborers Int'l Union*, 197 F.3d at 1197. Additionally, there is no evidence that Officer Perkins was a supervisor. His only involvement in the investigation was being the first to respond to the crime scene and writing a report stating that he observed Savory at the scene. Therefore, Officer Perkins is entitled to summary judgment.

Savory argues that Sgt. Gerontes is liable for his failure to intervene based on his authorship of a report indicating Douglas was the sole suspect and his involvement with Officer Jatkowski's notes. As addressed *supra*, Savory cannot demonstrate an underlying constitutional violation as to Jatkowski's notes. *See Gill*, 850 F.3d at 342. However, the due process claim relating to Douglas has not been dismissed, and a reasonable jury could find Sgt. Gerontes could have prevented the constitutional violations. Therefore, he is not entitled to summary judgment on this claim.

Savory argues that Superintendent Andrews initiated the task force, communicated with media, had knowledge of significant developments, and was present at PPD during Savory's interrogation. Defendants argue that reporting to the location and telling the other Defendants to do their job does not rise to the requisite level of personal involvement. *See Matthews*, 675 F.3d at 708. However, Superintendent Andrews played an active role in supervising the other officers and monitoring their investigations. Unlike the supervisor in *Matthews*, a reasonable jury could find that Superintendent Andrews had condoned, or at least turned a blind eye to, the alleged constitutional violations. Therefore, summary judgment is inappropriate as to the claim against him.

Savory contends that Lt. Dunlavey directed officers to investigate Savory, signed off on several reports relating to the investigation, and wrote the petitions alleging that Savory violated his probation by committing the murders. Defendants argue that there has been no evidence presented that she was either present for, apprised of, or had any knowledge that any officer acted improperly. Although Lt. Dunlavey signed the petition alleging a violation of Savory's probation, there is no indication that she had any

involvement or knowledge of the alleged constitutional violations, beyond directing officers to investigate Savory. There are no facts suggesting Lt. Dunlavey knew of and condoned, facilitated, or approved of any of the unconstitutional conduct. Therefore, summary judgment is appropriately granted in her favor.

Savory argues Sgt. Tiarks oversaw the investigation and received periodic updates about the interrogation. He also communicated with PPD Legal Advisor James Murphy and Officers Pinkney and Haynes on January 25 and signed off on Teplitz's report of her interrogation on January 26. He also advised the officers to give *Miranda* warnings to Savory on January 25. Unlike the supervisor in *Matthews*, there are sufficient facts suggesting Sgt. Tiarks was involved in the daily operations and decisions relating to the underlying constitutional violations. Therefore, there is a genuine issue of material fact that must be assessed by the jury and summary judgment is not appropriate as to the claim against Sgt. Tiarks.

### G. Conspiracy Claim

A conspiracy claim under Section 1983 requires the existence of an underlying constitutional violation. *Archer v. Chisholm*, 870 F.3d 603, 620 (7th Cir. 2017); *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016). "[T]o establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013). Because conspiracies are often carried out clandestinely, plaintiffs can use circumstantial evidence to establish

their existence. *Beaman v. Freesmeyer*, 776 F.3d 500, 511 (7th Cir. 2015). However, the evidence may not be mere speculation. *Id.* If the underlying constitutional claim fails, the corresponding conspiracy claim necessarily fails, as there is no independent cause of action for Section 1983 conspiracy. *Katz-Crank*, 843 F.3d at 650.

Savory argues that Defendants conspired to fabricate the Ivys' statements, with Bowers as to the coercive polygraph examination, and with Gonsowski on the forensic evidence. Savory also contends that Defendants forfeited any argument that summary judgment is inappropriate, as the issue was not raised in their Motion for Summary Judgment. Defendants argue that because Savory did not plead the Section 1983 conspiracy claim in a separate count, he should not be permitted to plead the claim on summary judgment. However, in his Complaint, Savory asserted numerous times that Defendants worked together to deprive him of his constitutional rights and specified when and how the defendants conspired to do so. This is sufficient to establish a claim of Section 1983 conspiracy. *See Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002).

Savory argues that a reasonable jury could find that there was an agreement among Defendants surrounding the false confession and the fabricated evidence because they worked together in a small group. Savory also argues that each Defendant, including Bowers, participated in efforts to obtain a coerced confession and fabricated or destroyed evidence against him. This is further reflected by the fact that Defendants, in groups of two or three, took turns interrogating Savory and communicated with each other regarding the status of the interrogation. Additionally, numerous officers visited the Ivys to gather their statements and handled the allegedly fabricated or destroyed evidence.

