No. 24-2947

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JOHNNIE LEE SAVORY  *Plaintiff-Appellee*,  v.  WILLIAM CANNON, SR., et al.  *Defendants-Appellants*. | Appeal from the United States District Court for the Central District of Illinois Peoria Division  1:23-CV-1184  Hon. Colleen R. Lawless, Presiding |

## DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE BRIEF FOR THE DEFENDANTS-APPELLANTS

Defendants-Appellants Allen Andrews, Ed Bowers, John Fiers, Ed Haynes, Walter Jatkowski, George Pinkney, Marcella Teplitz, Carl Tiarks, William Cannon, Sr. as special representative for the Estate of Charles Cannon (Deceased), and Stephanie Tarr as special representative for the Estates of Peter Gerontes (Deceased) and Russell Buck (Deceased), by and through their attorneys, The Sotos Law Firm, P.C., and in accordance with Federal Rule of Appellate Procedure 26 and Circuit Rule 26, hereby move for an order extending the time in which Defendants-Appellants have to file their Appellant Brief until 30 days after the lower court rules on Plaintiff-Appellee's Motion to Certify Defendants-Appellants' Appeal as Frivolous. In support thereof, Defendants-Appellants state:

1. On October 3, 2024, the lower court issued an opinion granting in part and denying in part Defendants-Appellants' motion for summary judgment, which ruling included denying Defendants' requests for qualified and absolute immunity on certain of Plaintiff's claims. (R. 340.)

2. Because immunity was denied, Defendants are presumptively entitled to file an interlocutory appeal on the immunity questions. *Gutierrez v. Kermon*, 722 F.3d 1003, 1009 (7th Cir. 2013) (interlocutory qualified immunity appeal is appropriate even though the defendant will be required to go to trial on other claims, for the 'right to immunity is a right to immunity from certain claims, not from litigation in general'") (quoting *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996)).

3. Currently, Defendants' opening appellate brief is due on January 15, 2025.

4. However, as is his right pursuant to *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), Plaintiff on November 12, 2024, moved the lower court to certify Defendants' appeal as frivolous—a term of art that essentially means an appeal lacks a legal basis to resolve at an interlocutory stage. (R. 346.)

5. On December 10, 2024, Defendants responded. (R. 348.)

6. The motion for frivolity remains pending with the lower court. Should the lower court grant the motion, in full or in part, Defendants will be precluded from immediately appealing the full of the immunity issues absent a stay of such ruling from this Court. *Chan v. Wodnicki*, 67 F.3d 137, 139 (7th Cir. 1995). In other words, it is not yet

clear what issues Defendants are permitted to appeal at this stage, since the lower court has not yet ruled on the motion—and this Court has not yet weighed in on that prospective ruling, which Defendants may request in the event the lower court grants the motion in part or in full.

7. All of which to say, the appellate terrain remains uncertain. Defendants are not entirely sure that they are even *allowed* to file their Appellant Brief while the lower court retains jurisdiction over the still-pending frivolity motion. It does not appear, from Defendants' research, that the issue has ever been specifically litigated.

8. Regardless, the parties have agreed that the prudent course is to extend Defendants' deadline to file their appellate brief until such time as the lower court rules on the frivolity motion. Specifically, Defendants requests that the Court order Defendants to file their brief thirty days after the lower court rules on the motion.

9. This is Defendants' first request for an extension, it is not made for the purpose of delay, and it will not prejudice any party, especially considering Plaintiff has already moved to quash the full of this appeal.

10. On January 9, 2025, Defendants-Appellants' counsel reached out to Plaintiff- Appellee's counsel via email, and the parties agreed to the requested approach to extension. As part of that agreement and to ensure no undue delay in the proceedings, Defendants have agreed that should the lower court grant Plaintiff's

3

frivolity motion, Defendants must file their stay motion, if any, in this Court within 7 days of the lower court's ruling.

11. Accordingly, in light of the unique circumstances involving the pending frivolity motion, Defendants-Appellants request an agreed extension of time of 30 days after the lower court rules on that motion to file their appellate brief.

WHEREFORE, for the above stated reasons, Defendants-Appellants pray for an extension of time in which to file their opening Appellant Brief of 30 days after the date on which the lower court rules on Plaintiff's pending motion to certify this appeal as frivolous.

Date: January 9, 2025

Respectfully submitted,

/s/ James G. Sotos
JAMES G. SOTOS, Atty No. 6191975
*One of the Attorneys for Defendants-Appellants*

James G. Sotos
Thomas J. Sotos
John J. Timbo
Kyle T. Christie
Mark F. Smolens
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
jsotos@jsotoslaw.com

☑ **CERTIFICATE OF SERVICE**
**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on ___January 9, 2025___, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ James G. Sotos

☐ **CERTIFICATE OF SERVICE**
**Certificate of Service When Not All Case Participants Are CM/ECF Participants**

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

| counsel / party: | address: |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

s/_____