Page 37 of 39

These are acts that can be construed as being in furtherance of the alleged conspiracy. Simply stated, there are genuine issues of material fact surrounding the conspiracy claim that preclude summary judgment. Based on the Court's findings of disputed material facts relating to the Ivy's testimony, specifically as it relates to the coercive methods used by Defendants, a jury could reasonably find an agreement between Defendants on this issue.

### H. Indemnification Claim

Savory asserts an indemnification claim against the City of Peoria. He argues that because some of his claims survive summary judgment, so too should the indemnification claims against the City. Defendants have not argued that summary judgment is appropriate on this claim. Therefore, this claim survives summary judgment. *See Walker v. City of Chicago*, 596 F.Supp.3d 1064, 1076 (N.D. Ill. 2022) ("Because the [underlying] claim survives against the individual Defendants, the indemnification claim survives too.").

## IV.    CONCLUSION

Accordingly, Defendant Bower's Motion for Summary Judgment (Doc. 310) is DENIED. Defendant Officers' Motion for Summary Judgment (Doc. 294) is GRANTED as to the following claims and Defendants: (1) all claims against Defendants Stenson, Timmes, Marteness, Perkins, and Dulvaney; and (2) Count IV claims based on the suppression of the lab notes and detective file. Defendant Officers' Motion for Summary Judgement (Doc. 294) is DENIED as to the following claims and Defendants: (1) Count I; (2) Count II; (3) Count IV claims based on the use of the false confession in both trials, the

suppression of evidence implicating an alternative suspect, the destruction of forensic evidence, and the suppression of impeachment evidence surrounding the Ivys' statements; (4) Count V against Defendant Tiarks, Gerontes, and Andrews; (5) the conspiracy claims; and (6) the indemnification claim against the City.

ENTER: October 3, 2024

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE

E-FILED
Friday, 18 October, 2024  04:57:08 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT FOR THE
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNNIE LEE SAVORY, | ) | |
| | ) | Case No. 17-cv-00204 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Colleen R. Lawless |
| v. | ) | |
| | ) | Mag. Judge Jonathan E. Hawley |
| WILLIAM CANNON, as Special Representative | ) | |
| for the Estate of CHARLES CANNON, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## JOINT STATUS REPORT

The parties, through their counsel, respectfully submit the following Joint Status Report pursuant to the Court's October 4, 2024 Order:

1.      The District Court denied in part and granted in part Defendants' motion for summary judgment. ECF No. 340. The Court then instructed the parties to file a joint status report by October 18, 2024.

**Plaintiff's Position**

2.      Plaintiff's case was filed on January 11, 2017. ECF No. 1. This litigation will reach its eighth anniversary in less than three months. The case has already been appealed to the Seventh Circuit, where it was litigated through an en banc decision finding that Plaintiff's complaint was timely filed. *Savory v. Cannon,* 947 F,3d 409 (7th Cir. 2020). That appellate litigation lasted more than two years. Following remand, the case has been extensively litigated in this Court. It is Plaintiff's position that, summary judgment having been denied, the case should be scheduled for trial on the earliest available date. Plaintiff believes that eight to 10 trial days would be sufficient.

1

3.      Plaintiff understands that, as they set forth below, Defendants intend to file an interlocutory qualified immunity appeal. Plaintiff intends to move to certify that appeal as frivolous under the authority of *Apostol v. Gallion,* 870 F.2d 1335 (7th Cir. 1989) because Defendants' claim of qualified immunity requires resolution of disputes of material fact, as this Court has already decided. Certifying an appeal as frivolous (a term of art in this context) permits this Court to proceed to trial, and Plaintiff's position is that this case should proceed to trial in short order. Not only has the case been pending for close to eight years, but as Defendants readily acknowledge, their proposed appeal would not resolve all the claims in the case, even if Defendants were successful. A trial will have to occur no matter what.

4.      Plaintiff has no objection to Defendants' filing their motion to reconsider and has no objection to the Court setting a schedule if it wishes to consider additional motions as to summary judgment, but Plaintiff submits that Defendants have identified no good basis for reconsideration. Plaintiff's position is that any motion to reconsider should be briefed at the same time as pretrial motions.

**Defendants' Position**

5.      Defendants intend to file an interlocutory appeal to the Seventh Circuit from the District Court's denial of summary judgment over claims for which Defendants sought absolute and qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985) (permitting interlocutory appeal of denials of immunity at summary judgment). Specifically, Defendants sought absolute immunity from Plaintiff's claim concerning the introduction of Plaintiff's alleged fabricated confession at his criminal trials. And Defendants sought qualified immunity from Plaintiff's claims that Defendants coerced an involuntary confession from Plaintiff, suppressed evidence, destroyed evidence, and wrongfully detained Plaintiff. Defendants' have a

2

good faith basis to seek appellate review regarding their assertion of immunity defenses, and Plaintiff's contention that this is frivolous is premature and unwarranted.

6.      As a result of Defendants' intent to seek an interlocutory appeal, the Court cannot set a trial date, as it is divested of jurisdiction over proceeding with a trial on the merits. *Engel v. Buchanan*, No. 10 C 3288, 2011 WL 13151374, at *1 (N.D. Ill. June 8, 2011). And because of the pending appeal, Defendants are unable to determine how many days a trial would take until it is clear which of Plaintiff's claims survive.

7.      In addition, Defendants also intend to file a motion to reconsider portions of the Court's partial dismissal of Defendants' summary judgment motion over non-immunity issues pursuant to Federal Rule of Civil Procedure 54(b). To avoid delay, Defendants request that the Court set a briefing schedule on their motion to reconsider, consistent with the notion that jurisdiction over non-appealed issues remains vested in the District Court. *Est. of Carlock by Andreatta-Carlock v. Williamson*, No. 08-3075, 2014 WL 12738632, at *2 (C.D. Ill. Feb. 27, 2014).

8.      Of course, the Court in its discretion, may stay the entire case pending resolution of the appeal. *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000). Defendants, however, are not affirmatively seeking such a ruling. They defer to the Court's preference on the management of its docket.

Date: October 18, 2024                          Respectfully submitted,

/s/ Megan Pierce                                /s/ Kyle T. Christie
*One of the Attorneys for Plaintiff*            *One of the Attorneys for Defendants*

Jonathan I. Loevy                               James G. Sotos
Arthur R. Loevy                                 John J. Timbo
Steven E. Art                                   Kyle T. Christie
Locke E. Bowman , III                           Mark F. Smolens
Megan Pierce                                    THE SOTOS LAW FIRM, P.C.
LOEVY & LOEVY                                   141 W. Jackson Blvd., #1240A
311 N. Aberdeen St., 3rd Floor                  Chicago, IL 60604
Chicago, Illinois 60607                         (630) 735-3300
(312) 243-5900                                  kchristie@jsotoslaw.com
megan@loevy.com

Flint Taylor
Brad Thomson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
(773) 235-0070

## CERTIFICATE OF SERVICE

I, Megan Pierce, an attorney, hereby certify that I served the foregoing document on all parties of record via the Court's CM/ECF filing system on October 16, 2024.

/s/ Megan Pierce
*One of Plaintiff's Attorneys*

4

E-FILED
Monday, 28 October, 2024  03:46:37 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| JOHNNIE LEE SAVORY, | ) | |
| | ) | Case No. 23-CV-01184 |
| Plaintiff, | ) | |
| | ) | Judge Colleen R. Lawless |
| v. | ) | Mag. Judge Jonathan E. Hawley |
| | ) | |
| WILLIAM CANNON, as Special Representative | ) | |
| for the Estate of CHARLES CANNON, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that Defendant Officers Allen Andrews, Mary Ann
Dunlavey, John Fiers, Ed Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George
Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks, William Cannon, Sr. as special
representative for the Estate of Charles Cannon, Stefanie Tarr as special representative for the
Estates of Russell Buck, Peter Gerontes, and John Timmes, and Private Polygrapher Defendant
Ed Bowers (collectively, "Defendants"), by and through their attorneys, The Sotos Law Firm,
P.C., hereby appeal to the United States Court of Appeals for the Seventh Circuit from the
District Court's Order entered on September 30, 2024, and attendant Opinion entered on October
3, 2024. (Sept. 30, 2024 Text Order; Dkt. 340.)[1] Specifically, Defendants appeal the District
Court's denial of summary judgment on the aspect of Plaintiff's fabricated confession claim
concerning the introduction of Plaintiff's allegedly fabricated confession at Plaintiff's 1977
criminal trial, for which Defendants sought absolute immunity (Count IV), as well as the District

---

[1] The Court's Order denying in part and granting in part Defendants' Motion for Summary Judgment was
filed on September 30, 2024. (Sept. 30, 2024 Text Order.) This brief Text Order did not state which
claims and/or Defendants were awarded or denied summary judgment. Four days later, on October 3,
2024, the Court issued a formal written Opinion detailing its specific grants and denials of relief. (Dkt.
340.)

Court's denial of summary judgment on the following claims, for which Defendants sought

qualified immunity: coercion of an involuntary confession (Count I); suppression of evidence

(Count IV); destruction of evidence (Count IV); and wrongful detention (Count III).

Dated: October 28, 2024                      Respectfully submitted,

                                             /s/ James G. Sotos
                                             JAMES G. SOTOS, Attorney No. 6191975
                                             *One of the Attorneys for Defendants*

James G. Sotos
Thomas J. Sotos
John J. Timbo
Kyle T. Christie
Mark F. Smolens
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
jsotos@jsotoslaw.com

2

## **CERTIFICATE OF SERVICE**

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on Monday, October 28, 2024, I electronically filed the foregoing **Notice of Appeal** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

***Attorneys for Plaintiff:***
Jonathan I. Loevy
Arthur R. Loevy
Steven E. Art
Megan Pierce
Julia Rickert
Locke E. Bowman , III
Loevy & Loevy
311 N. Aberdeen
3rd FL
Chicago, IL 60607
(312)243-5900
jon@loevy.com
loevylaw@loevy.com
steve@loevy.com
megan@loevy.com
julia@loevy.com
locke@loevy.com

G. Flint Taylor , Jr.
Brad Thomson
People's Law Offices
1180 North Milwaukee Avenue
Chicago, IL 60622
(773) 235-0070
flint.taylor10@gmail.com
brad@peopleslawoffice.com

/s/ James G. Sotos
JAMES G. SOTOS, Attorney No. 6191975
*One of the Attorneys for Defendants*

3

E-FILED
Monday, 28 October, 2024 03:52:07 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| JOHNNIE LEE SAVORY, | ) | |
| | ) | Case No. 23-CV-01184 |
| Plaintiff, | ) | |
| | ) | Judge Colleen R. Lawless |
| v. | ) | Mag. Judge Jonathan E. Hawley |
| | ) | |
| WILLIAM CANNON, as Special Representative | ) | |
| for the Estate of CHARLES CANNON, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

### DOCKETING STATEMENT

Defendant Officers Allen Andrews, Mary Ann Dunlavey, John Fiers, Ed Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks, William Cannon, Sr. as special representative for the Estate of Charles Cannon, Stefanie Tarr as special representative for the Estates of Russell Buck, Peter Gerontes, and John Timmes, and Private Polygrapher Defendant Ed Bowers (collectively, "Defendants"), by and through their attorneys, The Sotos Law Firm, P.C., and pursuant to Rule 3(c) of the Circuit Rules of The United States Court of Appeals for the Seventh Circuit, submits the following docketing statement:

**District Court Jurisdiction**

1.      On January 11, 2017, Plaintiff Johnnie Lee Savory filed an eleven count Complaint against Defendants alleging that Defendants violated his constitutional rights and bringing six claims under both federal law pursuant to 42 U.S.C. § 1983 and five claims under Illinois state law. (Dkt. 1.) The district court had jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and over the state law claims pursuant to 28 U.S.C. § 1367.

**Prior Appellate Proceedings**

2.      On December 1, 2017, the District Court dismissed the entirety of Savory's Complaint with prejudice holding that Savory's claims were barred by the applicable statute of limitations. *Savory v. Cannon*, 338 F. Supp. 3d 860, 866 (N.D. Ill. 2017). Under caption number 17-3543, the Seventh Circuit reversed the District Court's dismissal of Savory's six claims under § 1983, specifically the coerced confession claim under the Fifth Amendment (Count I); fabricated confession claim under the Fourteenth Amendment (Count II), deprivation of liberty claim under the Fourth Amendment (Count III), violation of fair trial rights claim under the Fourteenth Amendment (Count IV), failure to intervene (Count V), and a claim against the City of Peoria for unlawful policies, practices, and customs under *Monell v. Dep't. of Social Services*, 436 U.S. 658 (1978). *Savory v. Cannon*, 947 F.3d 409, 412–13, 431 (7th Cir. 2020) (en banc). Savory conceded the dismissal of his five state law claims as time barred. *Id.* at 413.

**Appellate Court Jurisdiction**

3.      On January 2, 2024, Defendants moved for summary judgment. (Dkt. 294 Defs.' Mot. for Summary Judgment; Dkt. 310 Def. Bower's Mot. for Summary Judgment.) On February 26, 2024, Defendants filed a supplemental argument in support of summary judgment on Plaintiff's fabricated confession claim under Count II of his Complaint. (Dkt. 315.) Overall, Defendants moved for summary judgment on all of Savory's claims.

4.      On September 30, 2024, the district court issued an order granting in part and denying in part Defendants' summary judgment motions. (Sept. 30, 2024, Text Order.) On October 3, 2024, the district court issued a written opinion elaborating and clarifying this order. (Dkt. 340.) Specifically, the district court granted summary judgment for all claims against Defendants Stenson, Timmes, Marteness, Perkins, and Dunlavey, as well as the claims

2

concerning the fabrication of the testimonies of witnesses Frank, Tina, and Ella Ivy, and the alleged suppression of lab notes and a detective file. (*Id.* at 10, 24–26, 28–29, 34-36.) The district court denied summary judgment as to all other claims. (*See generally id.*)

5.       This denial included those claims for which Defendants sought qualified immunity, specifically Plaintiff's claims that Defendants coerced an involuntary confession from Plaintiff, suppressed evidence, destroyed evidence, and wrongfully detained Plaintiff. The district court also denied summary judgment on the aspect of Plaintiff's fabricated confession claim concerning the introduction of Plaintiff's allegedly fabricated confession at Plaintiff's 1977 criminal trial, for which Defendants sought absolute immunity. (*Id.*)

6.       It is the denial of those claims for which immunity was sought—coercion of an involuntary confession, suppression of evidence, destruction of evidence, wrongful detention, and fabricated confession—that Defendants appeal and over which the Court of Appeals' jurisdiction is secure pursuant to the collateral order doctrine, 28 U.S.C. § 1291, and Federal Rules of Appellate Procedure 3 and 4. A denial of qualified and/or absolute immunity is immediately appealable. *See Behrens v. Pelletier*, 516 U.S. 299, 306–07 (1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985) ("clearly establishes that an order rejecting the defense of qualified immunity at…the summary judgment stage is a 'final' judgment subject to immediate appeal"); *see also Novoselsky v. Brown*, 822 F.3d 342, 354 n.3 (7th Cir. 2016) (recognizing "jurisdiction" to review an "order denying absolute immunity…on interlocutory appeal" pursuant to *Forsyth*); *Leaf v. Shelnutt*, 400 F.3d 1070, 1078–79 (7th Cir. 2005) ("A plaintiff often seeks relief for a single incident on multiple theories of liability," and "[w]hen this occurs, the defendant does not lose his right to appeal the denial of qualified immunity as to one theory of liability even when he will be required to go to trial on another theory").

3

7.    For the claims on which Defendants sought qualified immunity, the appeal is squarely focused on the legal issue of whether analogous and controlling opinions would notify a reasonable officer in Defendants position that they violated Savory's well-established constitutional rights for the alleged misconduct that occurred in 1977 and/or 1981 when viewing the facts in Plaintiff's favor. *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (holding that interlocutory appeals reviewing the denial of qualified immunity are limited to pure legal issues). Similarly, for the claim that Defendant sought absolute immunity, the appeal is solely focused on whether absolute immunity applies to police officers' testimonies where no exhibits, such as allegedly fabricated police reports, are introduced as evidence through the officer's testimony or used to refresh the officer's memory—an issue currently pending before the Seventh Circuit in *Zambrano v. City of Joliet*, No. 24-1277.

8.    Defendants' Notice of Appeal has been filed concurrently with this Docketing Statement.

Dated: October 28, 2024                    Respectfully submitted,

                                           /s/ James G. Sotos
                                           JAMES G. SOTOS, Attorney No. 6191975
                                           *One of the Attorneys for Defendants*

James G. Sotos
John J. Timbo
Kyle T. Christie
Thomas J. Sotos
Mark F. Smolens
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
jsotos@jsotoslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on Monday, October 28, 2024, I electronically filed the foregoing **Docketing Statement** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

**<u>*Attorneys for Plaintiff:*</u>**
Jonathan I. Loevy
Arthur R. Loevy
Steven E. Art
Megan Pierce
Julia Rickert
Locke E. Bowman, III
Loevy & Loevy
311 N. Aberdeen
3rd FL
Chicago, IL 60607
(312)243-5900
jon@loevy.com
loevylaw@loevy.com
steve@loevy.com
megan@loevy.com
julia@loevy.com
locke@loevy.com

G. Flint Taylor, Jr.
Brad Thomson
People's Law Offices
1180 North Milwaukee Avenue
Chicago, IL 60622
(773) 235-0070
flint.taylor10@gmail.com
brad@peopleslawoffice.com

/s/ James G. Sotos
JAMES G. SOTOS, Attorney No. 6191975
*One of the Attorneys for Defendants*

5